UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SOUTHERN SNOW MANUFACTURING CO., INC. | * * * | CIVIL ACTION |
| | * | CASE NO. 06-9170 |
| vs. | * * | SECT. "A" |
| SNOWIZARD HOLDINGS, INC., SNOWIZARD INCORPORATED, | * * | JUDGE ZAINEY |
| SNOWIZARD EXTRACTS, INC., and SNOWIZARD SUPPLIES, INC. | * * * | MAG. DIV. 1 MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF
SNOWIZARD'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST HANOVER INSURANCE COMPANY
AND IN OPPOSITION TO HANOVER'S MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Defendants, plaintiffs-in-counterclaim, and third-party plaintiffs SnoWizard Holdings, Inc., SnoWizard Incorporated, SnoWizard Extracts, Inc., SnoWizard Supplies, Inc., and real party in interest SnoWizard, Inc. (collectively "SnoWizard"), through undersigned counsel, respectfully submit this memorandum in support of their motion for partial summary judgment filed herewith against third-party defendant Hanover Insurance Company, SnoWizard's insurer under a commercial general liability insurance policy (Rec. Doc. 46-2 - 46-5), on the issue of Hanover's duty to defend SnoWizard against the alleged claims of plaintiff and defendant-in-counterclaim Southern Snow Manufacturing Company, Inc. against SnoWizard in the main demand (reserving for trial the issues of costs of defense, bad faith, and coverage), and also in opposition to Hanover's motion for summary judgment against SnoWizard (Rec. Doc. 56).

As shown herein, there exists no genuine issue of material fact that Southern Snow's petitions against SnoWizard (Rec. Doc. 1) do not unambiguously exclude coverage under the Hanover policy (Rec. Doc. 46-2 - 46-5), and therefore SnoWizard is entitled to judgment as a matter of law declaring Hanover owes SnoWizard a defense against Southern Snow's claims in the main demand as alleged and prayed in part in SnoWizard's third-party complaint against Hanover (Rec. Doc. 43). For the same reason, Hanover's motion for summary judgment on the issues of its duty to defend SnoWizard and its liability to SnoWizard for costs of defense and bad faith should be denied, while Hanover's motion for summary judgment on the issue of coverage should be denied because there remain genuine issues of material fact as to whether the Hanover policy covers Southern Snow's claims against SnoWizard.

## I.  Facts

On March 2, 2006, Southern Snow filed a petition in state court against SnoWizard in this matter seeking damages because of alleged unfair trade practices arising under state law (Rec. Doc. 1, Ex. A). On September 29, 2006, Southern Snow filed a supplementing and amending petition in state court against SnoWizard seeking damages because of alleged unfair trade practices, alleged personal and advertising injury, and alleged negligence arising under state law, as well as damages because of alleged false trademark registration arising under federal law (Rec. Doc. 1, Ex. B). Specifically, in Southern Snow's supplementing and amending petition, Southern Snow alleged in pertinent part:

6.

Defendant SnoWizard presently makes false claims of having a trademark in the word SNOBALL, such false claims being derogatory to plaintiff Southern Snow's business and reputation, and damaging to plaintiff.  Defendant knows that such claims are false because of its knowledge of expirations, revocations, and refusals to register the trademark.  Defendant's false claims of trademark are made in its current advertising, product literature, and on is website.

6a.

Plaintiff suffered and is suffering damages as a result of defendant's false claims of trademark in SNOBALL and is entitled to recovery under Louisiana Civil Code Article 2315 and under the Louisiana Unfair Trade Practices Act, R.S. 51:1405, *et seq.*

7.

Defendant SnoWizard presently makes false claims of having invented the snoball or snowball shaved ice confection, such false claims being derogatory to plaintiff Southern Snow's business and reputation, and damaging to plaintiff. Defendant knows, or should know, that snowballs have been a popular confection since long before the establishment of its business, and that machinery for shaving ice to make snowballs has been developed and sold since long before the establishment of its business.

7a.

Plaintiff suffered and is suffering damages as a result of defendant's false claims of having invented the snowball or snowball and is entitled to recovery under Louisiana Civil Code Article 2315 and under the Louisiana Unfair Trade Practices Act, R.S. 51:1405, *et seq.*

8.

Defendant SnoWizard presently makes false claims of having originated several flavors for snowballs, such false claims being derogatory to plaintiff Southern Snow's business and reputation, and damaging to plaintiff.  Defendant knows that these several flavors were offered and sold by other suppliers before the defendant began offering and selling the flavors.  Among the flavors falsely claimed as having been originated by defendant are Wedding Cake, Pink Champagne, Mango, Tiger's Blood, Egg Custard, Silver Fox, Wild Cherry, and Wild Strawberry.

8a.

      Plaintiff suffered and is suffering damages as a result of defendant's false claims of having originated several flavors for snowballs and is entitled to recovery under Louisiana Civil Code Article 2315 and under the Louisiana Unfair Trade Practices Act, R.S. 51:1405, *et seq.*

(Rec. Doc. 1, Ex. B).

At all pertinent times, Hanover insured SnoWizard under a policy of commercial general liability insurance bearing Policy Number ZHO 6287162 04 (certified copy at Rec. Doc. 46-2 - 46-5), including but not limited to the periods from February 8, 2004 to February 8, 2005 (Rec. Doc. 56-3, p. 2, ¶ 6), February 8, 2005 to February 8, 2006 (Rec. Doc. 46-2, p. 3), February 8, 2006 to May 12, 2006 (attached Ex. A), and May 12, 2006 to May 12, 2007 (attached Ex. B).  The Hanover policy provides coverage to SnoWizard for personal and advertising injury liability in the amount of one million ($1,000,000) dollars for each occurrence and two million ($2,000,000) dollars in the aggregate (Rec. Doc. 46-2, p. 42).  The policy's personal and advertising injury liability insuring agreement (Rec. Doc. 46-5, p. 7), as amended by a "Louisiana Changes - Insuring Agreement" endorsement (Rec. Doc. 46-5, p. 21), provides in pertinent part:

    1.    Insuring Agreement

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and "advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. . . .

The policy defines "Personal and advertising injury" in pertinent part as follows:

    14.    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

        . . .

>    d.   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

(Rec. Doc. 46-5, p. 16).

Upon receipt of the supplementing and amending petition, SnoWizard tendered its defense against Southern Snow's suit to Hanover pursuant to the Hanover policy (Rec. Doc. 56-3, p. 2) and removed the suit to this Court (Rec. Doc. 1). Thereafter, Hanover denied SnoWizard's claims for coverage and a defense (Rec. Doc. 56-3, p. 2), and SnoWizard filed its third-party demand herein against Hanover seeking a declaratory judgment that Hanover owes SnoWizard a defense and coverage, damages for breach of contract, and damages, penalties, and attorney fees for bad faith claims adjusting (Rec. Doc. 43).

## II. Law and Argument

In Louisiana, a liability insurer's duty to defend suits against its insured is broader than its duty to indemnify the insured. *Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 290 (5th Cir. 2001); *Yount v. Maisano,* 627 So.2d 148, 153 (La.1993); *American Home Assurance Co. v. Czarniecki,* 255 La. 251, 230 So.2d 253, 259 (1969). The federal Fifth Circuit has summarized the applicable legal standard as follows:

> Under Louisiana law, an insurer has a duty to defend its insured unless the allegations in the complaint unambiguously exclude coverage. *Meloy v. Conoco, Inc.,* 504 So.2d 833, 838 (La.1987) (citing *American Home Assurance Co. v. Czarniecki,* 255 La. 251, 230 So.2d 253 (1969)); *Jensen v. Snellings,* 841 F.2d 600, 612 (5th Cir.1988) (applying Louisiana law). Coverage is determined by comparing the allegations in the complaint with the terms of the policy, and the court is to look only at the face of the complaint and the insurance contract in reaching this determination. *Jensen v. Snellings,* 841 F.2d at 612; *Scarborough v. Northern Assurance Co. of America,* 718 F.2d 130, 134 (5th Cir.1983) (applying Louisiana law). The insurer has a duty to defend its insured if the complaint discloses the

possibility of liability under the policy. *Meloy v. Conoco,* 504 So.2d at 839. Thus, if the complaint alleges a single claim against the insured that is covered by the policy, the insurer must defend the entire lawsuit, even those claims clearly excluded from coverage. *Montgomery Elevator Co. v. Building Engineering Services Co., Inc.,* 730 F.2d 377, 382 (5th Cir.1984) (applying Louisiana law).

*Alert Centre, Inc. v. Alarm Protection Serv., Inc.*, 967 F.2d 161, 163 (5th Cir. 1992).

"Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit." *Czarniecki*, 255 So.2d 259. Additionally, the allegations of the petition must be liberally interpreted in determining whether any claim falls within the scope of the insurer's duty to defend, *Hardy,* 236 F.3d at 290; *Yount,* 627 So.2d at 153 993); *Czarniecki,* 230 So.2d at 259, and ambiguous provisions in insurance policies are strictly construed against the insurer in favor of coverage to the insured. *Hardy*, 236 F.3d at 287; *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.,* 630 So.2d 759, 764 (La. 1994).

Here, the allegations in at least paragraphs 6 through 8a of Southern Snow's petitions (Rec. Doc. 1, Ex. A-B) disclose "the possibility of liability" to the plaintiff and do not "unambiguously exclude coverage" under the Hanover policy. *Alert Centre*, 967 F.2d at 163. The policy covers "injury . . . arising out of . . . d. Oral or written publication, in any manner, of material that . . . disparages a person's or organization's goods, products or services" (Rec. Doc. 46-5, p. 16). In paragraphs 6 through 8a of the petitions, Southern Snow alleges that it "suffered and is suffering damages" (i.e., "injury") (¶¶ 6a, 7a, 8a) arising out of SnoWizard's alleged "false claims of having a trademark in the word SNOBALL" (¶ 6), alleged "false claims of having invented the snoball or snowball shaved ice confection" (¶ 7), and alleged "false claims of having originated several flavors for snoballs" (¶ 8) (i.e., "material"), each of which alleged false claims is allegedly "derogatory to

plaintiff Southern Snow's business and reputation, and damaging to plaintiff" (i.e., "disparages a person's or organization's goods, products or services") (¶¶ 6, 7, 8), and further that the alleged false claims "are made in its current advertising, product literature, and on its website" (i.e., "Oral or written publication, in any manner") (¶ 6).  As each of these alleged claims discloses "the possibility of liability" to Southern Snow "under Louisiana Civil Code Article 2315 and under the Louisiana Unfair Trade Practices Act, R.S. 51:1405, *et seq.*" (¶¶ 6a, 7a, 8a), and none of them are "unambiguously exclude[d]" from coverage under the policy, there exists no genuine issue of material fact that Hanover owes SnoWizard a defense of "the entire lawsuit, even those claims clearly excluded from coverage."  *Id.*

Additionally, consistent with Hanover's broad duty to defend its insureds under Louisiana law, the "Louisiana Changes - Insuring Agreement" endorsement to the Hanover policy insuring SnoWizard (Rec. Doc. 46-5, p. 21) omits the following sentence contained in the Commercial General Liability Coverage Form:  "However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply" (Rec. Doc. 46-5, p. 7).  In other words, by the very terms of the policy as thus amended, Hanover has a duty to defend SnoWizard *even* against a suit seeking damages for personal and advertising injury to which the insurance does not apply.  Otherwise, the omission of the quoted sentence would serve no purpose, and if the omission creates any ambiguity regarding Hanover's obligation to defend SnoWizard against Southern Snow's suit, such ambiguity must be strictly construed against Hanover and in favor of SnoWizard.  *Hardy*, 236 F.3d at 287; *Interstate Fire*, 630 So.2d at 764.  For this reason as well, there exists no genuine issue of material fact that Hanover owes SnoWizard a defense of Southern Snow's suit seeking damages for alleged personal and advertising injuries.

In support of its motion for summary judgment, Hanover argues that paragraphs 6 through 8a of Southern Snow's petitions do not "allege the publication of any material which refers to, libels or slanders Southern Snow, or disparages its products or which falls within any definition of 'Personal and Advertising Injury'" (Rec. Doc. 56-2). On the contrary, as already shown, the petitions expressly allege each of SnoWizard's alleged false claims is allegedly "derogatory to plaintiff Southern Snow's business and reputation, and damaging to plaintiff" (i.e., "disparages a person's or organization's goods, products or services") (¶¶ 6, 7, 8), and further that the alleged false claims "are made in its current advertising, product literature, and on its website" (i.e., "Oral or written publication, in any manner") (¶ 6), all within the meaning of the term "Personal and advertising injury" as defined in the policy (Rec. Doc. 46-5, p. 16).

In *Rio Rouge Development Corp. v. Security First National Bank*, 610 So.2d 172, 176 (La. App. 3d Cir. 1992), the Court rejected arguments similar to Hanover's arguments in this case as follows:

> In the present case, although the allegations of plaintiffs' petition are inartfully drawn and broadly stated, we find that the petition alleges sufficient facts which may constitute a claim for defamation. Security allegedly made derogatory statements to third persons which called into question plaintiffs' financial reputation.
>
> National and Northern argue that the derogatory statements were not detailed and no allegation is made that they were false. We are well aware that in order to establish a case of defamation, these two elements have to be proven. However, for purposes of our analysis of the insurers' duty to defend, the absence of these elements of the cause of action do not defeat our conclusion that the allegations state, at least rudimentarily, a claim which may be covered by the contract of insurance. Simply stated, in interpreting the allegations liberally, we find they set forth grounds which bring the claim within the scope of the insurer's duty to defend.

(Citation omitted).

Similarly, in *Federal Insurance Co. v. St Paul Fire and Marine Insurance Co.*, 93 1099 (La. App. 1 Cir. 6/24/94), 638 So.2d 1132, 1135, the Court stated:

> The absence of detailed times, dates, and places in the petition does not defeat our conclusion that the allegations state, at least rudimentarily, a claim which may be covered by the insurance contract. *Rio Rouge Dev. Corp. v. Security First Nat'l Bank,* 610 So.2d 172, 176 (La.App. 3d Cir.1992).
>
> The allegations set forth grounds which bring the claim within the scope of an insurer's duty to defend. In reaching this conclusion, we re-emphasize that the insurer is relieved of its duty to defend only when the allegations of the petition unambiguously **exclude** coverage. In this case, the allegations are ambiguous, as evidenced by the need to clarify them later in the pretrial order. The fact that the allegations of the petition **could** be clarified to unambiguously **include** coverage also shows the original petition did not **unambiguously exclude** coverage.

(Emphasis in original).

In this case as in *Rio Rouge* and *Federal*, *supra*, the allegations of Southern Snow's petitions may be broadly stated, lacking in details, and ambiguous, but they disclose, at least rudimentarily, at least a possibility of liability for damages "under Louisiana Civil Code Article 2315 and under the Louisiana Unfair Trade Practices Act, R.S. 51:1405, *et seq.*" (Rec. Doc. 1, Ex. B, ¶¶ 6a, 7a, 8a) arising out of SnoWizard's alleged publication of material which is allegedly "derogatory to plaintiff Southern Snow's business and reputation" (¶¶ 6, 7, 8), which claims may be covered under the personal and advertising injury provision of the Hanover policy (Rec. Doc. 46-5). *Cf. Hardy*, 236 F.3d at 292 n.5 (distinguishing *Federal* and *Rio Rouge*, *supra*, because "in those cases, the plaintiff's petition contained specific allegations of 'false statements and innuendos [made] maliciously and with total disregard for the truth or falsity of said statements' (*Federal,* 638 So.2d at 1134) or 'derogatory remarks' (*Rio Rouge,* 610 So.2d at 175)").

Hanover also argues that Southern Snow's claims are excluded from coverage under the "Material Published With Knowledge of Falsity" exclusion, which provides that "This insurance does not apply to: . . . . 'Personal and advertising injury' arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity" (Rec. Doc. 46-5, p. 8). Again, however, the allegations of Southern Snow's petitions are ambiguous as to what SnoWizard allegedly knows, and in no case is it clear from the petitions that SnoWizard had actual knowledge of the falsity of any of its alleged "false claims" (Rec. Doc. 1, Ex. A-B). As "Any ambiguity in an exclusion should be narrowly construed in favor of coverage," *Yount v. Maisano*, 627 So.2d 148, 151 (La. 1993), the "Knowledge of Falsity" exclusion, which does not expressly extend to constructive knowledge, should be narrowly construed to exclude coverage only of acts done with actual knowledge or actual malice. *Cf. Finnie v. LeBlanc*, 2003-0457 (La. App. 3 Cir. 10/1/03), 856 So.2d 208, 214 ("In examining these definitions, we conclude that, for purposes of this exclusion, the terms with 'knowledge of its falsity' does not apply to the 'reckless disregard' element present in both malicious prosecution and defamation claims"); *Williamson v. Historic Hurstville Ass'n*, 556 So.2d 103, 108 (La. App. 4th Cir. 1990) (" Since defamation can be accomplished by negligent acts, the policy's exclusionary clause does not preclude Ms. Burkhardt's coverage for the acts alleged in plaintiff's petition").

In paragraph 6 regarding SnoWizard's alleged "false claims of having a trademark in the word SNOBALL," Southern Snow makes only a conclusory allegation that SnoWizard "knows that such claims are false *because of its knowledge of expirations, revocations, and refusals to register the trademark*" (emphasis added). But expirations, revocations, or refusals to register a trademark do not necessarily render a trademark nonexistent, and knowledge of such matters does not equate

with actual knowledge that claims of having the trademark are false. *See Bobby and Ray Williams Partnership, L.L.P. v. Shreveport La. Hayride Co., L.L.C.*, 38,866 (La. App. 2 Cir. 9/22/04), 882 So.2d 676, 681-82) ("[T]he mere registration of a trademark confers only procedural rights; registration does not confer or create substantive ownership rights in the mark"). Likewise, in paragraphs 7 and 8 regarding SnoWizard's alleged "false claims of having invented the snoball or snowball shaved ice confection" (¶ 7) and alleged "false claims of having originated several flavors for snowballs" (¶ 8), Southern Snow nowhere alleges that SnoWizard made such claims with actual knowledge of their falsity, but only that SnoWizard "knows, *or should know*, that snowballs have been a popular confection since long before the establishment of its business, and that machinery for shaving ice to make snowballs has been developed and sold since long before the establishment of its business" (¶ 7) (emphasis added), and "knows that these several flavors were offered and sold by other suppliers before the defendant began offering and selling the flavors" (¶ 8). Again, alleged knowledge of such matters does not equate with actual knowledge that the respective alleged claims are false.

Furthermore, in connection with Hanover's reliance on an exclusion in the policy to avoid its duty to defend SnoWizard against Southern Snow's suit, SnoWizard must again point out that the "Louisiana Changes - Insuring Agreement" endorsement to the Hanover policy insuring SnoWizard (Rec. Doc. 46-5, p. 21) omits the following sentence contained in the Commercial General Liability Coverage Form: "However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' *to which this insurance does not apply*" (Rec. Doc. 46-5, p. 7) (emphasis added). The omitted language referring to suits seeking damages for personal and advertising injury "to which this insurance does not apply" exactly mirrors the

prefatory language of the policy exclusions, "*This insurance does not apply to: . . .*" (Rec. Doc. 46-5, p. 8) (emphasis added). Thus, under the policy as thus amended, the exclusions should not even be considered in determining whether Hanover has a duty to defend SnoWizard against Southern Snow's suit seeking damages because of alleged personal and advertising injuries; rather, once it is shown that Southern Snow's suit seeks damages because of alleged personal and advertising injuries as shown above, then without more Hanover owes SnoWizard a defense against Southern Snow's suit.

In sum, there exists no genuine issue of material fact that Southern Snow's petitions against SnoWizard (Rec. Doc. 1) do not unambiguously exclude coverage under the Hanover policy (Rec. Doc. 46-2 - 46-5). Accordingly, SnoWizard is entitled to judgment as a matter of law declaring Hanover owes SnoWizard a defense against Southern Snow's suit (reserving for trial the issues of costs of defense, bad faith, and coverage), while Hanover's motion for summary judgment on the issue of its duty to defend SnoWizard should be denied for the same reason. At the same time, Hanover's motion for summary judgment on the issues of its liability to SnoWizard for costs of defense and bad faith, and on the issue of whether Southern Snow's claims against SnoWizard are in fact covered under the Hanover policy, should be denied for the reasons stated herein and also because Hanover simply has failed to produce any evidence establishing the absence of genuine issues of material fact as to those issues.

### III.  Conclusion

For the foregoing reasons, SnoWizard respectfully prays that the Court grant its motion for partial summary judgment and deny Hanover's motion for summary judgment.

**RESPECTFULLY SUBMITTED,**

/s Jack E. Morris

**JACK E. MORRIS (Bar No. 22539) (T.A.)**
**ATTORNEY AT LAW**
**4051 VETERANS BOULEVARD**
**SUITE 208**
**METAIRIE, LOUISIANA  70002**
**TELEPHONE:  (504) 454-2769**
**FACSIMILE:  (504) 454-3855**
**EMAIL: jem@jemorrislaw.com**

*ATTORNEY FOR SNOWIZARD HOLDINGS, INC., SNOWIZARD INCORPORATED, SNOWIZARD EXTRACTS, INC., SNOWIZARD SUPPLIES, INC., AND REAL PARTY IN INTEREST SNOWIZARD, INC.*

### CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2007 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Mark Edw. Andrews | mea@mealaw.com, mea@remea.com |
| Ernest L. O'Bannon | EObannon@bfrob.com, JLeblanc@bfrob.com |
| Jack E. Morris | jem@jemorrislaw.com; ramorris27@yahoo.com |

s/ Jack E. Morris

**JACK E. MORRIS**