UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SOUTHERN SNOW MANUFACTURING CO., INC. | * | CIVIL ACTION |
| | * | NO. 06-9170 |
| VERSUS | | |
| | * | JUDGE JAY C. ZAINEY - SECTION "A" |
| SNOWIZARD HOLDINGS, INC., SNOWIZARD INCORPORATED, SNOWIZARD EXTRACTS, INC., and SNOWIZARD SUPPLIES, INC. | * | MAGISTRATE JUDGE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**HANOVER INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO
SNOWIZARD'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Third-party defendant Hanover Insurance Company ("Hanover"), through undersigned

counsel, respectfully submits this memorandum in opposition to the *Partial Motion for Summary*

*Judgment* of defendants, plaintiffs-in-counterclaim and third-party defendants SnoWizard

Holdings, Inc., SnoWizard Incorporated, SnoWizard Extracts, Inc. and SnoWizard Supplies, Inc.

("SnoWizard").  As is shown herein, the Hanover insurance policy at issue unambiguously

1

excludes coverage for Southern Snow's claims against SnoWizard.  There exists no genuine

issue of material fact that any allegation in Southern Snow's *Petition* or *Supplemental and*

*Amending Petition* ("Petitions") asserts a claim that discloses even a possibility of liability to

which the Hanover policy applies.

### SUMMARY OF THE ARGUMENT

SnoWizard's *Partial Motion for Summary Judgment* proceeds from three false premises.

First, SnoWizard claims that the allegations of paragraphs 6 through 8a of Southern

Snow's *Supplemental and Amending Petition* disclose "the possibility of liability" and do not

"unambiguously exclude coverage" under the Hanover policy's "Personal and Advertising

Injury" coverage.  Specifically, SnoWizard's argument depends from Hanover's duty to defend

its insured against claims of "oral or written publication, in any manner, of material that slanders

or libels a person or organization or disparages a person's or organization's goods, products or

services."  On the contrary, Southern Snow's *Petition*s allege that the false statements SnoWizard

made were about <u>its own products</u>.  Defamation claims are covered by the policy.  However,

claims of "puffery" or otherwise making statements about one's own products are not defamation

claims and are not covered by the policy.

Second, SnoWizard argues that an endorsement to the policy obligates Hanover to defend

suits in which no covered claims are alleged.  The endorsement merely removed redundancy and

a provision of the policy that did not comport with Louisiana law.  It does not lead to the absurd

result for which SnoWizard contends.

Third, SnoWizard claims that the policy's "Material Published With Knowledge of

Falsity" exclusion does not apply to the coverage issue.  However, Southern Snow's allegations

that SnoWizard knew the falsity of its statements triggers the exclusion and precludes coverage

under the policy.  Whether SnoWizard actually knew that its statements were false is irrelevant to

the issue of Hanover's obligation to defend.

## ARGUMENT AND LAW

### I.

### SOUTHERN SNOW'S ALLEGATIONS UNAMBIGUOUSLY EXCLUDE COVERAGE UNDER THE HANOVER POLICY

SnoWizard's first argument rests on the assertion that Paragraphs 6 through 8a of

Southern Snow's *Supplemental and Amending Petition* disclose "the possibility of liability"

under the Hanover policy and do not unambiguously exclude coverage under subparagraph d. of

the Hanover policy's "Personal and Advertising Injury" coverage.

SnoWizard correctly states in its *Memorandum* that an insurer's duty to defend under an

insurance policy is determined by comparing the allegations in the complaint with the terms of

the policy, and that the court is to look only at the face of the complaint and the insurance

contract in reaching its determination.  A court will find a duty to defend under the policy if,

assuming all the allegations in the petition to be true, there would be both (1) coverage under the

policy, and (2) liability to the plaintiff.  *American Home Assurance Co. v. Czarniecki*, 230 So.2d

253 (1969).  Assuming all the allegations in Southern Snow's *Petitions* are true, the *Petitions*

unambiguously excludes Hanover's duty to defend under the Hanover policy.

SnoWizard cites subparagraph d. of the policy's Coverage B-"Personal and Advertising

Injury Liability," which provides for the defense of "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."   Assuming all the allegations in the *Petitions* are true, the *Petitions* do not assert any allegations of slander, libel or disparagement of Southern Snow's goods, products or services.

In Louisiana, a plaintiff must assert five things to establish a claim for defamation: (1) defamatory words; (2) publication; (3) falsity; (4) malice, and (5) resulting injury.  *Daigle v. Computrac*, 835 F.Supp. 903, 906 (E.D. La 1993).  "Because Louisiana is a fact-pleading state, a plaintiff pleading defamation must specifically allege that defendant made defamatory statements, with malice.  *Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 292 (5th Cir. 2001) (cited by 1 La. Prac. Pers. Inj. § 7:172 (2007 ed.) (emphasis added).  Moreover, the defamatory words must refer to the plaintiff.  *In re New York Life Ins. Co. Agents' Class Claimiants Solicitation Litigation*, 92 F.Supp.2d 564, 569 (E.D.La 1997). Although the allegations of a complaint are to be liberally interpreted, the court shall not read a defamation claim into the complaint when none exists. *Lamar Adv. Co. v. Continental Casualty Co.*, 289 F.Supp.2d 769, 775 (M.D.La 2003).

Not one of Southern Snow's allegations assert, or even infer, that SnoWizard made defamatory remarks about Southern Snow's goods, products or services.  Rather, the paragraphs 6 through 8a assert that SnoWizard knowingly made false comments about its own products. Moreover, not one of Southern Snow's allegations assert or even infer that SnoWizard's remarks about its own products were made with malice.  Any damages arising from SnoWizard touting its own products are not covered under subparagraph d. of the Personal and Advertising Injury

4

Liability coverage or any other provision in the policy.

SnoWizard cites two Louisiana cases in support of its argument that Southern Snow's *Petitions* are sufficient to trigger Hanover's duty to defend a claim of defamation. Each case is distinguishable from the case at bar, and each has been subsequently narrowed by more recent federal decisions.  In *Rio Rouge Development Corp. v. Security First National Bank*, 610 So.2d 172 (La. App. 3rd Cir. 1992), the court found that the plaintiff's petition, while "inartfully drawn and broadly stated," still alleged sufficient facts to constitute a claim for defamation because the petition merely failed to allege falsity of defendant's communication.  *Id.* at 176.

Similarly, the court in *Federal Insurance Co. v. St. Paul Fire and Marine Insurance Co.*, 638 So.2d 1132 (La. App. 1st Cir. 1994) found a sufficient allegation of defamation in plaintiff's claim that the insured made "false statements and innuendos [about the plaintiff] maliciously and with total disregard for the truth or falsity of said statements to citizens throughout the country." 1134.  In this latter case, all five elements of a defamation claim were umambiguously alleged in the petition.  The court merely held that "the absence of detailed times, dates and places in the petition" did not defeat the possibility of a defamation claim.

In contrast to the *Rio Rouge* and *Federal Insurance Co.*, Southern Snow's allegations that SnoWizard made false statements about its own products cannot be interpreted as merely "inartfully drawn and broadly stated." Not only does Southern Snow's petition lack allegations of malicious intent, it also lacks any allegation that SnoWizard made any defamatory statements whatsoever about Southern Snow.

In  *Hardy v. Hartford Insurance Co.,* 236 F.3d 287, 292 (5th Cir. 2001), The United States

Court of Appeals, Fifth Circuit, limited the *Rio Rouge* and *Federal Insurance Co.* judgments to apply only to cases in which "the plaintiff's petition contained specific allegations of 'false statements and innuendos [made] maliciously and with total disregard for the truth or falsity of said statements'... or "derogatory remarks.*"* . The court held that, for the purposes of insurance coverage, a pleading does not allege a defamation claim unless the pleading asserts allegations (1) that the defendant defamed the plaintiff and (2) that the defendant acted with malice. Id. It reasoned: "[W]e do not think an allegation of reputation damages should guide us in determining a duty to defend. The recitation of reputation damages does not convert [plaintiff's] action into one for defamation." Id.

The United States District Court, Middle District of Louisiana followed *Hardy* in *Lamar Advertising Co. v. Continental Casualty Co.*, 289 F.Supp.2d 769 (M.D. La. 2003). It held that "inartfully drawn and broadly stated" allegations in a petition may be sufficient to trigger the insurer's duty to defend a defamation claim *only if* the plaintiff's petition contained specific factual allegations that the defendant made derogatory remarks about the plaintiff with malicious intent. *Id*. at 776.

As in *Hardy* and *Lamar Advertising Co.*, Southern Snow's *Petitions* do not assert the requisite allegations sufficient to trigger Hanover's duty to defend SnoWizard. Whatever statements SnoWizard may have made about its own products do not support coverage under paragraph d. of the policy's "Personal and Advertising Injury" provision or any other provision of the policy. The absence of specific factual allegations in Southern Snow's *Petitions* that SnoWizard made defamatory remarks about Southern Snow and its products *and* that such

remarks were made with malicious intent precludes even a possibility of liability under the policy

and unambiguously excludes Hanover's obligation to defend.

**II.**

**HANOVER HAS A DUTY TO DEFEND ITS INSURED AGAINST "SUITS" ONLY IN WHICH COVERED CLAIMS ARE ALLEGED**

SnoWizard misinterprets the policy in contending that "Hanover has a duty to defend

SnoWizard *even* against a suit seeking damages for personal and advertising injury to which the

insurance does not apply."  On the contrary, Hanover's policy is clear that Hanover's duty is to

defend its insured against <u>covered</u> losses.  Under Louisiana law, each provision of a contract

must be interpreted in light of the contract's other provisions so as to give each the meaning

reflected by the contract as a whole.  *In re Liljeberg Enterprises, Inc*., 304 F.3d 410 (5ᵗʰ Cir.

2002).  A court may not create new contractual obligations where the language of the written

document is clear, nor should a court construe the terms of a contract in such a manner as to lead

to absurd or unreasonable results.  *Id*.; *Continental Oil Co. v. Crutcher*, 434 F.Supp. 464 (E.D.

La. 1977).  If the language of the policy is clear, courts do not have the power to speculate on

why the parties drew it as they did.  *Insurance Co. of North America v. Delafield*, 278 F.2d 683

(5ᵗʰ Cir. 1960).

The body of Hanover's policy contains the following Insuring Agreement under Coverage

B- Personal and Advertising Injury Liability:

1.      Insuring Agreement
        a.      We will pay those sums that the insured becomes legally obligated to pay as
                damages because of "personal and advertising injury" to which this insurance
                applies.  We will have the right and duty to defend the insured against any "suit"

seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

The "Louisiana Changes- Insuring Agreement" endorsement modifies the Insuring Agreement:

1.      Insuring Agreement
   a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  We may, at our discretion, investigate any offense and settle any claim or "suit" that may result.

Under the revised language in the endorsement, Hanover's right and duty is to "defend the insured against any 'suit' seeking *those* damages." (emphasis added). "Those," a relative pronoun, refers to "sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies."  Hanover's duty is to defend <u>covered</u> losses, as defined in the policy's Coverage B- Personal and Advertising Injury Liability. This is the only reasonable interpretation of the endorsement. The omitted sentence which SnoWizard isolates ("However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply") is both redundant, and, contrary to Louisiana law, would permit Hanover to refuse to defend an uncovered allegation of a petition which contains covered allegations.

The omitted sentence is redundant to the extent that it says negatively that which the coverage grant says positively.  According to the language of the endorsement, the policy provides defense against any "suit" seeking those damages *to which the insurance applies*.

In addition, the omitted sentence does not comport with the Louisiana jurisprudential rule that an insurer must defend an entire case against its insured if a single claim falls within its duty to defend.  *See Gregory v. Tennessee Gas Pipeline Co.*, 948 F.2d 203 (5th Cir. 1991).

By omitting the sentence which SnoWizard cites, redundancy is eliminated and the policy is brought into alignment with the laws of Louisiana.  As drawn, the revised language of the endorsement makes sense and is enforceable.  The interpretation for which SnoWizard contends would lead to an absurd result; that is, that Hanover must defend in its entirety a suit, whether or not it contains a covered allegation or claim.

## III.

**SOUTHERN SNOW'S ALLEGATIONS AGAINST SNOWIZARD
ARE EXCLUDED FROM COVERAGE PURSUANT TO THE
"MATERIAL PUBLISHED WITH KNOWLEDGE OF FALSITY" EXCLUSION**

SnoWizard argues that the policy's "Material Published With Knowledge of Falsity" exclusion does not preclude coverage because Southern Snow's *Petitions* are ambiguous as to what SnoWizard actually knew.  The policy expressly excludes coverage for defense of material published with knowledge of its falsity. The exclusion provides that:

> This insurance does not apply to:
> b.   **Material Published With Knowledge of Falsity**
>      "Personal and advertising injury" arising out of oral or written
>      publication of material, if done by or at the direction of the
>      insured <u>with knowledge of its falsity</u>.

An insurer's duty to defend is determined by the allegations of the petition and not by the outcome of the suit.  *Strauss v. Rivers*, 595 So.2d 706 (La. App. 5th Cir. 1992).  Whether or not the court decides that SnoWizard actually knew that its statements were false is irrelevant to the

issue of coverage.  Southern Snow alleges in its *Petitions* that SnoWizard had knowledge that its statements were false.  If the court assumes these allegations to be true, as it must when determining the issue of coverage under an insurance policy, then the "Material Published With Knowledge of Falsity" exclusion precludes even a possibility of liability under the policy and unambiguously excludes Hanover's duty to defend.

## CONCLUSION

The Hanover insurance policy at issue unambiguously excludes coverage for SnoWizard's defense against Southern Snow's claims.  First, Southern Snow's allegations of "puffery" or that SnoWizard otherwise made false statements about its own products is not covered under the Hanover policy's "Personal and Advertising Injury" liability coverage. Second, the "Louisiana Changes- Insuring Agreement" endorsement removed redundancy from the policy and aligned the policy with the laws of Louisiana, but it does not obligate Hanover to defend its insured against uncovered allegations or claims.  Third, Southern Snow's allegations that SnoWizard knew that those statements were false trigger the policy's "Material Published With Knowledge of Falsity" exclusion and preclude Hanover's duty to defend.

RESPECTFULLY SUBMITTED,

BIENVENU, FOSTER, RYAN & O'BANNON, LLC

BY:   ____*/s/ David E. Walle*_____
           DAVID E. WALLE (#13199)
           1010 Common Street, Suite 2200
           New Orleans, LA 70112-2401
           Telephone:   (504) 310-1500
           Fax:   (504) 310-1501
           Email: dwalle@bfrob.com
           *Attorney for Hanover Insurance Company*

# CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has been served upon

all counsel of record by facsimile transmission, hand delivery, electronic mail and/or

depositing same in the United States Mail, postage pre-paid on November 20, 2007.


           ____*/s/ David E. Walle*_____