# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN SNOW MFG. CO., INC.** <br> v. <br> **SNOWIZARD, INC.** <br> ———————————— <br> **PARASOL FLAVORS, LLC, &** <br> **SOUTHERN SNOW MFG. CO., INC.** <br> v. <br> **SNOWIZARD, INC.** <br> ———————————— <br> **SOUTHERN SNOW MFG. CO., INC.** <br> **& SIMEON, INC.** <br> v. <br> **SNOWIZARD, INC.** | CIVIL ACTION <br><br> CASE NO.  06-9170 <br>   c/w   09-3394 <br>        10-0791 <br><br> SEC. A, JUDGE JAY C. ZAINEY <br><br> MAG. 1, MAG. JUDGE SALLY SHUSHAN <br><br> JURY DEMANDED |

## RESPONSE IN OPPOSITION TO DEFENDANT'S
## MOTION TO STRIKE AND FOR MORE DEFINITE STATEMENT
## AND OBJECTION TO HIDDEN RULE-11 ASSERTION

MAY IT PLEASE THE COURT, Plaintiffs make this Opposition to Defendant's Motion to Dismiss, Strike, and for More Definite Statement (Rec.Doc.143) in Case No. 10-0791, and further object to the hidden Rule-11 assertion on SnoWizard's pages 18-19.

## TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
Argument and Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
  SnoWizard's infringement of SOUTHERN SNOW and FLAVOR SNOW. . . . . . . . 2
  The Lanham Act applies to both registered and unregistered trademarks,
    and to unfair trade practices and unfair competition such as claiming
    trademarks that do not exist. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
  SnoWizard tries to slip through a non-existent gap between Section 38 and
    Section 43 of the Lanham Act.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
  SnoWizard's multiple frauds upon the USPTO are adequately pleaded in
    more than adequate detail. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
  The LUTPA mirrors the Lanham Act.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
  The Complaint is already organized in accord with Rule 10(b). . . . . . . . . . . . . . 6
  Plaintiffs object to SnoWizard's improper hidden assertion citing Rule 11. . . . . . 7
Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Attorney Signature . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES
### Cases

*Bart Schwartz Int'l Textiles Ltd. v. Federal Trade Comm'n*,
  6599 (CCPA 4/14/1961) 289 F.2d 665 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
*Bayer Corp. v. Custom School Frames, LLC*,
  02-2604-AJM (E.D. La. 4/16/2003) 259 F.Supp.2d 503 . . . . . . . . . . . . . . . . . . . . . 2
*Bd. of Supervisors of L.S.U. v. Smack Apparel*,
  04-1593 (E.D.La. 7/18/2006) 438 F.Supp.2d 653 . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Bd. of Sup. for L.S.U. v. Smack Apparel Co.*,
  07-30580 (CA5 11/25/2008) 550 F.3d 465 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
*Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*,
  82-4451 (CA5 2/21/1984) 725 F.2d 336 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
*Finance Exp. LLC v. Nowcom Corp.*,
  07-1225-CJC (C.D. Cal. 6/18/2008) 564 F.Supp.2d 1160 . . . . . . . . . . . . . . . . . . . . 2
*Louisiana World Expo., Inc. v. Logue*, 84-3032 (CA5 11/5/1984) 746 F.2d 1033 . . . . 6
*Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 84-2436 (CA5 8/5/1985) 767 F.2d 214 . . . . 4
*Pebble Beach Co. v. Tour 18 I Ltd.*, 96-21102 (CA5 9/14/1998) 155 F.3d 526 . . . . . . 4
*Sugar Busters, LLC v. Brennan*, 98-31063 (CA5 5/25/1999) 177 F.3d 258 . . . . . . . . 4
*TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 121 S.Ct. 1255 (2001) . . 4
*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 112 S.Ct. 2753 (1992) . . . . . . . 4

### Codes, Statutes, & Rules
Federal Rules of Civil Procedure Rule 9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Federal Rules of Civil Procedure Rule 10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
Federal Rules of Civil Procedure Rule 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
Lanham Act, 15 USC §1051, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5
Lanham Act Section 38 (15 USC §1120) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Lanham Act Section 43 (15 USC §1125) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, et seq. . . . . . . . . . . . . . . . . . 6

## RESPONSE MEMORANDUM IN OPPOSITION

### Argument and Law

**SnoWizard's infringement of SOUTHERN SNOW and FLAVOR SNOW.**

SnoWizard uses and publishes Plaintiffs' SOUTHERN SNOW® and FLAVOR SNOW® registered trademarks on SnoWizard's internet web site.  The caselaw[1] shows that this is a use in commerce which causes initial interest confusion, and can therefore be trademark infringement.  There is a reported case from the Eastern

---
1. *See Bayer Corp. v. Custom School Frames, LLC*, 02-2604-AJM (E.D. La. 4/16/2003) 259 F.Supp.2d 503, 509; *Finance Exp. LLC v. Nowcom Corp.*, 07-1225-CJC (C.D. Cal. 6/18/2008) 564 F.Supp.2d 1160, 1176-77, and cases cited therein.

District of Louisiana that says so— citing the leading caselaw on the subject, from the Ninth Circuit. But SnoWizard would rather this Court analyze an unreported district-court case from Pennsylvania. Since SnoWizard did not provide any copy of this unreported case, Plaintiffs obtained it on PACER, and found out that the litigants there appealed that Pennsylvania decision, then settled and withdrew the appeal, and unsuccessfully urged the district court to vacate the decision. The Pennsylvania district court dismissed a case that claimed both "keying" and "keyword stuffing", and treated them as being substantially the same thing. The Pennsylvania district court did find that use of the trademarks on the internet was a use in commerce, but disagreed with the prevailing caselaw about whether it created initial interest confusion. SnoWizard's Pennsylvania case is not very meaningful or helpful here. SnoWizard asks for the extreme measure of a Rule 12(b) dismissal without any persuasive indication that this Court should not follow the mainstream caselaw in the nation, which has already been endorsed by another section of this District Court, and which shows Plaintiffs' infringement claims to be valid, actionable claims.

**The Lanham Act applies to both registered and unregistered trademarks, and to unfair trade practices and unfair competition such as claiming trademarks that do not exist.**

Congress passed the Trademark Act in 1946 and named it after Texas Congressman Fritz Lanham, who was instrumental in its passage. Although the Lanham Act is codified in the United States Code, those codal provisions are not self-enacting, and the Lanham Act itself is the effective law.

Just to sit down and read the Lanham Act would give the impression that it is concerned with registered trademarks and with infringement of trademarks— and not concerned with much else. As the Act was originally written, that was substantially true. But well-settled caselaw— and legislative amendments in recognition of the caselaw— have applied the Lanham Act to both registered and unregistered trademarks, and developed the Lanham Act into the federal law of

3

unfair competition and trade practices.[2] "[T]he general principles qualifying a mark for registration under § 2 of the Lanham Act are for the most part applicable in determining whether an unregistered mark is entitled to protection under § 43(a).[3] "As a general rule, the same facts which would support an action for trademark infringement would also support an action for unfair competition."[4]

SnoWizard wants to ignore the well-settled jurisprudence applying the Lanham Act to both registered and unregistered trademarks, and to unfair competition and trade practices, because the bare text of the Lanham Act gives an incomplete picture of its scope, and allows SnoWizard to contend that its bad actions have no remedy.

**SnoWizard tries to slip through a non-existent gap between Section 38 and Section 43 of the Lanham Act.**

Section 38 of the Lanham Act (15 USC §1120) refers to *registered* trademarks improperly obtained by fraud. There is caselaw limiting Section 38 to only actually-registered trademarks, but that limitation is not fatal to Plaintiffs' claims because whatever is not covered under Section 38 is covered under Section 43 (15 USC §1125). As a practical matter, any plaintiff suing any defendant for a bogus trademark cannot know whether an application to the USPTO will eventually be approved for registration. Waiting to see is impractical because it could lead to a time-bar or laches problem, and if the USPTO improvidently grants registration, then the bogus trademark gets a presumption of validity and becomes more difficult to challenge. Therefore, whether Section 38 will or will not apply to a trademark is impossible to know— at the pleading stage— for some trademark applications. But Section 43 covers a much broader range of trademark shenanigans than Section 38 does, and

---

2. *See Bd. of Sup. for L.S.U. v. Smack Apparel Co.*, 07-30580 (CA5 11/25/2008) 550 F.3d 465; *Sugar Busters, LLC v. Brennan*, 98-31063 (CA5 5/25/1999) 177 F.3d 258; *Pebble Beach Co. v. Tour 18 I Ltd.*, 96-21102 (CA5 9/14/1998) 155 F.3d 526 (abrogated on other grounds by *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 121 S.Ct. 1255 (2001)); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 112 S.Ct. 2753 (1992); *Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 84-2436 (CA5 8/5/1985) 767 F.2d 214.
3. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S.Ct. 2753 (1992).
4. *Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 84-2436 (CA5 8/5/1985) 767 F.2d 214, 217.

Section 43 provides a ripe cause of action regardless of whether a bogus trademark is presently registered or not.

The exact relationship between Sections 38 and 43 is not very well defined, and is rather ungainly and unresolved. But Section 43 overlaps Section 38, and there is no gap between them for SnoWizard to exploit.

**SnoWizard's multiple frauds upon the USPTO are adequately pleaded in more than adequate detail.**

Although intent or willfulness has always been a required element of fraud, over the decade 1999–2009, the phrase "knew or should have known" in the caselaw threatened to introduce some kind of negligence standard for fraud upon the USPTO. The Federal Circuit corrected this perceived drift in the 2009 *Bose*[5] decision, and reaffirmed that fraud requires intent. This *Bose* decision has no effect on Plaintiffs claims, because Plaintiffs have always alleged SnoWizard's intent and willfulness, and have supported those allegations with details showing the false information provided to the USPTO contrasted with the truth of each matter— usually proved by SnoWizard's own statements and publications.

Another necessary element of fraud upon the USPTO is that the misrepresentations be *material* to obtaining— or trying to obtain— a registration. SnoWizard tries to argue (p.9) that if a registration has not yet been actually granted, then whatever misrepresentations were made in the application for that registration are not yet material. This is nonsense.

Plaintiffs are not suing SnoWizard for having a mistaken, but heartfelt, belief that it is entitled to lock up two-dozen flavor names with trademarks. The Lanham Act has always imposed a duty to not make knowingly-inaccurate or knowingly-misleading statements in the verified declaration that forms part of the application for registration.[6] SnoWizard repeatedly violated that duty in applying for trademark

---

5. *In re Bose Corp.*, 08-1448 (CAFC 8/31/2009) 580 F.3d 1240.
6. *Bart Schwartz Int'l Textiles Ltd. v. Federal Trade Comm'n*, 6599 (CCPA 4/14/1961) 289 F.2d 665.

registrations that it was not entitled to, and making willfully misleading statements on material issues in order to get those registrations.  For most of the bogus trademarks, SnoWizard repeated its material misrepresentations to the State of Louisiana in order to get state registrations, too.  Plaintiffs have laid out the specifics of each misrepresentation— each violation of the duty— in exhaustive detail.

**The LUTPA mirrors the Lanham Act.**

The requirements of the Louisiana Unfair Trade Practices act (LUTPA) mirror those of the Lanham Act.[7]  The significant differences between the state and federal legislation are (1) the LUTPA has been interpreted in state court as requiring actual damages as a standing requirement, and (2) the LUTPA makes the award of attorney fees substantially automatic for a willful violation, in contrast with the Lanham Act which requires an additional finding of an "exceptional case".  For purposes of the present motion, there is no need to analyze the LUTPA separately.

**The Complaint is already organized in accord with Rule 10(b).**

Rule 10(b) instructs separate, numbered paragraphs, as Plaintiffs have done.  Naturally, this increases the total number of paragraphs.  Rule 10(b) also instructs that separate counts are warranted for each "separate transaction or occurrence" if separate counts will promote clarity.  The rule does not say that separate legal theories about the same transactions or occurrences should be separate counts.  Neither does it say that the counts must be labeled with the word "count".

The Amended Complaint is already organized into counts treating each different bogus trademark as a separate transaction or occurrence.  That is a clear, logical presentation.  The sections are labeled with the names of the bogus trademarks.  Plaintiffs have avoided using re-allegations and incorporations-by-

---

7. *See Bd. of Supervisors of L.S.U. v. Smack Apparel*, 04-1593 (E.D.La. 7/18/2006) 438 F.Supp.2d 653, 663; *Prudhomme v. Procter & Gamble Co.*, 92-1049 (E.D.La. 9/14/1992) 800 F.Supp. 390, 395; *Louisiana World Exposition, Inc. v. Logue*, 84-3032 (CA5 11/5/1984) 746 F.2d 1033, 1039; *Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*, 82-4451 (CA5 2/21/1984) 725 F.2d 336.

reference.  Information is presented in a collective, collapsed form where possible; the detailed factual allegations required by Rule 9(b) are presented separately for each bogus trademark; and the various provisions of the laws violated by SnoWizard are explicitly cited in separate paragraphs.

The Amended Complaint should therefore not be stricken, and does not warrant a more definite statement.

**Plaintiffs object to SnoWizard's improper hidden assertion citing Rule 11.**

On its pages 18 and 19, SnoWizard cites F.R.Civ.P. Rule 11, and asserts that Plaintiffs have violated that rule.  Rule 11 specifies the proper procedure for making such accusations, and SnoWizard has violated that procedure.  Plaintiffs object.

## Conclusion

Defendant's Motion to Dismiss, Strike, and for More Definite Statement should be denied.

### Attorney Signature

RESPECTFULLY SUBMITTED:
Attorney for Plaintiffs

*/s/ Mark Andrews*
_____
Mark Edw. Andrews, La. Bar No. 26172
Andrews Arts & Sciences Law, LLC
7104 Coliseum St., New Orleans, LA  70118
504-383-3632
mea@mealaw.com

**Certificate of Service**
I certify that this document is electronically filed and therefore served on counsel for all parties via the CM/ECF system, this 13 July 2010.

*/s/ Mark Andrews*