August 17, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHERN SNOW MANUFACTURING CO.          CIVIL ACTION

VERSUS          NO. 06-9170 c/w
         09-3394, 10-791

SNO WIZARD HOLDINGS, INC., ET AL.          SECTION "A"(1)

**ORDER AND REASONS (Ref: 09-3394)**

Before the Court is a **Motion to Strike Second Amended Complaint and For More Definite Statement (Rec. Doc. 142)** filed by defendant SnoWizard Inc.  Plaintiffs Southern Snow Manufacturing Co. and Parasol Flavors, LLC oppose the motion. The motion, set for hearing on July 7, 2010, is before the Court on the briefs without oral argument.

Plaintiffs filed this suit on April 28, 2009, against SnoWizard claiming violations of federal trademark law and state law.  The case was originally allotted to Judge Lemmon.  Shortly before the case was transferred to this section,[1] Judge Lemmon ruled on two motions for summary judgment.  Judge Lemmon

---

[1] This case is one of three trademark infringement cases brought against the SnoWizard defendants by Plaintiffs.  This Court has the lowest numbered case in the group.

concluded *inter alia* that SnoWizard was entitled to judgment as a matter of law on Plaintiffs' claims for damages under 15 U.S.C. § 1120 (federal trademark law) and La. R.S. § 51:1405, et seq. (LUTPA).[2]  Plaintiffs moved for reconsideration after the case arrived in Section A and this Court denied that motion concluding, in agreement with Judge Lemmon, that Plaintiffs could not sustain a claim for damages.  (Rec. Doc. 79).

The next motion that this Court considered in conjunction with Civil Action 09-3394 was SnoWizard's Motion in Limine to Preclude Recovery for Claims Not Pleaded (Rec. Doc. 123; Ref: 09-3394).  SnoWizard filed that motion contending that Plaintiffs had added claims to the pretrial order that were not pleaded in the complaint.  This Court agreed with SnoWizard's contentions and granted the motion in recognition of the fact that while the complaint had specifically invoked relief via §§ 1119 and 1120 of title 15,[3] Plaintiffs had never pleaded an entitlement to relief pursuant to § 1125 (unfair competition), § 1117 (recovery of profits, damages, and costs), and § 1116 (injunctive and

---

[2] Louisiana Unfair Trade Practices Act

[3] The First Amended Complaint (Rec. Doc. 19) actually invokes title 28 throughout but that is clearly a typographical error.

2

equitable relief).[4]  (Rec. Doc. 130).  Nonetheless, the Court also granted Plaintiffs leave to amend the complaint "in order to properly allege the claims at issue."  (Rec. Doc. 130).

Plaintiffs filed their Second Amended Complaint (Rec. Doc. 134) on June 9, 2010.  SnoWizard now moves to strike that complaint on the grounds that Plaintiffs set forth redundant, immaterial, impertinent, scandalous, and prejudicial matters involving the claims that were disposed of via Judge Lemmon's ruling on the motion for summary judgment and this Court's denial of the motion for reconsideration.  SnoWizard argues that aside from Plaintiffs attempting to reassert the claims that have already been dismissed, Plaintiffs' complaint is so vague and ambiguous that SnoWizard cannot possibly formulate a response.

The Court finds no merit to SnoWizard's contention that the complaint is so vague and ambiguous that SnoWizard cannot possibly formulate a response.  But even though Plaintiffs'

---

[4] In essence, the First Amended Complaint was a victim of its own clarity and precision.  The Federal Rules do not necessarily require that the complaint expressly invoke every statutory provision that might afford relief based on the facts alleged.  But the allegations in the First Amended Complaint were so clear and concisely tailored to the statutory sections expressly invoked (15 U.S.C. §§ 1119 and 1120) that in all fairness the Defendant could reasonably assume that the failure to expressly claim relief under any other statutory sections evidenced the intention to seek relief only pursuant to §§ 1119 and 1120.

complaint is well-organized and concise the Court finds some merit in SnoWizard's arguments because the parties are not operating on a clean slate with respect to the claims asserted in Civil Action 09-3394 in light of the prior motion practice.  The Court did not expect Plaintiffs to submit an amended complaint that suggested that they were abandoning the claims that were dismissed on summary judgment but Defendant should not have to answer the dismissed allegations a second time--something that it would be forced to do out of an abundance of caution.  Plaintiffs clearly attempted to improve and rework the Second Amended Complaint[5] while at the same time adding the other Lanham Act claims but the format of the complaint has changed so that SnoWizard has a legitimate grievance about the time it will take to parse the new complaint trying to separate out the new causes of action from the claims were either already dismissed or remained pending after the ruling on the motion for summary judgment.

  SnoWizard's motion is therefore GRANTED and the Second

---

[5] Plaintiffs have always taken the position that the federal law unfair competition claims are not new at all and were always encompassed within the allegations already made even though the pertinent federal statutory sections were not expressly invoked. If that is correct then Plaintiffs should not have to change much about the First Amended Complaint in order to allege the federal unfair competition claims.

4

Amended Complaint is stricken. Plaintiffs shall move once more to amend the complaint as follows: Plaintiffs Third Amended Complaint will be created from an <u>exact copy</u> of the First Amended Complaint with the <u>sole</u> changes being the narrow amendments necessary to allege the additional statutory claims. All additions (amendments) to the First Amendment Complaint are to be clearly identified via ***bolded, italicized text*** so that the Court and Defendant can easily ascertain the exact changes being made to the First Amended Complaint. Defendant will only be required to answer those narrow and easily identified additions because Defendant's original answer to the First Amended Complaint will remain applicable to those parts of the complaint that have not changed.

    Accordingly;

    **IT IS ORDERED** that the **Motion to Strike Second Amended Complaint and For More Definite Statement (Rec. Doc. 142)** filed by defendant SnoWizard Inc. is **GRANTED**. The **Second Amended Complaint (Rec. Doc. 134)** is **STRICKEN**;

    **IT IS FURTHER ORDERED** that within <u>**ten (10) days**</u> of entry of this order Plaintiffs will move to file their Third Amended Complaint.

                       \* \* \* \* \* \* \* \*