August 17, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHERN SNOW MANUFACTURING CO., ET AL.        CIVIL ACTION

VERSUS        NO. 06-9170 c/w
        09-3394, 10-791

SNO WIZARD HOLDINGS, INC., ET AL.        SECTION "A"(1)

**ORDER AND REASONS** (Ref: 10-791)

Before the Court is a **Combined Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion to Strike and for a More Definite Statement Pursuant To FRCP 12(e) (Rec. Doc. 143)** filed by defendant SnoWizard Inc. Plaintiffs Southern Snow Manufacturing Co. and Simeon, Inc. oppose the motion. The motion, set for hearing on July 21, 2010, is before the Court on the briefs without oral argument.

Plaintiffs filed this amended complaint on April 27, 2010, against SnoWizard claiming violations of federal trademark law and state law. The case was originally allotted to Judge Lemmon was transferred to this Section for consolidation with two other infringement actions between Southern Snow and SnoWizard. In this complaint Plaintiffs allege *inter alia* infringement of two

of their federally registered trademarks, SOUTHERN SNOW AND FLAVOR SNOW.  15 U.S.C. § 1114 (federal trademark infringement).  Plaintiffs' claim with respect to these two trademarks is that SnoWizard is using the words "Southern Snow" and "Flavor Snow," and variants thereof, as hidden text or metatags in its website programming in order to divert customers to SnoWizard's website when they search the internet for those terms.  (AC ¶¶ 11-12).  Plaintiffs allege that this causes a likelihood of confusion and in particular initial interest confusion.  (AC ¶¶ 18-19).  Plaintiffs are seeking monetary and injunctive relief under federal law as well as state law recovery pursuant to La. R.S. § 51:1405, et seq. (LUTPA)[1] and Louisiana Civil Code article 2315.

Plaintiffs also allege that SnoWizard has unlawfully asserted trademarks in CAJUN RED HOT, CHAI LATTEA, COOKIE DOUGH, MOUNTAIN MAPLE, SNOFREE, SNOSOUR, SNOWBALLS (design), SWISS ALMOND COCO, TIRAMISU, and ZEPHYR.  Plaintiffs allege that these "purported" trademarks are variously federally-registered or state registered or common law trademarks invoking 15 U.S.C. § 1119 and § 1120 and/or 15 U.S.C. § 1117 and § 1125, depending upon whether the trademark is registered,[2] as well as state law.[3]

---

[1] Louisiana Unfair Trade Practices Act

[2] Sections 1119 and 1120 on their face apply only to federally-registered trademarks.  Section 1125, and by

2

SnoWizard now asserts a plethora of arguments to move the Court to dismiss many of the allegations, to strike the complaint, and for a more definite statement.[4]

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted.  Harrington v. State Farm Fire & Ins. Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000)).  The complaint is to be construed liberally in favor of the plaintiff, with all facts pleaded in the complaint as true.  Id.  (citing Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986)).  The question is whether in the light most favorable to plaintiff and with every doubt resolved in his behalf, the complaint states any claim for relief.  Id. (quoting 5 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1357, at 601 (1969)).

---

incorporation § 1117, are not limited to federally registered trademarks--those provisions can apply to any trademark including state and common law trademarks.

[3] Regarding state law claims, Plaintiffs have invoked the LUTPA and article 2315 with respect to all of Defendant's trademarks.  Louisiana trademark law is only invoked with respect to those marks for which Defendant has obtained state registration:  CAJUN RED HOT, COOKIE DOUGH, MOUNTAIN MAPLE, SNOFREE, SWISS ALMOND COCO, and TIRAMISU.

[4] The Court has elected to address only the more prevalent arguments raised in the motion.  The motion is denied with respect to any arguments not expressly mentioned in this Order.

SnoWizard argues that Plaintiffs fail to state a trademark infringement claim under 15 U.S.C. § 1114 with respect to SOUTHERN SNOW and FLAVOR SNOW based on SnoWizard's alleged use of hidden text and metatags in its website programming.  SnoWizard contends that the use of these items does not divert web surfers to its own website but rather causes its site to *sometimes* show up as one of several results from the search.  SnoWizard contends that no reasonable fact finder could find a likelihood of confusion under the facts alleged in Southern Snow's complaint.

The Court finds no merit in SnoWizard's contentions regarding the infringement claim.  Liability for trademark infringement hinges on whether a likelihood of confusion exists between the marks at issue.  <u>Elvis Presley Enters., Inc. v. Capece</u>, 141 F.3d 188, 193 (5th Cir. 1998) (<u>citing</u> <u>Soc. of Fin. Exam'rs v. Nat'l Ass', of Cert. Fraud Exam'rs, Inc.</u>, 41 F.3d 223, 227 (5th Cir. 1995)).  At the pleading stage the Court is not concerned with whether a reasonable fact finder could ultimately agree with Plaintiffs' contentions as to confusion but whether the complaint states a claim for relief.  Not only would the Court engage in reversible error by attempting to adjudicate the confusion issue at the pleading state, but at least one circuit court has specifically found that the conduct complained of in this case with respect to hidden text and metatags states a claim

for trademark infringement.  See Brookfield Commun., Inc. v. W. Coast Entertainment Corp., 174 F.3d 1036 (9th Cir. 1999).  The Brookfield opinion is a thorough and well-reasoned opinion and the Court has no reason to believe that the Fifth Circuit would not also recognize a claim for relief based on the presence of metatags and hidden text in website programming.  Whether the Plaintiffs can ultimately prevail on the claim is a question for another day.  But the Court is not persuaded that it can conclude as a matter of law that using hidden text and metatags of registered trademarks to manipulate internet search results does not result in a likelihood of confusion sufficient to support an infringement claim.

    SnoWizard argues that Plaintiffs can only rightfully allege a claim under 15 U.S.C. § 1120 for marks that are actually registered.  Section 1120 on its face applies to a person who *procures registration* in the Patent and Trademark Office.  15 U.S.C.A. § 1120 (West 2009).  Numerous cases have recognized that a claim under § 1120 is not ripe until the registration is obtained.  See, e.g., Country Mut. Ins. Co. v. Am. Farm Bureau Fed., 876 F.2d 599 (7th Cir. 1989).  Plaintiffs do not dispute this point but point out that SnoWizard has applied for federal registration for several of the marks at issue and those applications could be granted while this litigation is pending.

Plaintiff argues that § 1125, which applies to all trademarks whether or not registered, applies to a broad array of "trademark shenanigans" with respect to trademarks including conduct that would support a violation of § 1120 for a registered mark. Thus, according to Plaintiffs there is no gap in coverage in the federal trademark law.[5]

    Plaintiffs cite no authority for the proposition that § 1125 is so broad as to encompass a claim for false or fraudulent registration with the United States Patent and Trademark Office for an *unregistered* trademark. Plaintiffs likewise cite no authority for their contention that an attempted violation of § 1120 is simply another form of unfair competition prohibited by § 1125. Section 1125 goes beyond trademark protection to apply to a broad array of deceptive or misleading tactics with respect to marks but that application is not boundless. The Court cannot reconcile the elements of an inchoate § 1120 violation with any of the deceptive conduct that § 1125 would encompass.

---

[5] The Court notes that Plaintiffs have not specifically invoked § 1120 in conjunction with the unregistered listed in the complaint. SnoWizard's federally-registered trademarks in this lawsuit are MOUNTAIN MAPLE, SNOFREE, AND SNOSOUR and for those marks Plaintiffs do specifically claim damages under § 1120. SnoWizard contends that it is unclear to which trademarks Plaintiffs are attempting to invoke § 1120 because of statements made in the Overview section of the complaint. To the contrary for each individual trademark Plaintiffs have listed each statutory provision being invoked for that trademark.

SnoWizard's reply brief[6] raises very persuasive points about why § 1125 is not a mechanism for creating a cause of action for an *attempted* violation of § 1120. Plaintiffs' claims for violations of the conduct proscribed by § 1120 in conjunction with the unregistered marks CAJUN RED HOT, CHAI LATTEA, COOKIE DOUGH, SWISS ALMOND COCO, TIRAMISU, AND SNOBALLS (design), and ZEPHYR are dismissed.

Finally, the Court finds no merit to SnoWizard's contention that it cannot prepare an answer to the complaint because the claims are not stated as counts. The Court has reviewed the complaint many times in conjunction with this motion and finds it to be very well-organized, clear, and concise. Each flavor is treated separately and the Court is persuaded that the claims would be more difficult to discern if Plaintiffs were to organize the complaint in terms of legal causes of action instead of individual flavors.

Accordingly;

**IT IS ORDERED** that the **Combined Motion to Dismiss Pursuant to FRCP 12(b)(6) and Motion to Strike and for a More Definite**

---

[6] The Court notes that the font used in SnoWizard's reply brief is very small. This font size is not only difficult to read but had a standard size font been used then the reply would have been well in excess of the page limit allowed by the Local Rules. The Court will not consider memoranda filed in this small font size in the future.

**Statement Pursuant To FRCP 12(e) (Rec. Doc. 143)** filed by defendant SnoWizard Inc. is **GRANTED IN PART AND DENIED IN PART** as explained above.

* * * * * * * *

*[signature: Jay C. Zainey]*