UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN SNOW MFG. CO., INC.**<br>v.<br>**SNOWIZARD, INC.**<br>———————————<br>**PARASOL FLAVORS, LLC, &**<br>**SOUTHERN SNOW MFG. CO., INC.**<br>v.<br>**SNOWIZARD, INC.**<br>———————————<br>**SOUTHERN SNOW MFG. CO., INC.**<br>**& SIMEON, INC.**<br>v.<br>**SNOWIZARD, INC.** | CIVIL ACTION<br><br>CASE NO.   06-9170<br>    c/w      09-3394<br>             10-0791<br><br>SEC. A, JUDGE JAY C. ZAINEY<br><br>MAG. 1, MAG. JUDGE SALLY SHUSHAN<br><br>JURY DEMANDED |

**MEMORANDUM IN SUPPORT OF
3D-PARTY DEFENDANT PARASOL'S
MOTION FOR SUMMARY JUDGMENT
ON THE 3D-PARTY CLAIMS IN CASE NO. 10-0791**

MAY IT PLEASE THE COURT, 3d-Party Defendant Parasol Flavors, LLC, has moved for summary judgment on the 3d-Party claims filed by Defendant SnoWizard in Case No. 10-0791 (Rec.Doc.168), for the reasons set forth here.

**TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2
Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2
Claims At Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
  SnoWizard has a registered trademark, but it was not infringed here. . . . . . . . . . .4
  SnoWizard cannot show that "snow wizard" was ever used at all by Parasol. . . . . .4
  SnoWizard cannot show that the trademark SNOWIZARD was "used in
    commerce" by Parasol. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
  SnoWizard cannot show actual or even likely confusion. . . . . . . . . . . . . . . . . . . . .6
  SnoWizard cannot possibly prove any actual damages because SnoWizard has
    refused to provide any financial data in discovery. . . . . . . . . . . . . . . . . . . . . .6
Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

1

## TABLE OF AUTHORITIES

### Cases

*Bayer Corp. v. Custom School Frames, LLC*, 02-2604-AJM (E.D. La. 4/16/2003)
   259 F.Supp.2d 503. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Bd. of Sup. for L.S.U. v. Smack Apparel Co.*, 07-30580 (CA5 11/25/2008)
   550 F.3d 465. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Bd. of Sup. of L.S.U. v. Smack Apparel*, 04-1593 (E.D.La. 7/18/2006)
   438 F.Supp.2d 653. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Brookfield Commun., Inc. v. W. Coast Entertainment Corp.*, 98-56918
   (CA9 4/22/1999) 174 F.3d 1036. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Elvis Presley Enters., Inc. v. Capece*, 97-20096 (CA5 5/71998) 141 F.3d 188 . . . . . . .3

*Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*, 82-4451
   (CA5 2/21/1984) 725 F.2d 336. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Finance Exp. LLC v. Nowcom Corp.*, 07-1225-CJC (C.D. Cal. 6/18/2008)
   564 F.Supp.2d 1160. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Louisiana World Exposition, Inc. v. Logue*, 84-3032 (CA5 11/5/1984) 746 F.2d 1033  4

*Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 84-2436 (CA5 8/5/1985) 767 F.2d 214. .3

*Soc. of Fin. Exam'rs v. Nat'l Ass', of Cert. Fraud Exam'rs, Inc.*, 94-500074
   (CA5 1/3/1995) 41 F.3d 223. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 112 S.Ct. 2753 (1992) . . . . . . . .3

*Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 08-20578 (CA5 7/15/2009)
   576 F.3d 221. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

### Codes, Statutes, & Rules

Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, et seq. . . . . . . . . . . . . . . . .4

## MEMORANDUM

### Statement

Parasol is a plaintiff only in Case No. 09-3394—not in Case No. 10-0791. SnoWizard brought what should have been a counterclaim in 09-3394 as a 3d-party claim in 10-0791. In any case, it is a very feeble punch. SnoWizard has no *admissible* evidence that the words "snow wizard" were ever used at all on Parasol's website. Even if they ever were, they do not constitute a "use in commerce" of the SNOWIZARD trademark, and there is no actual or likely confusion. These 3d-party claims should be dismissed here on summary judgment.

## Claims At Issue

SnoWizard made these 3d-party claims in Case No. 10-0791:

3P-001. Lanham Act §32 (15 USC §1114) 3d-party claim against Parasol for infringement of SNOWIZARD for allegedly using "snow wizard" on website. (Rec.Doc.168, ¶¶77, 80, 81, 84.)

3P-002. LUTPA unfair-competition 3d-party claim against Parasol for allegedly using "snow wizard" on website. (Rec.Doc.168, ¶¶78, 82.)

3P-003. Article-2315 damages 3d-party claim against Parasol for allegedly using "snow wizard" on website. (Rec.Doc.168, ¶¶79, 83.)

Summary judgment here would dispose of all of the 3d-party claims, and is unlikely to affect any of the other issues in this consolidated litigation, because here the questions are whether "snow wizard" was ever on the website, whether "snow wizard" is a "use in commerce" of SNOWIZARD, and whether there was any actual or likely confusion under these specific facts.

## Legal Standards

Section 32 of the Lanham Act, codified at 15 USC §1114, controls the issue of purported infringement of a federally registered trademark.[1] Liability for trademark infringement hinges on whether a likelihood of confusion exists between the marks at issue.[2] "In a trademark infringement action, the paramount question is whether one mark is likely to cause confusion with another."[3] As a general proposition, misuse of a trademark as a metatag keyword can be a use in commerce which causes initial interest confusion, and can therefore be trademark infringement.[4] A finding of infringement may be made on summary judgment in appropriate circumstances.[5]

---

1. *Bd. of Sup. for L.S.U. v. Smack Apparel Co.*, 07-30580 (CA5 11/25/2008) 550 F.3d 465; *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 112 S.Ct. 2753 (1992).
2. *Elvis Presley Enters., Inc. v. Capece*, 97-20096 (CA5 5/71998) 141 F.3d 188, 193; citing *Soc. of Fin. Exam'rs v. Nat'l Ass', of Cert. Fraud Exam'rs, Inc.*, 94-500074 (CA5 1/3/1995) 41 F.3d 223, 227.
3. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 08-20578 (CA5 7/15/2009) 576 F.3d 221, 226; citing *Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 84-2436 (CA5 8/5/1985) 767 F.2d 214, 217.
4. *See Brookfield Commun., Inc. v. W. Coast Entertainment Corp.*, 98-56918 (CA9 4/22/1999) 174 F.3d 1036; *Bayer Corp. v. Custom School Frames, LLC*, 02-2604-AJM (E.D. La. 4/16/2003) 259 F.Supp.2d 503, 509; *Finance Exp. LLC v. Nowcom Corp.*, 07-1225-CJC (C.D. Cal. 6/18/2008) 564 F.Supp.2d 1160, 1176-77.
5. *Bd. of Sup. for L.S.U. v. Smack Apparel Co.*, 07-30580 (CA5 11/25/2008) 550 F.3d 465, 474.

Federal courts have treated the requirements of the Louisiana Unfair Trade Practices Act (LUTPA) as mirroring the Lanham Act,[6] which avoids the federal courts' having to apply two different analyses to Lanham-Act and LUTPA claims.

Article 2315 of the Louisiana Civil Code functions much like a common-law tort—the article requires that damages be asserted in pleading and proven at trial.

## Argument

**SnoWizard has a registered trademark, but it was not infringed here.**

SnoWizard has a federally registered trademark in SNOWIZARD for "food flavorings", which is relevant to the claims here. SnoWizard also has a federally registered trademark in SNOWIZARD for ice-shaving machines, which is not relevant to the claims here because Parasol does not compete in offering or selling ice-shaving machines, and SnoWizard neglected to sue for dilution. Parasol did not infringe any of the SNOWIZARD trademarks.

**SnoWizard cannot show that "snow wizard" was ever used at all by Parasol.**

SnoWizard accuses Parasol of using the words "snow wizard" on the <parasolflavors.com> internet website. In discovery responses and in deposition, Parasol has denied having any knowledge of any such use of "snow wizard", and has submitted print-outs or listings of several web-pages from the <parasolflavors.com> website. Parasol's evidence shows that the words "snow wizard" are *not* used on the website. (Established Facts Nos. 1 & 2.) It is SnoWizard's burden at trial to show that those words were ever used on Parasol's website. For this summary judgment, it is SnoWizard's burden to show that there is any triable question whether those words were ever used on Parasol's website—and SnoWizard cannot meet that burden.

SnoWizard has no *admissible* evidence that "snow wizard" was ever used on Parasol's website. *Admissible* evidence would be a print-out generated by someone

---

6. *Bd. of Sup. of L.S.U. v. Smack Apparel*, 04-1593 (E.D.La. 7/18/2006) 438 F.Supp.2d 653, 663; *Prudhomme v. Procter & Gamble Co.*, 92-1049 (E.D.La. 9/14/1992) 800 F.Supp. 390, 395; *Louisiana World Exposition, Inc. v. Logue*, 84-3032 (CA5 11/5/1984) 746 F.2d 1033, 1039; *Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*, 82-4451 (CA5 2/21/1984) 725 F.2d 336.

other than SnoWizard's trial counsel—someone who could provide a foundation. All that SnoWizard has is a document (Rec.Doc.168-3) purporting to have been generated on 10 September 2010 at either 1:33pm or 1:31pm—just before being filed in court at 2:02pm that same day. The document itself contains a troubling facial inconsistency: page 1 was generated at 1:33pm, but pages 2–7 were all generated at 1:31pm. Unless SnoWizard's counsel can establish that time was running backwards on that Friday, the document is exposed as a cut-and-paste job unworthy of this Court's consideration.

With no admissible evidence, SnoWizard cannot show that Parasol ever used the words "snow wizard" on the <parasolflavors.com> website.

**SnoWizard cannot show that the trademark SNOWIZARD was "used in commerce" by Parasol.**

SnoWizard accuses Parasol of using the words "snow wizard" as metatag keywords on the <parasolflavors.com> internet website. All metatags, including keywords, are, by definition, not normally visible to human viewers of websites, but are designed to influence the behind-the-scenes functioning and display of websites. Metatag keywords affect the behind-the-scenes searching-for and locating websites. Although misuse of a trademark as a metatag keyword can possibly be an infringing use in commerce, SnoWizard cannot sustain its burden to show a triable issue whether the trademark SNOWIZARD was used in commerce here in this case.

"Snow wizard" and "SNOWIZARD" might sound alike to the human ear, but internet searches are performed by computers which process words differently. It is SnoWizard's burden to show that its trademark SNOWIZARD was *used in commerce* by Parasol, which here would require a showing that the alleged use of "snow wizard" as metatag keywords is the same as using the actual SNOWIZARD trademark as a metatag keyword. SnoWizard might have found an expert in computer searches to connect the dots, but no such expert was identified by the deadline, and SnoWizard cannot possibly meet it's burden to make even a *prima-facie* showing that Parasol ever *used-in-commerce* the trademark SNOWIZARD by using the words "snow wizard".

**SnoWizard cannot show actual or even likely confusion.**

Even if SnoWizard could establish that SNOWIZARD was ever used in commerce on Parasol's website, it cannot establish that consumer confusion ever actually occurred or was ever even likely. SnoWizard cannot show any instance of *actual* confusion. SnoWizard cannot show even a print-out of a Google® or other internet search where the search term "snow wizard" resulted in any false result favoring Parasol. Without such a false search result to at least suggest confusion, SnoWizard cannot establish any likelihood of confusion.

The expert that SnoWizard did *not* retain to explain whether the computer-search-terms "snow wizard" and "SNOWIZARD" produce the same results could probably have also provided some evidence whether the words would be likely to produce false search results favorable to Parasol. But SnoWizard has not identified any such expert, and therefore cannot meet its burden.

**SnoWizard cannot possibly prove any actual damages because SnoWizard has refused to provide any financial data in discovery.**

SnoWizard has foreclosed the possibility of ever proving any actual damages by refusing to produce any meaningful financial data in discovery. SnoWizard's data was asked for, and was even the object of a motion to compel— but SnoWizard swore that its own financial data was irrelevant to any issue in these consolidated cases.[7] At trial, SnoWizard cannot introduce anything that was refused in discovery, so there is no possibility that SnoWizard can ever prove even a dollar of actual damages here. Therefore, summary judgment on at least the issue of actual damages is warranted.

SnoWizard has always contended that actual, specific damages must be proven—even in the pleadings—in order to establish standing and maintain a trademark action. The Plaintiffs have urged a more nuanced view of standing, but under SnoWizard's own view, SnoWizard's own claims here cannot be maintained because SnoWizard cannot possibly establish any financial loss because SnoWizard has refused to provide any of its own financial data.

---

7.   Rec.Doc.186, 26 OCT 2010 Order on Motion to Compel.

## Conclusion

Because SnoWizard cannot establish an infringing use in commerce and cannot establish even a likelihood of confusion, SnoWizard's 3d-party claims against Parasol for trademark infringement and unfair competition under the LUTPA and Article 2315 should be dismissed on summary judgment. Alternatively, because SnoWizard cannot establish any actual damages for its claims, summary judgment finding no liability for actual damages should be entered.

RESPECTFULLY SUBMITTED:
Attorney for Plaintiffs

*Mark Andrews*

Mark Edw. Andrews, La. Bar No. 26172
Andrews Arts & Sciences Law, LLC
7104 Coliseum St., New Orleans, LA  70118
504-383-3632
mea@mealaw.com

**Certificate of Service**
I certify that this document is electronically filed and is therefore served on all counsel via the CM/ECF system, this 3 January 2011.

*Mark Andrews*