UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN SNOW MFG. CO., INC.**<br>v.<br>**SNOWIZARD, INC.**<br>―――――――――――――<br>**PARASOL FLAVORS, LLC, &**<br>**SOUTHERN SNOW MFG. CO., INC.**<br>v.<br>**SNOWIZARD, INC.**<br>―――――――――――――<br>**SOUTHERN SNOW MFG. CO., INC.**<br>**& SIMEON, INC.**<br>v.<br>**SNOWIZARD, INC.** | CIVIL ACTION<br><br>CASE NO.   06-9170<br>  c/w       09-3394<br>           10-0791<br><br>SEC. A, JUDGE JAY C. ZAINEY<br><br>MAG. 1, MAG. JUDGE SALLY SHUSHAN<br><br>JURY DEMANDED |

MEMORANDUM IN SUPPORT OF
COUNTER-DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT
ON THE REMAINING COUNTERCLAIMS

MAY IT PLEASE THE COURT, Counter-Defendants Southern Snow Mfg. Co., Inc., Parasol Flavors, LLC, and Simeon, Inc., have moved for partial summary judgment on the remaining counterclaims which have not already been dismissed in these 3 consolidated actions 06-9170, 09-3394, and 10-0791, for the reasons set forth here.

### TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2
Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
Claims At Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5
  SnoWizard's remaining Counterclaims against Southern Snow. . . . . . . . . . . . . . . .5
  SnoWizard's remaining Counterclaims against Parasol. . . . . . . . . . . . . . . . . . . . . .6
  SnoWizard's remaining Counterclaims against Simeon, Inc. . . . . . . . . . . . . . . . . . .7
Claims Not At Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7
  Counterclaims already dismissed on summary judgment in February 2010. . . . . . .7
Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8
Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9
  SnoWizard cannot possibly prove any actual damages because SnoWizard
    has refused to provide any financial data in discovery. . . . . . . . . . . . . . . . . . . . . .9
  The Counter-Defendants do not dispute SnoWizard's standing, but point out
    that SnoWizard would have no standing under the standing requirements
    it has urged throughout this litigation.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

Simeon's federally registered trademarks SOUTHERN SNOW and FLAVOR SNOW are rebuttably presumed to be valid, and SnoWizard cannot meet its burden to show a triable issue of invalidity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

SnoWizard's infringement and related counterclaims fail on the required element of confusion, with no need to assess the validity of the purported trademarks here on summary judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

SnoWizard cannot establish even a likelihood of confusion because all of the goods are sold with the "house brand" prominently displayed. . . . . . . . . . . . . . .11

Judicial review of the USPTO TTAB decision cancelling registration of ORCHID CREAM VANILLA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

Counterclaims for attorney fees for groundless, bad-faith main claims have been made moot and should be dismissed here. . . . . . . . . . . . . . . . . . . . . . . . .14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

## TABLE OF AUTHORITIES
### Cases

*Bd. of Sup. for L.S.U. v. Smack Apparel Co.*, 07-30580 (CA5 11/25/2008) 550 F.3d 465 . 8, 11

*Bd. of Sup. of L.S.U. v. Smack Apparel*, 04-1593 (E.D.La. 7/18/2006) 438 F.Supp.2d 653 . 9

*Elvis Presley Enters., Inc. v. Capece*, 97-20096 (CA5 5/71998) 141 F.3d 188  . . . . 8, 11

*Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH*, 00-60875 (CA5 4/22/2002) 289 F.3d 351. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*, 82-4451 (CA5 2/21/1984) 725 F.2d 336. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*Ferring B.V. v. Barr Laboratories, Inc.*, 05-1284 (CAFC 2/15/2006) 437 F.3d 1181 . . 3

*Louisiana World Exposition, Inc. v. Logue*, 84-3032 (CA5 11/5/1984) 746 F.2d 1033 . 9

*Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 84-2436 (CA5 8/5/1985) 767 F.2d 214. . 8, 11

*Pebble Beach Co. v. Tour 18 I Ltd.*, 96-21102 (CA5 9/14/1998) 155 F.3d 526 . . . . . . . 8

*Sno-Wizard Mfg., Inc. v. Eisemann Products Co.*, 84-3755 (CA5 6/11/1986) 791 F.2d 423  8, 12

*Soc. of Fin. Exam'rs v. Nat'l Ass', of Cert. Fraud Exam'rs, Inc.*, 94-500074 (CA5 1/3/1995) 41 F.3d 223. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8, 11

*Sugar Busters, LLC v. Brennan*, 98-31063 (CA5 5/25/1999) 177 F.3d 258 . . . . . . . . . 8

*Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 112 S.Ct. 2753 (1992) . . . . . . . . 8

*Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 08-20578 (CA5 7/15/2009) 576 F.3d 221. . 8, 11

### Codes, Statutes, & Rules

15 USC §1071(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

15 USC §1125(a), Lanham Act §43(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8, 11

Lanham Act, 15 USC §1051, *et seq*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

Louisiana Civil Code Article 2315 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 10

Louisiana Unfair Trade Practices Act, La. R.S. 51:1405, *et seq*. . . . . . . . . . . . .8, 9, 10

# MEMORANDUM

## Statement

A summary judgment on this motion will eliminate at least a full day of jury trial. It will eliminate all of SnoWizard's remaining counterclaims. Many of SnoWizard's counterclaims were already dismissed by Judge Lemmon in February 2010 in the 09-3394 case. Some of the counterclaims at issue here involve different questions of law than those before Judge Lemmon, although some of the counterclaims involve the same issues. This motion seeks summary judgment on the judicial review of the USPTO TTAB's 10 December 2009 order cancelling ORCHID CREAM VANILLA. This motion does not require any determination of fraud, or even willfulness or knowledge, which avoids any issue of the caselaw[1] saying that such questions of fraudulent intent are unsuited for determination on summary judgment. This motion does not seek any determination on any of the main claims in these 3 consolidated actions, although, like Judge Lemmon's February judgment, any determination that purported trademarks are generic or otherwise invalid may have a strong bearing on any later judgment on the main claims.

## Background

In March 2005, SnoWizard sent a "cease and desist" letter to its business competitor Southern Snow, who brought an administrative cancellation action in 2005 against ORCHID CREAM VANILLA in the U.S. Patent and Trademark Office (USPTO). Then, after uncovering additional evidence of SnoWizard's abuse, Southern Snow in 2006 filed an unfair-competition action in state court for ORCHID CREAM VANILLA, WHITE CHOCOLATE & CHIPS, SNOBALL, and claiming to have invented the whole snowball industry, which SnoWizard removed to this federal court. **SnoWizard brought counterclaims in 2006 for ORCHID CREAM VANILLA and WHITE CHOCOLATE & CHIPS.** In January 2008, the federal-district-court action was stayed because it was anticipated that the USPTO TTAB was about to

---

1. *Ferring B.V. v. Barr Laboratories, Inc.*, 05-1284 (CAFC 2/15/2006) 437 F.3d 1181, 1204 (fraudulent intent generally unsuitable for summary judgment).

render a decision on ORCHID CREAM VANILLA. The TTAB rendered its decision in December 2009—the ORCHID CREAM VANILLA registration was cancelled.

While this district-court action was stayed during all of 2008 and 2009, SnoWizard filed more federal and state trademark registrations. SnoWizard did not send Southern Snow another "cease and desist" letter, though, and instead sent the letter to Parasol, another business competitor. Parasol filed civil action 09-3394 in response, and Southern Snow later joined the lawsuit. This lawsuit involved the purported trademarks SNOSWEET, HURRICANE, PRALINE, KING CAKE, BUTTERED POPCORN, MUDSLIDE, GEORGIA PEACH, DILL PICKLE, CAKE BATTER, and BUTTERCREAM. **SnoWizard filed counterclaims in the 09-3394 action. On 25 February 2010, Judge Lemmon filed a summary judgment (Rec.Doc.09-3394-56) dismissing all of SnoWizard's counterclaims in the 09-3394 action *except* the counterclaims regarding SNOSWEET**, because no summary judgement was moved for SNOSWEET. **Judge Lemmon determined that HURRICANE, KING CAKE, BUTTERED POPCORN, GEORGIA PEACH, DILL PICKLE, PRALINE, and BUTTERCREAM were generic and not capable of serving as trademarks.** SnoWizard immediately did nothing whatsoever to stop claiming these trademarks to customers and potential customers.

On 4 March 2010, Southern Snow and Simeon filed civil action 10-0791 against SnoWizard's infringement of SOUTHERN SNOW and FLAVOR SNOW and against the purported trademarks CAJUN RED HOT, CHAI LATTEA, COOKIE DOUGH, MOUNTAIN MAPLE, SNOFREE, SNOSOUR, SNOBALLS (design), SWISS ALMOND COCO, TIRAMISU, and ZEPHYR. **SnoWizard filed counterclaims in 10-0791 on 10 September 2010 (Rec.Doc.168) for cancellation of SOUTHERN SNOW and FLAVOR SNOW, and for infringement, etc., of MOUNTAIN MAPLE, CAJUN RED HOT, & GEORGIA PEACH.**

SnoWizard also filed counterclaims in each of the actions for attorney fees for groundless, bad-faith, and harassing main claims.

## Claims At Issue

(A catalog of all of the counterclaims in this consolidated litigation, grouped and re-grouped by several criteria, is attached as Appendix A.)

**SnoWizard's remaining Counterclaims against Southern Snow.**

CC-001. Counterclaim against Parasol for "judicial review" of USPTO TTAB decision cancelling ORCHID CREAM VANILLA. (Rec.Doc.107, ¶4.)

CC-002. Lanham Act §32 (15 USC §1114) counterclaim against Southern Snow for infringement for ORCHID CREAM VANILLA. (Rec.Doc.38, ¶¶65–69.)

CC-003. Lanham Act §43(a) (15 USC §1125(a)) counterclaim against Southern Snow for unfair competition for ORCHID CREAM VANILLA. (Rec.Doc.38, ¶¶70–73.)

CC-004. Lanham Act §43(c) (15 USC §1125(c)) counterclaim against Southern Snow for dilution for ORCHID CREAM VANILLA. (Rec.Doc.38, ¶¶77–80.)

CC-005. LUTPA counterclaim against Parasol for unfair competition for ORCHID CREAM VANILLA. (Rec.Doc.38, ¶¶96–99.)

CC-006. Lanham Act §43(c) (15 USC §1125(c)) counterclaim against Southern Snow for dilution for WHITE CHOCOLATE & CHIPS. (Rec.Doc.38, ¶¶81–83.)

CC-007. Counterclaim against Southern Snow for Louisiana trademark infringement (La. R.S. 51:222) for WHITE CHOCOLATE & CHIPS. (Rec. Doc.38, ¶¶84–88.)

CC-008. Counterclaim against Southern Snow for LUTPA and Article-2315 unfair-competition and damages for WHITE CHOCOLATE & CHIPS. (Rec. Doc.38, ¶¶89–92.)

CC-009. Counterclaim against Southern Snow for Louisiana trademark dilution (La. R.S. 51:223.1) for WHITE CHOCOLATE & CHIPS. (Rec.Doc.38, ¶¶93–95.)

CC-010. Counterclaim against Southern Snow for attorney fees for groundless, bad-faith, and harassing main claims in 06-9170. (Rec.Doc.38, ¶¶100–102.)

CC-071. Counterclaim against Southern Snow for attorney fees for groundless, bad-faith, and harassing main claims in 09-3394. (Rec.Doc.09-3394-22, p.177, ¶¶215–217.)

CC-072. Lanham Act §32 (15 USC §1114) counterclaim against Southern Snow for infringement of MOUNTAIN MAPLE. (Rec.Doc.168, ¶¶85–89.)

CC-073. Lanham Act §43(a) (15 USC §1125(a)) counterclaim against Southern Snow for unfair competition for MOUNTAIN MAPLE. (Rec.Doc.168, ¶¶90–93.)

CC-074. Counterclaim against Southern Snow for Louisiana trademark infringement (La. R.S. 51:222) for MOUNTAIN MAPLE. (Rec.Doc.168, ¶¶94–98.)

CC-075. LUTPA and Article-2315 unfair-competition and damages counterclaim against Southern Snow for MOUNTAIN MAPLE. (Rec.Doc.168, ¶¶99–102.)

CC-076. Counterclaim against Southern Snow for Louisiana trademark dilution (La. R.S. 51:223.1) for MOUNTAIN MAPLE. (Rec.Doc.168, ¶¶103–105.)

CC-077. Lanham Act §43(a) (15 USC §1125(a)) counterclaim against Southern Snow for unfair competition for CAJUN RED HOT. (Rec.Doc.168, ¶¶106–109.)

CC-078. Counterclaim against Southern Snow for Louisiana trademark infringement (La. R.S. 51:222) for CAJUN RED HOT. (Rec.Doc.168, ¶¶110–114.)

CC-079. LUTPA and Article-2315 unfair-competition and damages counterclaim against Southern Snow for CAJUN RED HOT. (Rec.Doc.168, ¶¶115–118.)

CC-080. Counterclaim against Southern Snow for Louisiana trademark dilution (La. R.S. 51:223.1) for CAJUN RED HOT. (Rec.Doc.168, ¶¶119–121.)

CC-081. Lanham Act §43(a) (15 USC §1125(a)) counterclaim against Southern Snow for unfair competition for GEORGIA PEACH. (Rec.Doc.168, ¶¶122–125.)

CC-082. Counterclaim against Southern Snow for Louisiana trademark infringement (La. R.S. 51:222) for GEORGIA PEACH. (Rec.Doc.168, ¶¶126–130.)

CC-083. LUTPA and Article-2315 unfair-competition and damages counterclaim against Southern Snow for GEORGIA PEACH. (Rec.Doc.168, ¶¶131–134.)

CC-084. Counterclaim against Southern Snow for Louisiana trademark dilution (La. R.S. 51:223.1) for GEORGIA PEACH. (Rec.Doc.168, ¶¶135–140.)

CC-087. Counterclaim against Southern Snow for attorney fees for groundless, bad-faith, and harassing main claims in 10-0791. (Rec.Doc.168, p.69, Prayer, ¶(m).)

**SnoWizard's remaining Counterclaims against Parasol.**

CC-011. Lanham Act §32 (15 USC §1114) counterclaim against Parasol for infringement for SNOSWEET. (Rec.Doc.09-3394-22, p.63–64, ¶¶150–154.)

CC-012. Lanham Act §43(a) (15 USC §1125(a)) counterclaim against Parasol for unfair competition for SNOSWEET. (Rec.Doc.09-3394-22, p.64–65, ¶¶155–158.)

CC-013. Counterclaim against Parasol for Louisiana trademark infringement (La. R.S. 51:222) for SNOSWEET. (Rec.Doc.09-3394-22, p.66–67, ¶¶159–163.)

CC-014. LUTPA and Article-2315 unfair-competition and damages counterclaim against Parasol for SNOSWEET. (Rec.Doc.09-3394-22, p.67–68, ¶¶164–167.)

CC-015. Counterclaim against Parasol for Louisiana trademark dilution (La. R.S. 51:223.1) for SNOSWEET. (Rec.Doc.09-3394-22, p.69, ¶¶168–170.)

CC-045.  Counterclaim against Parasol for attorney fees for groundless, bad-faith, and harassing main claims in 09-3394. (Rec.Doc.09-3394-22, p.109, ¶¶256–258.)

**SnoWizard's remaining Counterclaims against Simeon, Inc.**

CC-085.  Counterclaim against Simeon, Inc., for cancellation of SOUTHERN SNOW under Lanham Act §37 (15 USC §1119) . (Rec.Doc.168, ¶¶141–146.)

CC-086.  Counterclaim against Simeon, Inc., for cancellation of FLAVOR SNOW under Lanham Act §37 (15 USC §1119) . (Rec.Doc.168, ¶¶141–146.)

CC-088.  Counterclaim against Simeon, Inc., for attorney fees for groundless, bad-faith, and harassing main claims in 10-0791. (Rec.Doc.168, p.69, Prayer, ¶(m).)

**Claims Not At Issue**

**Counterclaims already dismissed on summary judgment in February 2010.**

Judge Lemmon's summary judgment (Rec.Doc.09-3394-56) dismissed all of SnoWizard's counterclaims in the 09-3394 action *except* the counterclaims regarding SNOSWEET. (The Counter-Defendants had not moved for summary judgement for SNOSWEET.) Judge Lemmon's summary judgment dismissed all counterclaims for HURRICANE, PRALINE, KING CAKE, BUTTERED POPCORN, MUDSLIDE, GEORGIA PEACH, DILL PICKLE, CAKE BATTER, and BUTTERCREAM. (SnoWizard had voluntarily dismissed its counterclaims regarding MUDSLIDE and CAKE BATTER, as the summary judgment notes at Rec.Doc.09-3394-56,p.5.)

It is not clear to what extent SnoWizard's counterclaims for attorney fees for groundless, bad faith, and harassing main claims in 09-3394 (Rec.Doc.09-3394-22, p.109, ¶¶256–258, & p.177, ¶¶215–217) were disposed of by the February 2010 summary judgment, which makes no explicit mention of them.

Although SnoWizard's counterclaims for GEORGIA PEACH were dismissed on summary judgment on 25 February 2010, SnoWizard re-filed substantially the same counterclaims for GEORGIA PEACH on 10 September 2010 (Rec.Doc.168, ¶¶122–137) with the only substantial difference being that the new counterclaims were against Southern Snow, where the old counterclaims had been against Parasol.

### Legal Standards

Section 32 of the Lanham Act, codified at 15 USC §1114, controls the issue of infringement of federally registered trademarks, and Section 43 of the Lanham Act, codified at 15 USC §1125, controls the various issues here of infringement, dilution, or violation of unregistered federal, or state trademarks, unfair competition, and unfair trade practices.[2] Liability for trademark infringement hinges on whether a likelihood of confusion exists between the marks at issue.[3] "In a trademark infringement action, the paramount question is whether one mark is likely to cause confusion with another."[4] Where the real name of the actual source of the goods is prominently displayed on the goods, confusion is unlikely.[5] Finding infringement under the Lanham Act requires findings of (1) ownership of a protectible trademark, and (2) likelihood of confusion, and such findings may be made on summary judgment in appropriate circumstances.[6] A product feature that is functional cannot be protected as a trademark.[7] A generic feature cannot be protected as a trademark.[8] A descriptive mark may only serve as a trademark if it has acquired distinctiveness or secondary meaning,[9] which cannot happen if the purported marks were not used *exclusively*, or for not enough time.

The Louisiana Unfair Trade Practices Act (LUTPA) is the state law of unfair competition and trade practices. Federal courts have treated the requirements of the

---

2. *Bd. of Sup. for L.S.U. v. Smack Apparel Co.*, 07-30580 (CA5 11/25/2008) 550 F.3d 465; *Sugar Busters, LLC v. Brennan*, 98-31063 (CA5 5/25/1999) 177 F.3d 258; *Pebble Beach Co. v. Tour 18 I Ltd.*, 96-21102 (CA5 9/14/1998) 155 F.3d 526; *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 112 S.Ct. 2753 (1992).
3. *Elvis Presley Enters., Inc. v. Capece*, 97-20096 (CA5 5/71998) 141 F.3d 188, 193; *citing Soc. of Fin. Exam'rs v. Nat'l Ass', of Cert. Fraud Exam'rs, Inc.*, 94-500074 (CA5 1/3/1995) 41 F.3d 223, 227.
4. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 08-20578 (CA5 7/15/2009) 576 F.3d 221, 226; *citing Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 84-2436 (CA5 8/5/1985) 767 F.2d 214, 217.
5. *Sno-Wizard Mfg., Inc. v. Eisemann Products Co.*, 84-3755 (CA5 6/11/1986) 791 F.2d 423, 429.
6. *Bd. of Sup. for L.S.U. v. Smack Apparel Co.*, 07-30580 (CA5 11/25/2008) 550 F.3d 465, 474.
7. *Bd. of Sup. for L.S.U. v. Smack Apparel Co.*, 07-30580 (CA5 11/25/2008) 550 F.3d 465, 485; *Eppendorf-Netheler-Hinz GMBH v. Ritter GMBH*, 00-60875 (CA5 4/22/2002) 289 F.3d 351, 355.
8. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S.Ct. 2753 (1992).
9. *Id.*

LUTPA as mirroring the Lanham Act,[10] which avoids the federal courts' having to apply two different analyses to Lanham-Act and LUTPA claims.

Article 2315 of the Louisiana Civil Code functions much like a common-law tort—the article requires that damages be asserted in pleading and proven at trial.

A decision by the U.S. Patent and Trademark Office (USPTO) Trademark Trial and Appeal Board (TTAB) cancelling a trademark registration may be reviewed *de novo* by a district court, as has already been extensively briefed.

## Argument

**SnoWizard cannot possibly prove any actual damages because SnoWizard has refused to provide any financial data in discovery.**

SnoWizard has foreclosed the possibility of ever proving any actual damages by refusing to produce any meaningful financial data in discovery. SnoWizard's data was asked for, and was even the object of a motion to compel— but SnoWizard swore up and down that its own financial data was irrelevant to any aspect of these consolidated cases.[11] SnoWizard cannot introduce at trial anything that it explicitly refused to produce in discovery, so there is no possibility that SnoWizard can ever prove even a dollar of actual damages from any of the Counterclaims. Therefore, summary judgment on at least the issue of actual damages is warranted.

**The Counter-Defendants do not dispute SnoWizard's standing, but point out that SnoWizard would have no standing under the standing requirements it has urged throughout this litigation.**

It is no big deal to establish standing to bring a counterclaim, so standing will not be disputed here except to point out (1) that SnoWizard has no business need to use the registered trademarks SOUTHERN SNOW and FLAVOR SNOW, and would have absolutely no standing to sue to cancel those registered trademarks except that SnoWizard was caught infringing those trademarks on its website for the purpose

---

10. *Bd. of Sup. of L.S.U. v. Smack Apparel*, 04-1593 (E.D.La. 7/18/2006) 438 F.Supp.2d 653, 663; *Prudhomme v. Procter & Gamble Co.*, 92-1049 (E.D.La. 9/14/1992) 800 F.Supp. 390, 395; *Louisiana World Exposition, Inc. v. Logue*, 84-3032 (CA5 11/5/1984) 746 F.2d 1033, 1039; *Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*, 82-4451 (CA5 2/21/1984) 725 F.2d 336.
11. Rec.Doc.186, 26 OCT 2010 Order on Motion to Compel.

9

of diverting internet searches, and was sued for doing so; and (2) SnoWizard has always contended that actual, specific damages must be proven—even in the initial pleadings—in order to establish standing and maintain an action under the Lanham Act, LUTPA, or Article 2315. The Plaintiffs have urged a more nuanced view, but under SnoWizard's own view, SnoWizard's own counterclaims cannot be maintained because SnoWizard cannot possibly establish any financial loss because SnoWizard has refused to enter any of its own financial data into evidence.

**Simeon's federally registered trademarks SOUTHERN SNOW and FLAVOR SNOW are rebuttably presumed to be valid, and SnoWizard cannot meet its burden to show a triable issue of invalidity.**

SnoWizard has made the assertion that the federally registered trademark SOUTHERN SNOW is "primarily, geographically descriptive without having acquired distinctiveness" (Rec.Doc.168, ¶142), and the federally registered trademark FLAVOR SNOW is "generic and/or merely descriptive [...] without having acquired distinctiveness" (Rec.Doc.168, ¶143).

Established Facts Nos. 1 & 2 show that these are federally registered trademarks that have both been registered more than 3 years, were applied for since more than 4 years ago, and have been used in commerce for significantly more than 5 years. Therefore, even if the marks were descriptive, they have been used exclusively in commerce for plenty long enough to acquire distinctiveness or secondary meaning, and there is no possibility that SnoWizard can raise a triable issue and meet its high burden to prove that they have not been used exclusively for long enough.

As federally registered trademarks, SOUTHERN SNOW and FLAVOR SNOW enjoy a rebuttable presumption of validity. SnoWizard bears a high burden to prove invalidity at trial, and to show a triable issue of invalidity here on summary judgment. (Simeon's burden was to show valid registration certificates.) SnoWizard has no data at all to prove or even raise a question of genericness, and even if SnoWizard's arguments for descriptiveness are given any credence, the marks have been used exclusively in commerce for long enough to preserve their validity anyway.

SOUTHERN SNOW and FLAVOR SNOW are "house brands", and SnoWizard has absolutely no legitimate business need to use the marks. SnoWizard was caught illegitimately using the marks to divert internet searches, and these counterclaims to bust the marks are a very transparent, feeble reaction that should be dismissed on summary judgment here.

**SnoWizard's infringement and related counterclaims fail on the required element of confusion, with no need to assess the validity of the purported trademarks here on summary judgment.**

Liability for trademark infringement hinges on whether a likelihood of confusion exists between the marks at issue.[12] "In a trademark infringement action, the paramount question is whether one mark is likely to cause confusion with another."[13] Finding a violation of §43(a) requires findings of (1) ownership of a protectible trademark, and (2) likelihood of confusion, and such findings may be made on summary judgment in appropriate circumstances.[14] Here, the infringement, dilution, and unfair-competition-based-on-infringement counterclaims can be most easily disposed of under the likelihood-of-confusion element, although the counterclaims also fail under the protectible-trademark element, too. Because the validity questions require a separate fact-intensive inquiry which would have to be repeated for the main claims, the Counter-Defendants here focus their arguments on the confusion element, which is independently sufficient to dispose of the counterclaims.

**SnoWizard cannot establish even a likelihood of confusion because all of the goods are sold with the "house brand" prominently displayed.**

SnoWizard has adduced no evidence at all of any actual confusion. That leaves only the likelihood of confusion to be determined, and that determination can be made on summary judgment. All of the goods are sold with the real name of the

---

12. *Elvis Presley Enters., Inc. v. Capece*, 97-20096 (CA5 5/71998) 141 F.3d 188, 193; *citing Soc. of Fin. Exam'rs v. Nat'l Ass', of Cert. Fraud Exam'rs, Inc.*, 94-500074 (CA5 1/3/1995) 41 F.3d 223, 227.
13. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 08-20578 (CA5 7/15/2009) 576 F.3d 221, 226; *citing Marathon Mfg. Co. v. Enerlite Prods. Corp.*, 84-2436 (CA5 8/5/1985) 767 F.2d 214, 217.
14. *Bd. of Sup. for L.S.U. v. Smack Apparel Co.*, 07-30580 (CA5 11/25/2008) 550 F.3d 465, 474.

11

actual source of the goods prominently displayed. Where the real name of the actual source of the goods is prominently displayed, confusion is unlikely.[15] Therefore, as a matter of law applied to the established facts, there is no likelihood of confusion and therefore no infringement, dilution, unfair competition, or unfair trade practice. All of the counterclaims regarding SNOSWEET and the flavor names ORCHID CREAM VANILLA, WHITE CHOCOLATE & CHIPS, GEORGIA PEACH, MOUNTAIN MAPLE, and CAJUN RED HOT may be dismissed on this point alone. Even for the actually-registered trademarks SNOSWEET, ORCHID CREAM VANILLA, & MOUNTAIN MAPLE— since there is no confusion, there is no infringement or unfairness.

It is an established fact that the Counter-Defendants here sell their goods with labels which prominently display the real and actual source of the goods—the "house brand". (Established Facts Nos. 3 & 4.) All of Parasol's goods have PARASOL prominently identified as the source, including a stylized parasol, and all of Southern Snow's goods have SOUTHERN SNOW prominently identified as the source in large, stylized letters and a distinctive red-and-yellow color scheme. SnoWizard has not proffered any countering evidence whatsoever of actual confusion, and the caselaw teaches that confusion is unlikely where the actual source of the goods is prominently displayed, as here. Therefore, all of SnoWizard's counterclaims based on federal and state trademark law and unfair competition and trade practice for the purported trademarks SNOSWEET, ORCHID CREAM VANILLA, WHITE CHOCOLATE & CHIPS, GEORGIA PEACH, MOUNTAIN MAPLE, & CAJUN RED HOT fail on the essential element of confusion, and should be dismissed on summary judgment.

(For ORCHID CREAM VANILLA and GEORGIA PEACH, the other element— a protectible trademark—has already been determined by the TTAB and by Judge Lemmon to be absent.)

---

15. *Sno-Wizard Mfg., Inc. v. Eisemann Products Co.*, 84-3755 (CA5 6/11/1986) 791 F.2d 423, 429.

**Judicial review of the USPTO TTAB decision cancelling registration of ORCHID CREAM VANILLA**

The 15 USC §1071(b) judicial review of the 10 December 2009 decision of the USPTO TTAB, cancelling registration of ORCHID CREAM VANILLA, turns out to be much less interesting than was anticipated. Although SnoWizard stated at status conferences that it would present new evidence—and had the entire year 2010 to do so—no new evidence was produced in discovery, and therefore SnoWizard cannot possibly adduce any new evidence at trial, and only questions of law remain.

The complete record of the TTAB action has been admitted (Rec.Doc.136) into this civil action under 15 USC §1071(b)(3). Even at trial, there would be nothing about this TTAB-cancellation issue for a jury to consider. The questions are of law—specifically of applying the law to the undisputed facts of record—and those questions of law may be disposed of here on summary judgment.

The TTAB decision cancelling registration of ORCHID CREAM VANILLA was made by a panel of 3 Article-I, administrative-law judges. For a number of reasons, including Constitutional separation-of-powers concerns, a decision by the TTAB cannot possibly bind or control any federal district court. But, in making its own *de novo* review, a district court may consider that the TTAB panelists are specialists in trademark matters, and may accept a TTAB opinion as being well-reasoned and correctly decided regardless of its lack of any presumptions or controlling effect.

The TTAB obviously put some effort into its opinion, which is of record (Rec. Doc.117) and is appended here for convenience as Appendix B. The TTAB opinion speaks for itself better than a re-briefing here could do. SnoWizard has an opportunity in opposition here to point out the TTAB's specific errors—as SnoWizard neglected to do in the counterclaim (Rec.Doc.107) itself.

**Counterclaims for attorney fees for groundless, bad-faith main claims have been made moot and should be dismissed here.**

Pleading rules require that claims be brought together—whether or not they are all fully perfected. In this consolidated litigation, the Court has dismissed a few of the claims as being either inchoate or not supported by proof of specific, actual damages that the Court has wanted to see. But the bulk of the Plaintiffs' claims have not only survived—they have prevailed—not that one could tell from looking at SnoWizard's advertising, which still claims the "TM"s and circle-Rs that Judge Lemmon, the TTAB, and the Trademark Examining Attorneys have scuttled.

SnoWizard has counterclaimed for attorney fees for groundless, bad-faith, and harassing main claims against every plaintiff in every action. For the 09-3394 case, the Plaintiffs' claims have been vindicated by Judge Lemmon ruling that those trademarks were generic and invalid. Therefore the counterclaims for attorney fees against Parasol and Southern Snow in 09-3394 should surely be dismissed. In 06-9170, the TTAB's decision to cancel ORCHID CREAM VANILLA, and the USPTO's decision to deny registration of WHITE CHOCOLATE & CHIPS, are vindications of Southern Snow's position, and are reasons to dismiss the counterclaim for attorney fees in that case. In Case No. 10-0791, the Complaint survived (Rec.Doc.162) a combined motion to dismiss, to strike, and for a more definite statement. In the meantime, the USPTO has denied CAJUN RED HOT and SNOBALLS(design), which is some vindication even if it is not binding. The counterclaims in 10-0791 against Southern Snow and Simeon should be dismissed like the others. The Counter-Defendants point out that nothing here will prevent SnoWizard from asking for attorney fees if it somehow prevails in defeating the main claims.

## Conclusion

Because SnoWizard cannot show a triable factual question and cannot meet its high burden to prove the invalidity of the federally registered trademarks SOUTHERN SNOW and FLAVOR SNOW, the counterclaims seeking cancellation of those marks should be dismissed. Because SnoWizard cannot show a triable factual question and cannot, as a matter of law, establish the essential element of confusion to show infringement, dilution, or unfair-competition regarding the purported trademarks SNOSWEET, ORCHID CREAM VANILLA, WHITE CHOCOLATE & CHIPS, GEORGIA PEACH, MOUNTAIN MAPLE, & CAJUN RED HOT, those counterclaims should be dismissed. Because SnoWizard has adduced no new evidence, and has provided no good argument why the USPTO TTAB's cancellation of the registration for ORCHID CREAM VANILLA should not stand, the TTAB decision should be AFFIRMED on judicial review on summary judgment.

RESPECTFULLY SUBMITTED:
Attorney for Plaintiffs

*/s/ Mark Andrews*
_____
Mark Edw. Andrews, La. Bar No. 26172
Andrews Arts & Sciences Law, LLC
7104 Coliseum St., New Orleans, LA 70118
504-383-3632
mea@mealaw.com

**Certificate of Service**
I certify that this document is electronically filed and is therefore served on all counsel via the CM/ECF system, this 4 January 2011.

*/s/ Mark Andrews*