May 9, 2011

```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


SOUTHERN SNOW MANUFACTURING CO., ET AL.        CIVIL ACTION


VERSUS                                         NO. 06-9170 c/w
                                               09-3394, 10-791


SNO WIZARD HOLDINGS, INC., ET AL.              SECTION "A"(1)
```

**ORDER AND REASONS (Ref: 10-791)**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 273)** filed by Hanover Insurance Company. SnoWizard Holdings, Inc., SnoWizard, Inc., SnoWizard Extracts, Inc., and SnoWizard Supplies, Inc. (collectively "SnoWizard") as well as plaintiffs Southern Snow Manufacturing and Simeon, Inc. oppose the motion. The motion, set for hearing on March 30, 2011, is before the Court on the briefs without oral argument. For the reasons that follow the motion is GRANTED IN PART AND DENIED IN PART.

**I.   Background**

The factual and procedural background for these consolidated cases is contained throughout the record in the Court's rulings on the parties' numerous motions, most recently with respect to the Court's ruling on Plaintiffs' false advertising claims.

1

(Rec. Doc. 332).  It need not be repeated here.

Hanover was the commercial liability insurer of SnoWizard under policy ZHO 6287162 at all pertinent times.  According to the Insuring Agreement, the policy provides coverage to SnoWizard for personal and advertising injury liability as follows:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and [] advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.

Rec. Doc. 273-3, Exh A. CG 01 25 03 03, ¶ B(1)(a).  The policy defines "personal and advertising injury" in pertinent part as follows:

> Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services.

Id. CG 00 01 12 04, ¶ 14(d).  Pursuant to the express terms of the policy, Hanover's right and duty to defend end when "we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B . . . ."  (Rec. Doc. 273-3, Exh A. CG 01 25 03 03, ¶ B(1)(a)(2).

In late 2007, Hanover and SnoWizard filed cross motions for summary judgment on the issue of coverage in Civil Action 06-9170.  Hanover's contention since the time that SnoWizard first tendered defense of the lawsuit has been that it has no obligation to defend SnoWizard from the claims asserted by Southern Snow in Civil Action 06-9170 or to provide indemnity for

2

those claims. The Court ruled against Hanover reasoning that the term "disparages" was broad enough to leave open the possibility that a cease and desist letter, which contained an allegedly false accusation of trademark infringement, could trigger liability under the policy. (Rec. Doc. 87, O & R 1/2/08, at 5-6). Hanover moved for reconsideration but the Court administratively closed the case pending a ruling by the USPTO's TTAB on cancellation proceedings for ORCHID CREAM VANILLA.

Once Civil Action 06-9170 was reopened, cases 09-3394 and 10-791 were transferred for consolidation with 06-9170. SnoWizard and Hanover later settled the third-party claims with Hanover reserving all coverage defenses. (Rec. Doc. 190).

Hanover now moves for summary judgment contending that the evidence demonstrates that the policy does not provide coverage for the claims asserted and that Hanover therefore has no indemnity obligations nor any further duty to provide a defense for SnoWizard in Civil Action 10-791.

## II. Discussion

At the outset the Court clarifies that the question of whether the allegations in the complaint originally triggered Hanover's duty to defend is not before the Court. The only issues before the Court today are whether coverage exists under the policy, and whether Hanover's duty to defend terminates as a matter of law once it becomes clear that coverage is not a

possibility.

Hanover contends, and no party disputes, that if coverage applies under the policy then it must fall under the personal and advertising injury provision cited at page 2 above. That provision makes express references to slander, libel, and disparagement, none of which are defined in the policy. These terms have a "generally prevailing meaning" that is broader than the meaning that each assumes when it is defined in terms of the four legal elements that constitute a cause of action in tort.[1] This is particularly true of the term "disparage," which is not recognized as an independent tort in this state, and as Southern Snow points out, may have implications outside of tort in the law of unfair competition.

It is now undisputed that Southern Snow and Parasol lack evidence to sustain any type of defamation *tort* claim, whether in slander, libel, or disparagement. Thus, if coverage under Hanover's personal and advertising injury provision only attaches where the injury is caused by the torts of slander, libel, or

---

[1] Slander and libel are each types of defamation. Libel is defamation which is expressed in print or writing while slander is communicated by oral expressions. City of Natchitoches v. Emp. Reinsur. Corp., 819 So. 2d 413, 417 (La. App. 3rd Cir. 2002) (citing Black's Law Dictionary 1388 (6th ed. 1990)). Four elements are necessary to establish a defamation cause of action: 1) a false and defamatory statement, 2) an unprivileged publication to a third party, 3) fault (negligence or greater), and 4) resulting injury. Trentecosta v. Beck, 703 So. 2d 552, 559 (La. 1997) (citing Restatement (Second) of Torts § 558 (1977)).

4

disparagement then Hanover's policy will afford no coverage for Southern Snow's claims, regardless of how those claims are labeled or characterized.

Based on the reasoning applied by the Fifth Circuit in Lamar Advertising Co. v. Continental Casualty Co., 396 F.3d 654, 664 (5th Cir. 2005), and this Court's prior summary judgment ruling notwithstanding, the Court agrees with Hanover's contention that its policy does not afford coverage for the claims asserted in Civil Action 10-791. The motion is therefore GRANTED as to coverage.

The motion is DENIED insofar as Hanover seeks to terminate its defense obligations. The policy expressly states the circumstances that allow Hanover to terminate its defense duties and none of those circumstances apply to this case. Moreover, Allstate Insurance Co. v. Roy, 653 So. 2d 1327 (La. App. 1st Cir. 1995), does not stand for the proposition that Louisiana law implicitly allows Hanover to do what its contract of insurance does not allow. Roy merely recognizes that an insurer has no duty to defend when the undisputed facts clearly preclude coverage but the plaintiff simply chooses to omit those crucial, determinative facts from the petition. Id. at 1333. The factual underpinning of the Roy case that were crucial to that court's decision are simply not present in this case.

The duty to defend in Louisiana is much broader than

coverage and an insurer may very well be required to defend a claim for which there is ultimately no coverage.  In fact, the phrase "we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply," appears in the insuring agreement applicable to policies outside of Louisiana.  But the specific Louisiana insuring agreement endorsement included with this policy glaringly omits this phrase, likely in recognition of the broad and continuing duty to defend that is implicit in Louisiana law.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 273)** filed by Hanover Insurance Co. is **GRANTED IN PART AND DENIED IN PART.**

* * * * * * *

*[signature: Jay C. Zainey]*