June 8, 2011

                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

SOUTHERN SNOW MANUFACTURING CO., ET AL.        CIVIL ACTION

VERSUS                                          NO. 06-9170 c/w
                                             09-3394, 10-791

SNO WIZARD HOLDINGS, INC., ET AL.            SECTION "A"(1)

### **ORDER AND REASONS (Ref: 99-3394)**

Before the Court is a **Motion to Reconsider Validity of SNOSWEET® (Rec. Doc. 351)** filed by Plaintiffs. SnoWizard opposes the motion. The motion, set for hearing on June 8, 2011, is before the Court on the briefs without oral argument.

On April 18, 2011, the Court granted summary judgment in favor of SnoWizard as to the validity of SNOSWEET® (Rec. Doc. 333). The sole issue framed for consideration by SnoWizard's motion *and by Plaintiffs' opposition*[1] was Plaintiffs' contention that the 2006 and 2008 transfers of the product were insufficient to constitute "use in commerce." 15 U.S.C.A. § 1127 (2009). The Court rejected that contention as a matter of law and will not

---

[1] Plaintiffs' motion for reconsideration presents arguments that were not made in their original opposition or the supplement, both of which contained minimal argument pertaining to the validity of SNOSWEET®.

1

Case 2:06-cv-09170-NJB-SS   Document 371   Filed 06/08/11   Page 2 of 2

revisit it now.[2]  But the Court never considered issues such as exclusive or prior use or continuity *because no party raised those issues*.  The Court's ruling as to the validity of SNOSWEET® was not intended to foreclose any other properly pleaded claims.  But the question of whether the statutory use in commerce requirement is satisfied is closed.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Reconsider Validity of SNOSWEET® (Rec. Doc. 351)** filed by Plaintiffs is **DENIED**.

\* \* \* \* \* \* \*

*/s/ Jay C. Zainey*

---

[2] The Court conducted extensive research and could find no case to suggest that the transfers that SnoWizard *could* demonstrate via documentary evidence do not constitute use in commerce.  The Court could find no support for the suggestion that a transfer of funds or an actual "sale," which is the point that Plaintiffs kept pressing, is required.  In fact, the legislative history associated with the changes in the law that eliminated token and sham use specifically envisions transfers for purposes like testing that do not involve sales.  Moreover, the issues of disputed fact that Plaintiffs have identified are not material.  The question of whether SnoWizard's demonstrated use of a mark constitutes use in commerce and whether The SnoWizard SnoBall Shoppe is a related entity are questions of law that the Court decides.  These are not questions for a jury.