UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | |
| | * | CIVIL ACTION |
| **SOUTHERN SNOW MFG. CO., INC.,** | * | |
| et al. | * | CASE NO. 06-9170 c/w 09-3394, |
| | * | 10-971, 11-880, 11-1499 |
| vs. | * | |
| | * | SECT. "A", JUDGE ZAINEY |
| **SNOWIZARD HOLDINGS, INC.,** | * | |
| et al. | * | MAG. DIV. 1, |
| | * | MAG. JUDGE SHUSHAN |
| | * | |

**SNOWIZARD, INC.'S COUNTERCLAIMS
FOR PATENT INFRINGEMENT(Ref: 11-1499)**

NOW INTO COURT, through undersigned counsel, comes defendant SnoWizard, Inc., who respectfully represents:

*Parties*

**1.**

Plaintiff-in-counterclaim is SnoWizard, Inc. ("SnoWizard"), a Louisiana corporation with its principal place of business in Jefferson, Jefferson Parish, Louisiana and a defendant in the main demand.

**2.**

Made defendants-in-counterclaim are:

(a) Southern Snow Manufacturing Company, Inc. ("Southern Snow"), a Louisiana corporation with its principal place of business in Belle Chasse, Plaquemines Parish, Louisiana and a plaintiff in the main demand;

(b) Banister & Co. Inc. ("Banister & Co."), a Louisiana corporation with its principal place of business in Belle Chasse, Plaquemines Parish, Louisiana;

(c) Milton G. Wendling, Jr. ("Wendling"), an individual domiciled on information and belief in Belle Chasse, Plaquemines Parish, Louisiana;

(d) Precision Metalsmiths, Inc. ("PMI"), an Ohio corporation with its principal place of business in Cleveland, Cuyahoga County, Ohio;

(e) Raggs Supply LP ("Raggs Supply"), on information and belief a Texas limited partnership with its principal place of business in Keller, Tarrant County, Texas and doing business as Raggs Sno-Cone Supplies, and a plaintiff in the main demand;

(f) Doty Management LLC ("Doty Management"), on information and belief a Texas limited liability company with its principal place of business in Keller, Tarrant County, Texas;

(g) Julie K. Doty ("Doty"), an individual domiciled on information and belief in Keller, Tarrant County, Texas and doing business as Raggs Sno-Cone Supplies; and

(h) Ron Robinson ("Robinson"), an individual domiciled on information and belief in Keller, Tarrant County, Texas and doing business as Raggs Sno-Cone Supplies.

*Jurisdiction and Venue*

**3.**

This is an action for patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, and this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**4.**

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because defendants-in-counterclaim were and are doing business in this district, and did commit and are committing acts of infringement of the patent sued upon herein in this district, and because a substantial part of the events or omissions giving rise to SnoWizard's claims occurred in this district.

*The Patent*

**5.**

On May 26, 2009, the U.S. Patent and Trademark Office issued Sciortino U.S. Patent No. 7,536,871 B1 (the "'871 Patent") to SnoWizard's President, Ronald R. Sciortino, for inventions in an icemaker with an improved cam assembly (the "Inventions"), and SnoWizard has been the exclusive licensee of the '871 Patent at all pertinent times since.

**6.**

Since the issuance of the '871 Patent, SnoWizard has taken steps to fulfil the marking requirements under 35 U.S.C. § 287(a), thereby giving notice to the public that the Inventions are patented under the '871 Patent.

**7.**

SnoWizard has the manufacturing capability to meet the needs of the market for the Inventions.

*Patent Infringement*
*by Southern Snow, Banister & Co., Wendling, and PMI*

**8.**

At all pertinent times Wendling was an officer, director, majority shareholder, and employee of Southern Snow and Banister & Co., and was the dominant force directing Southern Snow and Banister & Co.'s acts described herein.

**9.**

Since the issuance of the '871 Patent, Wendling, Southern Snow, and Banister & Co. have infringed the '871 Patent by making, selling, offering for sale, and/or using the Inventions, and by causing the Inventions to be made, used, offered for sale, and/or sold by each other and third parties, and will continue to do so unless enjoined by this Court.

**10.**

Wendling, Southern Snow, and Banister & Co. have directly infringed, contributorily infringed, and actively induced each other and third parties to infringe the '871 Patent.

**11.**

On information and belief, Wendling, Southern Snow, and Banister & Co. have had actual knowledge of the '871 Patent since approximately its date of issue, but notwithstanding such actual knowledge, they have continued and threaten to continue their infringement of the '871 Patent in flagrant disregard of SnoWizard's rights under the patent, and they have made and are making and threatening to make profits from said infringement, which profits rightfully belong to SnoWizard.

**12.**

During a three-year period beginning in about August 2004 until about September 2007, Wendling personally and directly participated in the process of copying the Inventions for the purpose of manufacturing and selling them, and personally and directly induced Southern Snow, Banister & Co., and a third party -- namely defendant PMI -- to copy the Inventions and create tooling for the purpose of manufacturing and selling them.

**13.**

Beginning in about September 2007, Wendling personally and directly induced Southern Snow, Banister & Co., and PMI to manufacture and sell the Inventions, and he personally and directly induced them to continue to manufacture and sell the Inventions even after the issuance of the '871 Patent on May 26, 2009.

**14.**

Wendling knowingly used Southern Snow and Banister & Co. as instruments to carry out his own wilful and deliberate infringement of the '871 Patent and for the purpose of attempting to avoid personal liability for his acts and for the acts of Southern Snow and Banister & Co.

**15.**

In the matter entitled "Southern Snow Mfg. Co. v. SnoWizard, Inc.," No. 10-4275, Sect. "A"(1) on the docket of the U.S. District Court for the Eastern District of Louisiana ("Case No. 10-4275"), Southern Snow filed and served photographs showing infringing snowball machine cam assemblies manufactured and sold by Southern Snow and PMI and sold by Southern Snow in its snowball machines in clear violation of SnoWizard's patent rights (10-4275, Rec. Docs. 20-1, 20-3, 20-4, 27-2, 27-3).

**16.**

Also in Case No. 10-4275, Southern Snow judicially admitted it had induced a third party to manufacture "a production quantity" of the improved cam assembly depicted in the photographs it had filed (10-4275, Rec. Doc. 27, pp. 1-2).

**17.**

Since the issuance of the '871 Patent, PMI has infringed the '871 Patent by making the Inventions on behalf of Wendling, Southern Snow, and Banister & Co. and by selling the Inventions to them, and by causing the Inventions to be used, offered for sale, and/or sold by Wendling, Southern Snow, and Banister & Co., and it will continue to do so unless enjoined by this Court.

**18.**

PMI has directly infringed, contributorily infringed, and actively induced Wendling, Southern Snow, and Banister & Co. to infringe the '871 Patent.

**19.**

On information and belief, PMI has had actual knowledge of the '871 Patent since approximately its date of issue, but notwithstanding such actual knowledge, it has continued and threatens to continue its infringement of the '871 Patent in flagrant disregard of SnoWizard's rights under the patent, and it has made and is making and threatening to make profits from said infringement, which profits rightfully belong to SnoWizard.

**20.**

In response to a subpoena issued to PMI in Case No. 10-4275, PMI denied possessing any paper or electronically stored documents or files relating to communications and business transactions between PMI and Southern Snow since January 1, 2004, despite its known business relationship with Wendling, Southern Snow, and Banister & Co. in connection with their copying, manufacture, and sale of the Inventions and their infringement of the '871 Patent during that time.

**21.**

Wendling, Southern Snow, Banister & Co., and PMI's infringement of the '871 Patent is wilful and wanton and in total disregard of SnoWizard's rights, warranting the trebling of damages pursuant to 35 U.S.C. § 284.

**22.**

SnoWizard has been deprived of substantial gains and profits and has suffered substantial damages as a result of Wendling, Southern Snow, Banister & Co., and PMI's infringement of the '871 Patent and by the threat of continued infringement.

**23.**

Unless this Court enjoins Wendling, Southern Snow, Banister & Co., and PMI from continuing to infringe the '871 Patent and from threatening to continue to infringe the '871 Patent, SnoWizard will be irreparably harmed and will suffer further damages.

**24.**

SnoWizard presently has no means of ascertaining the full extent of Wendling, Southern Snow, Banister & Co., and PMI's infringement of the '871 Patent or of the amounts of its damages resulting from said infringement except through the production of evidence thereof now in

Wendling, Southern Snow, Banister & Co., and PMI's possession and control, and all such evidence is material to SnoWizard's claims against Wendling, Southern Snow, Banister & Co., and PMI.

**25.**

Pursuant to 35 U.S.C. § 283, SnoWizard is entitled to preliminary and permanent injunctions in its favor and against Wendling, Southern Snow, Banister & Co., and PMI enjoining them from continuing to directly and contributorily infringe the '871 Patent and from continuing to actively induce each other and third parties to infringe the '871 Patent

**26.**

Pursuant to 35 U.S.C. § 284, SnoWizard is entitled to judgment in its favor and against Wendling, Southern Snow, Banister & Co., and PMI, jointly and severally, awarding all damages SnoWizard has sustained as a consequence of Wendling, Southern Snow, Banister & Co., and PMI's infringement of the '871 Patent, including increased damages in the amount of three times the damages sustained by SnoWizard, together with pre- and post-judgment interest, costs, and expenses.

**27.**

This is an exceptional case warranting the award of reasonable attorney fees and expenses in favor of SnoWizard and against Wendling, Southern Snow, Banister & Co., and PMI, jointly and severally, pursuant to 35 U.S.C. § 285.

*Patent Infringement*
*by Raggs Supply, Doty Management, Doty, and Robinson*

**28.**

At all pertinent times Doty Management was a general partner of Raggs, and as such it is responsible and liable for the acts and omissions of Raggs Supply described herein.

**29.**

On information and belief, Doty was a member, manager, and employee of Doty Management at all pertinent times.

**30.**

On information and belief, at all pertinent times Doty and Robinson were the dominant forces directing Doty Management and Raggs Supply's acts described herein.

**31.**

Since the issuance of the '871 Patent, Raggs Supply, Doty Management, Doty, and Robinson have infringed the '871 Patent by making, selling, offering for sale, and/or using the Inventions, and by causing the Inventions to be made, used, offered for sale, and/or sold by each other and third parties, and will continue to do so unless enjoined by this Court.

**32.**

Raggs Supply, Doty Management, Doty, and Robinson have directly infringed, contributorily infringed, and actively induced each other and third parties to infringe the '871 Patent.

**33.**

On information and belief, Raggs Supply, Doty Management, Doty, and Robinson have had actual knowledge of the '871 Patent since approximately its date of issue, but notwithstanding such actual knowledge, they have continued and threaten to continue their infringement of the '871 Patent in flagrant disregard of SnoWizard's rights under the patent, and they have made and are making and threatening to make profits from said infringement, which profits rightfully belong to SnoWizard.

**34.**

In Raggs Supply's complaint filed herein in Case No. 11-1499, Raggs judicially admitted that in June 2010, it "resumed its distributorship of SOUTHERN SNOW brand ice-shaving machines that it had suspended in 2005 because of SnoWizard's assertions of patents on the machine" (11-1499, Rec. Doc. 1, ¶ 189).

**35.**

Raggs Supply, Doty Management, Doty, and Robinson's infringement of the '871 Patent is wilful and wanton and in total disregard of SnoWizard's rights, warranting the trebling of damages pursuant to 35 U.S.C. § 284.

**36.**

SnoWizard has been deprived of substantial gains and profits and has suffered substantial damages as a result of Raggs Supply, Doty Management, Doty, and Robinson's infringement of the '871 Patent and by the threat of continued infringement.

**37.**

Unless this Court enjoins Raggs Supply, Doty Management, Doty, and Robinson from continuing to infringe the '871 Patent and from threatening to continue to infringe the '871 Patent, SnoWizard will be irreparably harmed and will suffer further damages.

**38.**

SnoWizard presently has no means of ascertaining the full extent of Raggs Supply, Doty Management, Doty, and Robinson's infringement of the '871 Patent or of the amounts of its damages resulting from said infringement except through the production of evidence thereof now in Raggs Supply, Doty Management, Doty, and Robinson's possession and control, and all such evidence is material to SnoWizard's claims against Raggs Supply, Doty Management, Doty, and Robinson.

**39.**

Pursuant to 35 U.S.C. § 283, SnoWizard is entitled to preliminary and permanent injunctions in its favor and against Raggs Supply, Doty Management, Doty, and Robinson enjoining them from continuing to directly and contributorily infringe the '871 Patent and from continuing to actively induce each other and third parties to infringe the '871 Patent

**40.**

Pursuant to 35 U.S.C. § 284, SnoWizard is entitled to judgment in its favor and against Raggs Supply, Doty Management, Doty, and Robinson, jointly and severally, awarding all damages SnoWizard has sustained as a consequence of Raggs Supply, Doty Management, Doty, and Robinson's infringement of the '871 Patent, including increased damages in the amount of three times the damages sustained by SnoWizard, together with pre- and post-judgment interest, costs, and expenses.

**41.**

This is an exceptional case warranting the award of reasonable attorney fees and expenses in favor of SnoWizard and against Raggs Supply, Doty Management, Doty, and Robinson, jointly and severally, pursuant to 35 U.S.C. § 285.

WHEREFORE, SnoWizard respectfully prays for judgment in its favor and against defendants-in-counterclaim as follows:

(a) Preliminarily and permanently enjoining Wendling, Southern Snow, Banister & Co., PMI, Raggs Supply, Doty Management, Doty, and Robinson, and each of their officers, members, agents, servants, employees, wholesalers, distributors, retailers, and all persons in concert or participation with them, from directly and contributorily infringing the '871 Patent and from actively inducing others to infringe the '871 Patent;

(b) Ordering Wendling, Southern Snow, Banister & Co., PMI, Raggs Supply, Doty Management, Doty, and Robinson to file with the Court and serve on SnoWizard within thirty (30) days after service of the preliminary and permanent injunctions, reports in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunctions, including the destruction of all infringing cam assemblies and the tooling for manufacturing them;

(c) Awarding all damages SnoWizard has sustained as a consequence of Wendling's, Southern Snow's, Banister & Co.'s, PMI's, Raggs Supply's, Doty Management's, Doty's, and Robinson's infringement of the '871 Patent, including increased damages in the amount of three times the damages sustained, together with pre- and post-judgment interest, costs, and expenses, in favor of SnoWizard and against Wendling, Southern Snow, Banister & Co., and PMI, jointly and

severally, in favor of SnoWizard and against Raggs Supply, Doty Management, Doty, and Robinson, jointly and severally;

(d) Awarding reasonable attorney fees incurred by SnoWizard in connection with this matter, in favor of SnoWizard and against Wendling, Southern Snow, Banister & Co., and PMI, jointly and severally, and in favor of SnoWizard and against Raggs Supply, Doty Management, Doty, and Robinson, jointly and severally; and

(e) Awarding such other and further relief as the Court deems just and equitable in the premises and all such relief to which SnoWizard is entitled.

         **RESPECTFULLY SUBMITTED,**

         **BRAD E. HARRIGAN, La. Bar # 29592**
         **SIMEON B. REIMONENQ, JR., # 19755**
         **LUGENBUHL, WHEATON, PECK, RANKIN &**
             **HUBBARD**
         **601 Poydras Street, Suite 2775**
         **New Orleans, Louisiana 70130**
         **Telephone: (504) 568-1990**
         **Facsimile: (504) 310-9195**
         **Email: bharrigan@lawla.com**

             - and -

         */s/ Jack E. Morris*

         **JACK E. MORRIS (Bar No. 22539) (T.A.)**
         **ATTORNEY AT LAW**
         **4051 Veterans Boulevard, Suite 208**
         **Metairie, Louisiana 70002**
         **Telephone: (504) 454-2769**
         **Facsimile: (504) 454-3855**
         **Email: jem@jemorrislaw.com**

             - and -

        **KENNETH L. TOLAR (Bar #22641)**
        2908 Hessmer Avenue, Suite 2
        Metairie, Louisiana  70002
        Telephone:  (504) 780-9891
        Facsimile:  (504) 780-7741
        Email:  tolar@cavtel.net

        *ATTORNEYS FOR SNOWIZARD, INC.*
        *AND RONALD R. SCIORTINO*

## CERTIFICATE OF SERVICE

  I hereby certify that on <u>August 29, 2011</u> I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those participants in the CM/ECF filing system.  I further certify that there are no non-participants in the CM/ECF system.

        /s/ *Jack E. Morris*
        _____
        **JACK E. MORRIS**