**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | * | |
| | * | CIVIL ACTION |
| **SOUTHERN SNOW MFG. CO., INC.,** | * | |
| **et al.** | * | **CASE NO. 06-9170 c/w 09-3394,** |
| | * | **10-971, 11-880, 11-1499** |
| **vs.** | * | |
| | * | **SECT. "A", JUDGE ZAINEY** |
| **SNOWIZARD HOLDINGS, INC.,** | * | |
| **et al.** | * | **MAG. DIV. 1,** |
| | * | **MAG. JUDGE SHUSHAN** |
| | * | |

**SNOWIZARD, INC. AND RONALD R. SCIORTINO'S**
**THIRD-PARTY COMPLAINT**
**AGAINST THE HANOVER INSURANCE COMPANY (Ref: 11-1499)**

NOW INTO COURT, through undersigned counsel, come defendants SnoWizard, Inc. and Ronald R. Sciortino, who respectfully represent:

**1.**

Third-party plaintiffs are:

(a)    SnoWizard, Inc., a Louisiana corporation with its principal place of business in Jefferson, Jefferson Parish, Louisiana and a defendant in the main demand; and

(b)    Ronald R. Sciortino, an individual domiciled in New Orleans, Orleans Parish, Louisiana and a defendant in the main demand.

**2.**

Made third-party defendant is The Hanover Insurance Company, a foreign insurer licensed to do and doing business in the State of Louisiana.

**3.**

This is a third-party action for declaratory judgment, breach of contract, and bad faith insurance claims adjusting arising under Rules 14(a) and 18(a) of the Federal Rules of Civil Procedure, the federal declaratory judgment statute, 28 U.S.C. § 2201, and Louisiana insurance and contract laws, La. R.S. 22:1 *et seq.* and La. C.C. art. 1953 *et seq.*, and supplemental subject matter jurisdiction herein is based upon 28 U.S.C. § 1367(a).

**4.**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because third-party defendant Hanover resides in this district and all defendants reside in this State, and because a substantial part of the events and omissions giving rise to SnoWizard's third-party claims herein occurred in this district.

**5.**

At all pertinent times Hanover insured SnoWizard and Sciortino under a policy of commercial general liability insurance (the "Hanover Policy").

**6.**

The Hanover Policy provides liability insurance coverage to SnoWizard and Sciortino in the amount of one million ($1,000,000) dollars for each occurrence and two million ($2,000,000) dollars in the aggregate, and further obligates Hanover to defend SnoWizard and Sciortino against any suit seeking damages because of alleged personal and advertising injury.

**7.**

The above-referenced Civil Action 11-1499 is consolidated with Civil Action 06-9170, in which the Court issued an Order and Reasons dated January 2, 2008 finding the Hanover Policy did

not unambiguously exclude coverage of all of the claims of the plaintiff in that matter, and therefore Hanover owed SnoWizard a defense against the entire action brought against SnoWizard (06-9170, Rec. Doc. 87, Order and Reasons).

**8.**

Thereafter, Hanover assumed the defense of SnoWizard against the claims of the plaintiffs in Civil Actions 06-9170, 09-3394, and 10-971, all of which are consolidated herein, and also against the claims of the same plaintiffs in Civil Action 10-4275, which was not consolidated herein.

**9.**

On May 9, 2011 and May 11, 2011 in the consolidated cases, the Court issued three Orders and Reasons finding Hanover was not entitled to terminate its contractual obligations to defend SnoWizard against the claims of the plaintiffs in the consolidated cases (06-9170, Rec. Docs. 342-343, 346, Orders and Reasons).

**10.**

On June 24, 2011, the plaintiffs in the main demand, Claude Black and Donna Black d/b/a Plum Street Snoballs, Theodore Eisenmann, Raggs Supply, LP d/b/a Raggs Sno-Cone Supplies, Special T Ice Co., Inc., Parasol Flavors, LLC, Simeon, Inc., Southern Snow Mfg. Co., Inc., and Snow Ingredients, Inc., filed a "Complaint" in the above-referenced Civil Action 11-1499 against SnoWizard and Sciortino realleging substantially the same facts and claims previously alleged in Civil Actions 06-9170, 09-3394, 10-971, and 10-4275 (the "11-1499 Complaint") (11-1499, Rec. Doc. 1, Complaint; 06-9170, Rec. Docs. 1, 113, 134, 167; 09-3394, Rec. Docs. 1, 19; 10-791, Rec. Docs. 1, 9; 10-4275, Rec. Docs. 1, 6, 41-4).

**11.**

On July 11, 2011, the Court consolidated Civil Action 11-1499 with Civil Actions 06-9170, 09-3394, and 10-971, and dismissed Civil Action 10-4275 without prejudice (06-9170, Rec. Doc. 383, Minute Entry (JS-10: 60) (Ref: All cases)).

**12.**

In or about June 2011, counsel for SnoWizard and Sciortino tendered the 11-1499 Complaint to Hanover for coverage and a defense against the lawsuit and claims of the plaintiffs in the main demand pursuant to the Hanover Policy.

**13.**

On July 14, 2011, Hanover denied SnoWizard and Sciortino's claim for coverage and a defense against the lawsuit and claims of the plaintiffs in the main demand even though the 11-1499 Complaint realleges substantially the same facts previously alleged in consolidated Civil Actions 06-9170, 09-3394, and 10-971 and dismissed Civil Action 10-4275, in each of which the Court had ruled, or Hanover had conceded, that Hanover owed a contractual obligation to defend SnoWizard against the claims asserted therein (06-9170, Rec. Docs. 87, 342-343, 346, Orders and Reasons).

**14.**

In denying SnoWizard and Sciortino's claims for coverage and a defense against the lawsuit and claims of the plaintiffs in the main demand, Hanover has breached the Hanover Policy in bad faith.

**15.**

Hanover's failures to defend SnoWizard and Sciortino against the lawsuit and claims of the plaintiffs in the main demand, and to pay the amount of SnoWizard and Sciortino's claims within

thirty or sixty days after its receipt of satisfactory proofs of loss, were arbitrary, capricious, and without probable cause.

**16.**

An actual controversy exists between SnoWizard and Sciortino and Hanover regarding Hanover's obligations under the Hanover Policy to provide coverage and a defense to SnoWizard and Sciortino against the lawsuit and claims of the plaintiffs in the main demand.

**17.**

By reason of the foregoing, SnoWizard and Sciortino have been injured and, pursuant to 28 U.S.C. § 2201 *et seq.*, are entitled to judgment in their favor and against Hanover declaring Hanover owes SnoWizard and Sciortino a defense and coverage against the lawsuit and claims of the plaintiffs in the main demand under the Hanover Policy.

**18.**

Additionally, in denying SnoWizard and Sciortino's claims for coverage and a defense against the lawsuit and claims of the plaintiffs in the main demand, Hanover has breached the Hanover Policy in bad faith, entitling SnoWizard and Sciortino to relief and damages for breach of contract pursuant to Louisiana contract law, La. C.C. art. 1953 *et seq.*

**19.**

Additionally, in arbitrarily, capriciously, and without probable cause failing to defend SnoWizard and Sciortino against the lawsuit and claims of the plaintiffs in the main demand and failing to pay the amount of SnoWizard and Sciortino's claims within thirty or sixty days after its receipt of satisfactory proof of loss, Hanover has violated the Louisiana Insurance Code Unfair Trade

Practices statutes, La. R.S. 22:1892 and La. R.S. 22:1973, entitling SnoWizard and Sciortino to general and special damages, penalties, and attorney fees.

WHEREFORE, defendants and third-party plaintiffs SnoWizard, Inc. and Ronald R. Sciortino respectfully pray for judgment in their favor and against third-party defendant The Hanover Insurance Company declaring Hanover owes SnoWizard and Sciortino a defense and coverage against the lawsuit and claims of the plaintiffs in the main demand under the Hanover Policy pursuant to 28 U.S.C. § 2201 *et seq.*, awarding relief and damages for bad faith breach of contract pursuant to La. C.C. art. 1953 *et seq.*, and awarding general and special damages, penalties, and attorney fees pursuant to La. R.S. 22:1892 and La. R.S. 22:1973, together with legal interest and costs and expenses, and such other and further relief as the Court deems just and equitable in the premises and all such relief to which SnoWizard and Sciortino are entitled.

**RESPECTFULLY SUBMITTED,**

**BRAD E. HARRIGAN, La. Bar # 29592**
**SIMEON B. REIMONENQ, JR., # 19755**
**LUGENBUHL, WHEATON, PECK, RANKIN &**
     **HUBBARD**
**601 Poydras Street, Suite 2775**
**New Orleans, Louisiana 70130**
**Telephone: (504) 568-1990**
**Facsimile: (504) 310-9195**
**Email: bharrigan@lawla.com**

**- and -**

*/s/ Jack E. Morris*

_____

**JACK E. MORRIS (Bar No. 22539) (T.A.)**
**ATTORNEY AT LAW**
**4051 Veterans Boulevard, Suite 208**
**Metairie, Louisiana  70002**
**Telephone:  (504) 454-2769**
**Facsimile:  (504) 454-3855**
**Email: jem@jemorrislaw.com**

**- and -**

**KENNETH L. TOLAR (Bar #22641)**
**2908 Hessmer Avenue, Suite 2**
**Metairie, Louisiana  70002**
**Telephone:  (504) 780-9891**
**Facsimile:  (504) 780-7741**
**Email:  tolar@cavtel.net**

***ATTORNEYS FOR SNOWIZARD, INC.***
***AND RONALD R. SCIORTINO***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on <u>August 29, 2011</u> I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those participants in the CM/ECF filing system.  I further certify that there are no non-participants in the CM/ECF system.

*/s/ Jack E. Morris*

_____

**JACK E. MORRIS**