UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN SNOW**<br>**MANUFACTURING CO., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-9170 c/w 09-3394,**<br>**10-0791, 10-4275, 11-880** |
| **SNOWIZARD HOLDINGS, INC., et al**<br>**Applies to 11-1499** | **and 11-1499-NJB-SS** |

### ORDER

MOTION OF SOUTHERN SNOW MANUFACTURING CO., INC. AND OTHERS TO COMPEL DISCOVERY IN 11-1499 (Rec. doc. 448)

**GRANTED IN PART AND DENIED IN PART**

On October 18, 2011, Southern Snow Manufacturing Co., Inc. ("Southern Snow"), Parasol Flavors, LLC, Simeon, Inc., Plum Street Snowballs, Theodore Eisenmann, Raggs Supply, LP, Special T Ice Co., Inc., Van's Snowballs, and Snow Ingredients, Inc. filed a motion for sanctions and to compel further responses to interrogatories and requests for production of documents from SnoWizard, Inc. ("SnoWizard"). Rec. doc. 448. The request for sanctions is denied.

Southern Snow and the other movers contend, in part, that SnoWizard's discovery responses are incomplete. SnoWizard filed an opposition with a declaration from Ronald Sciortino, dated October 25, 2011, explaining why the document production was incomplete. Rec. doc. 450. The movers submitted a reply disputing the statement in the declaration that documents were destroyed in 2005 and were unavailable. Rec. doc. 453. SnoWizard presented a supplemental declaration from Sciortino, dated November 1, 2011. Rec. doc. 458. It provides a satisfactory explanation for SnoWizard's inability to produce certain information.

In the October 25 declaration, Sciortino states that for some requests he has produced all the documents he could "readily" locate.  See Rec. doc. 450 (Exhibit A at para. 9).  This is an insufficient response.  For certain discovery requests, SnoWizard shall be required to provide an affidavit from Sciortino stating that, after a diligent search of all documents in his possession custody or control, he produced all documents responsive to the request ("Affidavit of Diligent Search").

In the November 1 declaration, Sciortino reports that: (1) certain programming must be completed before SnoWizard is able to produce the requested sales data; and (2) it may take four weeks to complete the programming and provide the sales data.  SnoWizard shall produce the requested sales data by **Friday, December 23, 2011.**

Request for production nos. 1 and 3.

The requests do not contain any temporal limit.  SnoWizard's objections are sustained.  No further response is required.

Request for production no. 7-9, 12, 13 and 15-17.

By **Friday, December 16, 2011**, SnoWizard shall provide the Affidavit of Diligent Search and produce any additional documents responsive to these requests.

Request for production no. 14.

By **Friday, December 23, 2011**, SnoWizard shall provide a privilege log for all documents responsive to this request, which it contends are protected from disclosure.

Interrogatory nos. 1-4.

SnoWizard's objections are overruled. By **Friday, December 16, 2011**, it shall: (1) answer the interrogatories; (2) provide the Affidavit of Diligent Search; and (3) produce any documents identified in response to the interrogatories, other than the sales data.

Interrogatory nos. 5-7.

SnoWizard answered subject to the objection. No further response is required.

Interrogatory nos. 8 and 9.

By **Friday, December 23, 2011**, SnoWizard shall provide a privilege log for all documents, which it contends are protected from disclosure and were withheld in response to these interrogatories.

Interrogatory no. 10.

SnoWizard answered subject to objections. It shall supplement its response by identifying with Bates numbers any document referred to in the response to the interrogatory.

IT IS ORDERED that the motion of Southern Snow and others to compel (Rec. doc. 448) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 22nd day of November, 2011.

                                                **SALLY SHUSHAN**
                                                **United States Magistrate Judge**