UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHERN SNO MANUFACTURING CO., INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9170** |
| | **09-3394** |
| | **10-0791** |
| | **11-0880** |
| | **11-1499** |
| **SNOWIZARD HOLDINGS, INC., et al.** | **SECTION: "G"(1)** |

<u>**ORDER AND REASONS**</u>

Before the Court is Third-party Defendant Hanover Insurance Company's ("Hanover") Motion for Summary Judgment.[1] In this motion Hanover requests that this Court dismiss with prejudice all claims brought against Hanover by Third-party Plaintiffs SnoWizard, Inc. and Ronald Sciortino (collectively "SnoWizard"). Having considered the motion, the response, the reply, the surreply, the record, and the applicable law, for the following reasons, the Court will grant Hanover's Motion for Summary Judgment.

**I. Background**

*A. Factual Background*

Plum Street Snoballs, Theodore Eisenmann, Raggs Supply, LP, Special T Ice, Co., Inc., Simeon, Inc., Southern Snow Manufacturing Co., Inc., and Snow Ingredients, Inc. (collectively "Plaintiffs") and SnoWizard are engaged in a flurry of litigation within the United States District Court for the Eastern District of Louisiana that extends even further than this suit (Civil Action No. 11-1499) ("Original Complaint") and its consolidated actions (Civil Actions Nos. 06-9170**,** 09-3394**,**

---

[1] Rec. Doc. 462.

10-0791, and 11-0880) ("Consolidated Cases"). In the Original Complaint, Plaintiffs allege that SnoWizard violated the Racketeer Influenced and Corrupt Organizations Act[2] ("RICO"), the Louisiana Unfair Trade Practices Act[3] ("LUTPA"), and various state and federal laws that protect against false designation of trademark and patent origin, trademark infringement, interstate fraud, interstate mail fraud, and extortion.

On July 11, 2011, this Court consolidated this case with the other Consolidated Cases.[4] On August 27, 2011, Plaintiffs amended their complaint ("Amended Complaint") and added claims against SnoWizard for monopolization of the snowball industry through alleged fraudulent procurement of certain trademark and patent rights, and for fraudulent assertions based upon non-existent trademark and patent rights.[5] SnoWizard approached Hanover, SnoWizard's commercial liability insurer, to provide it with its legal defense in this case. Upon considering the allegations of Plaintiffs, Hanover concluded that the policy provisions of its contract with SnoWizard did not compel it to defend SnoWizard in this case.[6]

### B. Procedural Background

This case was originally assigned to Judge Martin L.C. Feldman, Section "F." On June 28, 2011 it was transferred to Judge Jay C. Zainey, Section "A," and then ultimately reassigned to this Section, Section "G." On November 7, 2011, Hanover filed the present motion for summary

---

[2] 18 U.S.C. § 1961, *et seq.*

[3] La. R.S. § 51:1405, *et seq.*

[4] Rec. Doc. 383.

[5] *See* Rec. Doc. 412.

[6] Rec. Doc. 462-3 at p. 2.

judgment alleging that it is not bound to defend SnoWizard for the allegations made in the Original Complaint or Amended Complaint.[7] In response, SnoWizard filed its own cross-motion for summary judgment, seeking this Court to rule that Hanover has a duty to defend it as a matter of law.[8] On December 13, 2011, Hanover filed a reply and response to SnoWizard's motion.[9] Following leave of Court, SnoWizard filed a reply[10] and on December 22, 2011, Hanover filed its surreply to SnoWizard's cross-motion.[11]

## II. Parties' Arguments

Hanover points this Court to statutory and Supreme Court authority which explicitly states that the construction of an insurance policy must be governed by the substantive state law.[12] Under Louisiana law, Hanover argues, if a policy's wording is clear and unambiguous regarding the parties' intent, then it must be strictly enforced as written.[13] The policy for commercial liability insurance between Hanover and SnoWizard has two main coverage clauses implicated here: "Coverage A- Bodily Injury and Property Damage" and "Coverage B- Personal and Advertising

---

[7] Rec. Doc. 462.

[8] Rec. Docs. 490, 490-1. While SnoWizard filed its own cross-motion for summary judgment and memorandum in support, it also intended these filings to serve as its response in opposition to Hanover's motion for summary judgment. *See* Rec. Doc. 491 (SnoWizard incorporates its cross-motion for summary judgment as its response in opposition to Hanover's motion for summary judgment).

[9] Rec. Doc. 494. This filing served as Hanover's reply to its own motion for summary judgment and its opposition to SnoWizard's cross-motion for summary judgment. *See* Rec. Doc. 503.

[10] Rec. Doc. 515.

[11] Rec. Doc. 516.

[12] Rec. Doc. 462-3 at p. 7 (citing 28 U.S.C. § 1652 and *Ruhlin v. New York Ins. Co.*, 304 U.S. 202, 205 (1938)).

[13] *Id.* (citing *Cadwallader v. Allstate Ins. Co.*, 02-1637, p. 3 (La. 06/27/03); 848 So.2d 577, 580).

Injury." Hanover maintains that neither clause applies to the claims made against SnoWizard by

Plaintiffs, and therefore there is no duty to defend on the part of Hanover.[14]

Coverage A states:

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally
obligated to pay as damages because of "bodily injury" or
"property damage" to which this insurance applies. We will
have the right and duty to defend the insured against any
"suit" seeking those damages. We may, at our discretion,
investigate any "occurrence" and settle any claim or "suit"
that may result. But:

(1) The amount we will pay for damages is limited as
described in Section III – Limits of insurance; and

(2) Our right and duty to defend end when we have used
up the applicable limit of insurance in the payment of
judgments or settlements under Coverage A or B or
medical expenses under Coverage C. However,
using up the medical expense limit does not end our
right and duty to defend.

No other obligation or liability to pay sums or perform acts or
services is covered unless explicitly provided for under
Supplementary Payments – Coverages A and B.[15]

In the policy's "Definitions" section, "Property Damage" is defined as "physical injury to tangible

property." While Hanover denies that Plaintiffs claims against SnoWizard implicate the Coverage

A clause, Hanover points to the policy's exclusions clause which states:

2. **Exclusions**
This insurance does not apply to:

**a. Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended
from the standpoint of the insured. This exclusion does not

---

[14] *Id.* at p. 8.

[15] *Id.*; Exhibit A.

4

> apply to "bodily injury" resulting from the use of reasonable
> force to protect persons or property.[16]

Hanover claims that this exclusion clause is relevant because inherent in a RICO claim is "the

defendant's intent to cause harm, and intentional acts are excluded from the policy's coverage.[17]

Furthermore, a violation of LUTPA requires intentional conduct by the defendant, and therefore

would be excluded under Coverage A even if Plaintiffs' claims alleged the requisite "personal

injury"as defined in Coverage A.[18]

Likewise, Hanover argues that Coverage B does not create a duty for Hanover to defend

SnoWizard. Coverage B of the policy states:

> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally
> obligated to pay as damages because of "personal and
> advertising injury" to which this insurance applies. We will
> have the right and duty to defend the insured against any
> "suit" seeking those damages. We may, at our discretion,
> investigate any offense and settle any claim or "suit" that
> may result. But:
>
> > (1) The amount we will pay for damages is limited as
> > described in Section III - Limits Of Insurance; and
> >
> > (2) Our right and duty to defend end when we have used
> > up the applicable limit of insurance in the payment of
> > judgments or settlements under Coverages A or B or
> > medical expenses under Coverage C. However,
> > using up the Medical Expense Limit does not end our
> > right and duty to defend.
>
> No other obligation of liability to pay sums or perform acts or services
> is covered unless explicitly provided for under Supplementary
> Payments - Coverages A and B.

---

[16] *Id.* at p. 11.

[17] *Id.*

[18] *Id.* at p. 12.

5

> b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

The policy itself specifically defines "personal and advertising" injury as follows:

> 14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
>
> a. False arrest, detention or imprisonment;
>
> b. Malicious prosecution;
>
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
>
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
>
> f. The use of another's advertising idea in your "advertisement"; or
>
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".[19]

Hanover denies that Plaintiffs' allegations fall within the specific definition the policy gives to "personal and advertising injury."[20]

Specifically, Hanover argues that the Original Complaint and Amended Complaint do not allege a cause of action for malicious prosecution. While Plaintiffs allege that SnoWizard "'made baseless claims against [Plaintiffs]'" and instigated "'abusive fraudulent litigation,'" in reference

---

[19] *Id.* at p. 10; Exhibit A, p. 14.

[20] *Id.* at p. 12.

to Civil Action No. 11-0515,[21] Hanover argues that these claims are insufficient to implicate a cause of action for malicious prosecution and "trigger" coverage under the policy.[22] Citing the Federal Rules of Civil Procedure and Supreme Court precedent, Hanover contends that a plaintiff must "sufficiently state a claim" and articulate specific facts that implicate the elements of the underlying claim.[23]

To this point, Hanover claims that to trigger coverage under the policy's Coverage B clause for "malicious prosecution," the plaintiff must allege that "the insured brought a lawsuit against another party which was terminated in that party's favor."[24] Under Louisiana law, to prove a claim of malicious prosecution the plaintiff must show (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such [a] proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to the plaintiff.[25] Hanover argues that because the alleged "abusive fraudulent litigation" is still pending, a claim of malicious prosecution would be premature because to be successful on such a claim a plaintiff would have to show "its bona fide termination in favor of the present plaintiff," a fact not alleged in the action at issue.

---

[21] This is yet another pending suit in this Court involving many of the same parties and attorneys.

[22] *Id.* at pp. 12-13.

[23] *Id.* at p. 13 (citing Fed. R. Civ. P. 8(a) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

[24] *Id.* (citing *Little v. USAA Cas. Ins. Co.*, F.Supp. 2d 625, 641 (W.D. La. 2009) (citing *Jones v. Solileau*, 448 So.2d 1268, 1271 (La. 1984))).

[25] *See Brimmer v. A. Copeland Enters., Inc.*, 609 So.2d 847, 849 (La. App. 5 Cir. 1992).

Furthermore, Hanover maintains that Plaintiffs' claims for infringement are also excluded from the plan's coverage. Even though some of these claims may fall within part "f" of the definition section for "Personal and advertising injury," Hanover points to another exclusions clause within the policy:

> **2. Exclusions**
> This insurance does not apply to:
> * * * *
> **I. Infringement Of Copyright, Patent, Trademark Or Trade Secret**
> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement."
>
> However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

Hanover asserts that Plaintiffs' claims are for trademark infringement, which is explicitly excluded from coverage under the policy, and not for infringement of copyright, trade dress, or slogan, which would not implicate the exclusions clause.[26] Hanover cites an unpublished case from the Fifth Circuit to support its claim that allegations of misrepresentation and false advertising are properly characterized as "trade dress" infringement, which was considered a distinct cause of action from trademark infringement.[27] Hanover characterizes Plaintiffs' claims against SnoWizard as trademark infringement, and thus not covered by the policy.

In SnoWizard's memorandum in support of its cross-motion for summary judgment and opposition to Hanover's motion for summary judgment, it brings this Court's attention to the fact

---

[26] *Id.* at p. 14.

[27] *Id.* (citing *America's Recommended Mailers, Inc. v. Maryland Cas. Co.*, 339 Fed. App'x. 467, 468 (5th Cir. 2009)).

that, under Louisiana law, an insurer's duty to defend suits against the insured is broader than its

duty to indemnify the insured and that an insurer must defend unless the allegations of the complaint

"unambiguously exclude coverage."[28] Furthermore, SnoWizard cites case law that suggests that

allegations within a complaint should be liberally construed to determine whether they fall within

the scope of an insurer's duty to defend, and an insurer has a duty to defend if the allegations

disclose "the possibility of liability" under the policy's scope of coverage.[29] SnoWizard

acknowledges that Civil Action No. 11-0515 is still pending, but stresses that Plaintiffs' complaint

is silent on that fact; Louisiana follows the "Eight Corners Rule" whereby to determine whether

there exists a duty to defend, the court must look to the complaint and policy only, without looking

to extrinsic evidence.[30] Therefore, SnoWizard contends that Plaintiffs' silence in its complaint

regarding termination of the lawsuit in its favor leaves open the possibility that the suit has been

terminated, creating a "possibility of liability" under the policy and triggering Hanover's duty to

defend.[31] SnoWizard draws this Court's attention to an opinion from the Louisiana Court of Appeal

for the Third Circuit, where the court explained that as long as a claim is alleged, even if "inartfully

drawn and broadly stated," as long as "the petition alleges sufficient facts which may constitute a

claim," an insurer has a duty to defend.[32] In this regard, SnoWizard claims that while Plaintiffs'

claims may be "lacking in certain details," they do disclose at least a possibility of liability for

---

[28] Rec. Doc. 490-1 at p. 9 (citing *Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 290 (5th Cir. 2001) and *Meloy v. Conoco, Inc.*, 504 So.2d 833, 838 (La. 1987)).

[29] *Id.* at p. 10 (citing *Hardy*, 236 F.3d at 290 and *Alert Centre, Inc. v. Alarm Protection Servs.*, 987 F.2d 161, 164 (5th Cir. 1992)).

[30] *Id.* at pp. 11-12 (citing *Martco lns. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009)).

[31] *Id.* at p. 12.

[32] *Id.* (citing *Rio Rouge Dev. Corp. v. Sec. First Nat'l Bank*, 610 So.2d 172, 176 (La. App. 3 Cir. 1992)).

malicious prosecution, and cite to courts from several other jurisdictions that found an insurer has a duty to defend for malicious prosecution *before* a suit terminated in the plaintiff's favor.[33]

In the alternative, SnoWizard quotes the language omitted from the amended policy but contained in the "Commercial General Liability Coverage Form": "However, [Hanover] will have no duty to defend against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply." SnoWizard argues that because this language is omitted from the current policy that Hanover has a duty to defend for "personal and advertising injury" whether or not the insurance actually applies under the facts; SnoWizard claims that to do otherwise would make the omission of the quoted language superfluous, and that under Louisiana law, each provision of a contract must be interpreted in the light to give meaning to the contract as a whole.[34]

Moreover, SnoWizard claims that Hanover has previously agreed to defend SnoWizard in the Consolidated Cases, and under Louisiana law, a duty to defend on one claim requires an insurer to defend on all.[35] In Civil Action No. 06-9170, one of the Consolidated Cases here, the Court denied Hanover's motion for summary judgment and granted SnoWizard's on the issue of a duty to defend. Then, according to SnoWizard, Hanover agreed to "defend SnoWizard on the Consolidated Suits."[36]

In opposition to SnoWizard's motion for summary judgment and in reply to SnoWizard's opposition to its own motion for summary judgment, Hanover asserts that the Plaintiffs' complaint, wherein it alleges "abusive fraudulent litigation," is "a mere legal conclusion" that fails to trigger

---

[33]  *Id.* at pp. 13-14 (citing cases from an appellate court of the District of Columbia, the federal district court of Maryland, and a New York state appellate court).

[34]  *Id.* at p. 15 (citing La. C.C. art. 2049).

[35]  *Id.* at p. 16 (citing *Alert Centre*, 967 F.2d at 163).

[36]  *Id.* (citing Exhibit A, p. 2).

coverage.[37] In support of this position, Hanover cites a case from the Western District of Louisiana where the court held that an insurer's duty to defend for malicious prosecution is only triggered if the complaint specifically alleges that a prosecution terminated in the plaintiff's favor.[38] Furthermore, Hanover quotes Fifth Circuit authority which states that "statements of conclusions in the complaint that are unsupported by factual allegations will not trigger a duty to defend."[39] As a specific claim for "malicious prosecution" does not appear in Plaintiff's complaint, Hanover contends that its duty to defend for malicious prosecution cannot be triggered.

In addition, Hanover points out that SnoWizard carries the initial burden to show that Plaintiffs' claims fall within the policy.[40] It is only after SnoWizard meets this burden does Hanover have the responsibility to prove a policy exclusion is applicable.[41] Specifically, Hanover cites an unpublished case from the Fifth Circuit, *Pulmonary Advisory Services v. Aetna Life & Casualty Co.*,[42] as support for its contention that an insurer does not have a duty to defend for "malicious prosecution" if the complaint did not allege that an underlying prosecution terminated in the plaintiff's favor.

---

[37] Rec. Doc. 494 at p. 3.

[38] *Id.* (citing *Little*, 655 F.Supp 2d. at 641).

[39] *Id.* (quoting *Coleman v. School Bd. of Richland Parish*, 418 F.3d 511, 523 (5th Cir. 2005)).

[40] *Id.* at p. 4 (citing *Regency of Motors of Metairie, LLC v. Hibernia-Rosenthal Ins. Agency, LLC*, 03-1312 (La. App. 5 Cir. 02/23/04); 868 So.2d 905, 908).

[41] *Id.* (citing *Martco*, 588 F.3d at 872).

[42] 58 Fed. App'x 597 (5th Cir. 2003).

11

Further, Hanover rejects SnoWizard's contention that Hanover's agreement to defend SnoWizard in the Consolidated Cases obligates it to defend in all of them.[43] Instead, Hanover argues that Louisiana law requires that an insurer's duty to defend is determined "solely from the allegations of the Complaint" and that pleadings in another suit would be extraneous, and therefore an impermissible basis to establish the insurer's duty.[44] Hanover cites an example from the Eastern District of Louisiana where this Court separately addressed an insurer's duty to defend in consolidated cases, and did not infer that the two decisions had any bearing on one another.[45] In that case, *Oak Ridge Park, Inc. v. Scottsdale Insurance Co.*, the plaintiff-insured filed a motion for summary judgment to declare that defendant-insurer had a duty to defend it in two consolidated matters. The Court addressed both the claims and policies separately, and did not imply that a duty to insure in one consolidated matter would automatically trigger a duty in the other.[46]

Next, Hanover takes issue with SnoWizard's argument that Hanover previously agreed to defend SnoWizard in this matter and "against any and all suits that become consolidated, at any time, with '*Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.,*' et al., E.D. La. No. 06-9170."[47] Hanover points to language in the settlement agreement wherein "Consolidated Cases" is

---

[43] Rec. Doc. 494 at p. 14.

[44] *Id.* (citing *Lib. Mutual Ins. Co. v. Jotun Paints, Inc.*, 555 F.Supp.2d 686, 695 (E.D. La. 2008) (Africk, J.)).

[45] *Id.* at p. 15 (citing *Oak Ridge Park, Inc. v. Scottsdale Ins. Co.*, No. 98-3348, 1999 WL 731417 (E.D. La. Sept. 17, 1999)).

[46] *Oak Ridge*, No. 98-3348, 1999 WL 731417.

[47] *Id.* The exact quote from Hanover's filing states, "Hanover argues that, per the *Settlement Agreement,* Hanover is obligated to defend against any and all suits that become consolidated, at any time, with '*Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.,*' et al., E.D. La. No. 06-9170." However, to be read consistently with its following arguments, Hanover likely meant to begin the sentence with "SnoWizard" instead of "Hanover."

defined as pertaining to three suits only: 06-9170, 09-3394, and 10-0791.[48]

SnoWizard, in reply to its own cross-motion for summary judgment, attacks Hanover's reliance on *Pulmonary Advisory*.[49] SnoWizard distinguishes this case because the complaint specifically mentioned that the alleged underling malicious prosecutions were "pending," which proved fatal to the claim, whereas here the complaint in this matter is silent on the status of Civil Action No. 11-0515.[50]

In surreply to SnoWizard's cross-motion for summary judgment, Hanover reiterates many of its previous points. First, Hanover argues that it is SnoWizard's initial burden to prove that a claim fails within the coverage scope of the insurance agreement.[51] To this point, Hanover asserts that SnoWizard cannot meet its burden to show that the Original Complaint or Amended Complaint asserts a claim for malicious prosecution, because the claim does not reference a specific action that terminated in Plaintiffs' favor. Hanover urges that the law forbids courts from making factual assumptions or inferences that were not pled.[52]

### III. Law and Analysis

As a preliminary matter, this Court will address whether the Plaintiffs' allegations sufficiently plead a cause of action for malicious prosecution as to implicate the policy's Coverage

---

[48] *Id.* at p. 16 (citing Settlement Agreement, Rec. Doc. 490-3 at pp. 1-2).

[49] Rec. Doc. 515 at p. 5.

[50] *Id.* at p. 6.

[51] Rec. Doc. 516.

[52] *Id.* at p. 3 (citing *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589 (5th Cir. 2011)).

B section.[53] In *Ashcroft v. Iqbal*, the Supreme Court clearly explained the required specificity for a claim to be considered "plausible" and survive.[54] An "unadorned, the defendant-unlawfully-harmed-me accusation" will not suffice, and to survive the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[55] Pleadings that offer "'labels and conclusions'" or "'naked assertions devoid of further factual enhancement'" do not constitute a plausible claim.[56]

SnoWizard has pointed to authority instructing this Court to interpret liberally the complaint and find a duty to defend if there is a "possibility of liability." Although this Court knows the underlying and alleged malicious prosecution is still pending, this Court may not look to extrinsic evidence, and need not to find that Hanover does not have a duty to defend here. SnoWizard is correct that Plaintiffs' complaint does not explicitly state the status of Civil Action No.11-0515, but other indicia within the complaint make SnoWizard's suggested inferences untenable. Plaintiffs' complaint makes several references to the claims within Civil Action No. 11-0515, and all but one refer to them in the present tense: "The 11-0515 lawsuit *makes* claims against Raggs for trademark infringement"; "The 11-0515 lawsuit *makes* claims against Raggs for trademark infringement"; "The 11-0515 lawsuit *makes* claims against Raggs for defamation"; "SnoWizard's abusive litigation *is* an improper attempt to harm or eliminate a major competitor."[57]

---

[53] Because SnoWizard makes no arguments to the contrary, SnoWizard appears to concede that the Coverage A clause of the policy does not trigger a duty to defend here, and therefore this Court will only address Coverage B.

[54] 129 S.Ct. at 1949.

[55] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[56] *Id.*

[57] *See* Rec. Doc. 1 at pp. 34-36.

14

Here, Plaintiffs' claim, characterized by SnoWizard as malicious prosecution, actually states that SnoWizard instigated "abusive fraudulent litigation" and sets forth several allegations in support of that claim.[58] However, nowhere does Plaintiffs' complaint allege that a suit has terminated in its favor, as is required under Louisiana law for a claim of malicious prosecution.[59] Without this critical element, this Court cannot say there is a plausible claim for malicious prosecution. If there is no plausible claim for malicious prosecution, then it cannot be said that there is a "possibility of liability" to implicate an insurer's duty to defend. In *Pulmonary Advisory*, the Fifth Circuit affirmed the district court's ruling that an insurer did not have a duty to defend against what the insured thought to be a claim of malicious prosecution.[60] The district court reasoned that there was no "potential liability" for the insured because "the allegations against them accounts for some of the elements of a cause of action for malicious prosecution, [but] it does not account[] for *all* the elements of malicious prosecution."[61] As in this case, the absent element was an allegation that a suit terminated in the plaintiffs' favor.[62]

SnoWizard attempts to distinguish this case on several grounds, but this Court finds its arguments unconvincing. First, SnoWizard correctly points out that in *Pulmonary Advisory Services*, the Fifth Circuit was construing Mississippi law, not Louisiana law. However, because Mississippi law is substantively identical to Louisiana law with regard to the elements of malicious prosecution, and because Mississippi, like Louisiana law, makes all inferences in favor of finding an insurer's

---

[58] *See* Rec. Doc. 1 at p. 36.

[59] *See, e.g.*, *Brimmer v. A. Copeland Enters., Inc.*, 609 So.2d 847, 849 (La. App. 5 Cir. 1992).

[60] 58 Fed. App'x. at *2.

[61] *Id.* (emphasis in original).

[62] *Id.*

duty to defend, the analysis from the Fifth Circuit is highly informative.[63] Next, SnoWizard maintains that the fact that the complaint in *Pulmonary Advisory Services* explicitly mentioned that the alleged malicious prosecutions were "pending" was the critical reason the Fifth Circuit affirmed the district court's decision finding no duty to defend. In addressing this issue the Fifth Circuit stated, "As the insurers correctly point out, pending claims have not terminated, let alone terminated in [plaintiff's] favor."[64] The second half of that sentence implies that both allegations- that a suit has terminated and that it terminated in the plaintiffs favor- are necessary for a policy's coverage of a malicious prosecution claim to be triggered. Removing any ambiguity that complaints failing to allege necessary elements of causes of action do not implicate a duty to defend, the Fifth Circuit concluded this analysis by stating, "The absence of one of the elements of a malicious prosecution action is *fatal* to Pulmonary's coverage claim."[65]

SnoWizard asks this Court to make numerous assumptions that are not obvious from the face of the complaint to find a claim for malicious prosecution. Even though the Original Complaint does not mention "malicious prosecution," nor does it address the necessary elements of a malicious prosecution claim, SnoWizard urges this Court to find it nonetheless. While such a claim would require Plaintiffs to show a previous suit that terminated in its favor, and Plaintiffs' complaint makes no such claim, SnoWizard asks this Court to liberally construe the Complaint to come to that conclusion.

---

[63] *Id.* ("If a complaint states a claim that is within or arguably within the scope of coverage provided by the policy, then the [i]nsurers are obligated to defend.") (internal quotations omitted).

[64] *Id.*

[65] *Id.*

16

This Court need only look to the four corners of the complaint to see that there is not a plausible claim for malicious prosecution, and therefore no "possibility of liability" to implicate Hanover's duty to defend. The inferences SnoWizard asks this Court to draw exceed the threshold of liberal construction and instead wade into the territory of inconsistent, unsupportable, and improbable.

Similarly, SnoWizard's argument that Hanover previously agreed to defend it in all the Consolidated Cases is demonstrably incorrect. A simple reading of the Settlement Agreement makes clear that the parties defined the term "Consolidated Cases" to mean three cases, none of which are the case at issue, Civil Action No. 11-1499.[66] To give greater meaning to the term "Consolidated Cases" would be contrary to the clear intent of the parties and violate foundational rules of contractual interpretation under Louisiana law.[67] Furthermore, a contract has the effect of law between the parties,[68] so unless there is some other source for Hanover's legal duty to defend (i.e. the insurance policy) the Settlement Agreement only compels Hanover to defend in the three specified suits.

To that end, SnoWizard argues that a duty to defend in one consolidated case triggers an insurer's duty to defend in other cases with which it is consolidated. While these cases are consolidated, they are separate actions with separate complaints. SnoWizard seeks to extend the rule under Louisiana law that a duty to defend in one claim within a suit, triggers an insurer's duty to defend on all claims within a suit, to not just claims within the suit, but to all claims contained in all

---

[66] *See* Rec. Doc. 490-3 at pp. 1-2.

[67] *See Central La. Elec. Co. v. Westinghouse Elec. Corp.,* 579 So.2d 981 (La. 1991).

[68] *McCrory v. Terminiz Serv. Co., Inc.*, 609 So.2d 883, 884 (La. App. 4 Cir. 1992).

separate consolidated cases. SnoWizard cites no authority for such an extension, and this Court finds none.[69] Moreover this Court finds persuasive, in a case where there were consolidated cases and an insurer's duty to defend was at issue, Judge Clement, as a district court judge, declined to suggest that a duty to defend in one consolidated case triggers an insurer's duty to defend in all of the cases consolidated.[70]

### IV. Conclusion

Considering the plain language of the insurance policy either excludes coverage for Plaintiffs' claims against SnoWizard or the complaint fails to plausibly allege any cause of action covered in the policy, Hanover does not have a duty to defend in Civil Action No. 11-1499. Further, although Hanover agreed to defend SnoWizard in three cases, that agreement clearly limited the definition of "Consolidated Cases" to those three matters. Finally, although Hanover agreed to defend SnoWizard in actions consolidated to this case, that alone does not trigger Hanover's duty to defend in this separate and distinct case. Accordingly,

**IT IS HEREBY ORDERED** that Hanover's Motion for Summary Judgment is **GRANTED** and the claims against it by Third-Party Plaintiff SnoWizard are **DISMISSED WITH PREJUDICE.**

**NEW ORLEANS, LOUISIANA**, this _25th_ day of September, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[69] *See Alert Centre, Inc.*, 967 F.2d at 163.

[70] *See Oak Ridge*, No. 98-3348, 1999 WL 731417.

18