**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SOUTHERN SNOW MANUFACTURING CO., INC.**          **CIVIL ACTION**

**VERSUS**                                                                        **NO.**    **06-9170**
                                                                                                  **09-3394**
                                                                                                  **10-0791**
                                                                                                  **11-1499**

**SNOWIZARD HOLDINGS, INC., et. al.**                      **SECTION: "G" (1)**

**ORDER AND REASONS**

Before the Court is the Objections to the Order of Magistrate Judge Denying Leave to File Supplemental Counterclaim[1] filed by SnoWizard, Inc. ("SnoWizard") on April 6, 2012. Therein, SnoWizard seeks review of Magistrate Judge Sally Shushan's decision to deny SnoWizard's Contested Motion for Leave to File SnoWizard Inc.'s Supplemental Counterclaim for Patent Infringement.[2]   Having considered Magistrate Judge Shushan's Order,[3] the objections, the response, the reply, the record, and the applicable law, the motion for review[4] will be denied and the magistrate judge's denial of the motion for leave is affirmed.

---

[1] Rec. Doc. 533.

[2] Rec. Doc. 530.

[3] Rec. Doc. 532.

[4] Although SnoWizard styles its motion "Objections to Order of Magistrate Judge Denying Leave to File Supplemental Counterclaim," SnoWizard is requesting review of the magistrate judge's ruling pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).  Therefore, the Court will construe the motion as a motion for review.

## II. Background

### A. Procedural Background

This case is part of a consolidated proceeding, as described below, which involves the claims of a number of plaintiffs against SnoWizard, for fraudulent assertion of intellectual property rights and unfair competition, among other things.  SnoWizard has filed counterclaims against a number of the plaintiffs—local manufacturers, distributors, and resellers of snowballs—for infringement of SnoWizard's patents.

Civil Action No. 06-9170 began in 2006, when Plaintiff Southern Snow Manufacturing Co., Inc. filed a Petition[5] and a Supplementing and Amending Petition[6] in the Civil District Court for the Parish of Jefferson, State of Louisiana, against SnoWizard that alleged violations of Louisiana state law and federal trademark law.  On October 27, 2006, SnoWizard filed a Notice of Removal [7] in the Eastern District of Louisiana invoking this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the case was allotted to Judge Jay C. Zainey, Section "A."   On May 13, 2011, Judge Zainey consolidated Civil Action No. 06-9170 with Civil Actions Nos. 09-3394 and 10-0791.[8]

On June 24, 2011, Plaintiffs Claude Black and Donna Black d/b/a Plum Street Snowballs; Theodore Eisenmann; Raggs Supply, LP d/b/a Raggs Sno-Cone Supplies; Special T Ice Co., Inc.; Parasol Flavors, LLC; Simeon, Inc.; Southern Snow Mfg. Co., Inc.; and Snow Ingredients,

---

[5] Rec. Doc. 1-1 at pp. 1-4.

[6] *Id.* at pp. 5-11.

[7] Rec. Doc. 1.

[8] Rec. Doc. 122.  Civil Action No. 11-0880 was also consolidated with Civil Action No. 06-9170, but, on September 27, 2012, No. 11-0880 was removed from consolidated matter No. 06-9170.  Rec. Doc. 563.

Inc. filed a Complaint[9] against SnoWizard and Ronald R. Sciortino in Civil Action No. 11-1499. Although the case was initially allotted to Judge Martin L.C. Feldman, Section "F," Civil Action No. 11-1499 was subsequently transferred to Judge Zainey[10] and consolidated with Civil Action No. 06-9170. [11]   The Amended Complaint in 11-1499 [12] ("Amended Complaint") was subsequently filed in this matter on August 27, 2011 by the above-named plaintiffs together with new plaintiff Van Howenstine d/b/a Van's Snowballs.

On August 29, 2011, SnoWizard filed a counterclaim alleging infringement of its U.S. Patent No. 7,536,871 (hereinafter, the "871 patent"), against Southern Snow Manufacturing Co.; Banister & Co., Inc.; Milton G. Wendling, Jr.; Precision Metalsmiths, Inc.;[13] Raggs Supply LP; Doty Management LLC; Julie K. Doty; and Ron Robinson.  Raggs Supply LP ("Raggs") and Southern Snow Manufacturing Co., Inc. ("Southern Snow") requested [14] and received [15] an extension of time to answer SnoWizard's counterclaim for patent infringement.

On September 27, 2012, Southern Snow; Raggs; Banister & Co., Inc.; Julie K. Doty; Doty Management LLC; Ron Robinson; and Milton G. Wendling, Jr. (collectively, the

---

[9] Civ. Action No. 11-1499, Rec. Doc. 1.

[10] Civ. Action. No. 11-1499, Rec. Doc. 6.

[11] Rec. Doc. 383.

[12] Rec. Doc. 412.

[13] Precision Metalsmiths, Inc. requested and received three extensions of time to answer the counterclaim, while settlement negotiations were underway.  Rec. Docs. 442, 469, 493.  Precision Metalsmiths, Inc. was terminated as a party in this action on December 27, 2011, after the Court granted SnoWizard's Motion for Order of Conditional Partial Dismissal. Rec. Docs. 513, 518.

[14] Motion for Extension of Time to Answer Counterclaim, Rec. Doc. 426.

[15] Rec. Doc. 428.

"defendants-in-counterclaim") filed a Motion to Dismiss Counterclaim.[16] SnoWizard filed an opposition to the motion to dismiss the counterclaim on October 4, 2011.[17] The defendants-in-counterclaim filed a reply in support of the motion to dismiss, with leave of court, on October 7, 2011.[18] Also on October 7, 2011, the consolidated matter, encompassing Civil Actions Nos. 06-9170, 09-3394, 10-0791, and 11-1499, was transferred to Section "G" of this Court.[19]

While the motion to dismiss the counterclaim was still pending, the defendants-in-counterclaim also filed a Motion for Partial Summary Judgment Dismissing Counterclaim for Patent Infringement on November 7, 2011.[20] Shortly thereafter, the defendants-in-counterclaim requested leave of Court to file a Supplemented Memorandum in Support of Motion for Partial Summary Judgment Dismissing Counterclaim for Patent Infringement,[21] which the Court granted on November 30, 2011.[22] SnoWizard filed an opposition to the Motion for Partial Summary Judgment Dismissing Counterclaim on December 13, 2011,[23] and defendants-in-counterclaim filed a reply on December 16, 2011, with leave of court.[24]

---

[16] Motion to Dismiss Counterclaim, Rec. Doc. 432.

[17] Rec. Doc. 434.

[18] Rec. Doc. 438.

[19] Rec. Doc. 439.

[20] Motion for Partial Summary Judgment Dismissing Counterclaim for Patent Infringement, Rec. Doc. 461.

[21] Rec. Doc. 486.

[22] Rec. Doc. 785. *See also* Supplemented Memorandum in Support of Motion for Partial Summary Judgment Dismissing Counterclaim for Patent Infringement, Rec. Doc. 486.

[23] Rec. Doc. 496.

[24] Rec. Doc. 506.

The Court denied[25] the defendants-in-counterclaims' Motion to Dismiss Counterclaim[26] and Motion for Partial Summary Judgment Dismissing Counterclaim for Patent Infringement[27] based on the parties' stipulations in a status conference held on September 26, 2012.[28] Specifically, the Motion to Dismiss Counterclaim was denied, and SnoWizard was required to "provide a more definite statement regarding the alleged 'secondary patent infringement' by the individual defendants to specifically allege when and in what manner the individuals infringed the patents and amend the Counterclaim to join Ronald R. Sciortino."[29]   The Court denied the Motion for Partial Summary Judgment Dismissing Counterclaim for Patent Infringement on the basis of the parties' stipulation in the September 26, 2012 status conference that there were material issues of fact in dispute.[30]

**B. The Pending Motion and the Factual Background[31]**

SnoWizard owns the 871 patent which covers the SnoWizard brand ice-shaving machine, or more specifically, the "icemaker with an improved cam assembly."[32]   SnoWizard argues that the Southern Snow brand ice-shaving machine infringes SnoWizard's 871 patent.

---

[25] *See* Rec. Docs. 564, 565.

[26] Rec. Doc. 432.

[27] Rec. Doc. 461.

[28] Rec. Doc. 560.

[29] Rec. Doc. 564.

[30] Rec. Doc. 565.

[31] The factual background in this litigation has already been set forth by the Court, in greater detail, in the written reasons issued on December 14, 2012.  Rec Doc. 605.  Here, the Court provides only the factual background as it pertains to the pending motion.

According to SnoWizard, the original compulsory counterclaims for patent infringement filed on August 29, 2011 against Southern Snow, Raggs, and their respective principals and alleged conspirators were based on "judicial admissions" that "they were currently making, selling, and/or inducing others to make, sell and/or use snowball machines which infringed SnoWizard's U.S. Patent No. 7,536,871."[33]   However, SnoWizard did not include Special T Ice, Co. ("Special T") in the original counterclaims even though the complaint and amended complaint indicated that Special T was purchasing for resale the Southern Snow brand ice-shaving machines that allegedly infringed SnoWizard's patent.[34]

SnoWizard's original counterclaim was filed on August 29, 2011, the same day that the Scheduling Order entered in connection with consolidated Civil Action No. 06-9170[35] set a deadline for "Amendments to pleadings, third-party actions, cross-claims, and counter-claims."[36] Subsequently, on October 21, 2011, SnoWizard served discovery on Special T.[37]   Special T received an extension of time to respond to that discovery and filed its answers and responses to SnoWizard's interrogatories and requests for production on January 20, 2012.[38]   The discovery SnoWizard received indicated that Special T was purchasing Southern Snow brand ice-shaving

---

[32] Rec. Doc. 414.

[33] Rec. Doc. 530-3 at p. 2.

[34] *See infra* pp. 10-11 and note 60-64 (listing allegations in the complaint and amended complaint).

[35] Rec. Doc. 387.

[36] Rec. Doc. 530-3 at p. 2 (citing Rec. Doc. 387).

[37] Magistrate Judge Order, Rec. Doc. 479 at p. 1.

[38] Rec. Doc. 530-4, Ex. A; Rec. Doc. 531-1.

machines at various intervals for resale from May 26, 2009 to September 23, 2011,[39] but Special T did not purchase any machines from May 28, 2011 to September 22, 2011.

According to SnoWizard, after learning on January 20, 2012 that Special T "resumed" purchasing Southern Snow ice-shaving machines on September 23, 2011, SnoWizard responded by filing a Contested Motion for Leave to File SnoWizard, Inc.'s Supplemental Counterclaim for Patent Infringement against Special T and Jason and Theresa Guidry,[40] which was referred to Magistrate Judge Shushan. The defendants-in-counterclaim, Special T, and Jason and Theresa Guidry (collectively, "Respondents") opposed the motion on March 13, 2012. Magistrate Judge Shushan, adopting the respondents reasoning that SnoWizard's delay in seeking leave to amend was undue, denied the motion for leave to file a supplemental counterclaim on March 23, 2012,[41] which prompted SnoWizard to file the pending Objections to Order of Magistrate Judge Denying Leave to File Supplemental Counterclaim (hereinafter, "Objections"),[42] requesting review of the magistrate judge's ruling. On April 17, 2012, Respondents filed an opposition[43] to the Objections, and SnoWizard filed a reply in support of its Objections, with leave of Court, on April 23, 2012.[44]

---

[39] *See* Rec. Doc. 533-1 at pp. 5-6; Rec. Doc. 531 at pp. 4-5.

[40] Jason and Theresa Guidry are not currently parties in this action. They are, however, principals of Special T, a plaintiff in this action.

[41] Rec. Doc. 532.

[42] Rec. Doc. 533.

[43] Rec. Doc. 535.

[44] Rec. Doc. 538.

## III.  The Parties' Arguments

### A.  SnoWizard's Objections

SnoWizard objects to Magistrate Judge Shushan's Order,[45] claiming that it is clearly erroneous and contrary to law "because there exists no good reason not to permit SnoWizard to file its supplemental counterclaim against Special T and its principals and conspirators."[46]  As an initial matter, SnoWizard argues that the Court's Scheduling Order[47] does not mention supplemental pleadings, but only sets a deadline of August 29, 2011 for "Amendments to pleadings, third-party actions, cross-claims, and counter-claims."[48]

SnoWizard argues that its proposed supplemental counterclaim is a supplemental pleading to assert a counterclaim "that matured or was acquired by the party after serving an earlier pleading," as provided for by Federal Rule of Civil procure 13(e).[49]  According to SnoWizard, the proposed supplemental counterclaim is a "supplemental pleading," because "it asserts a counterclaim that was not matured or acquired until SnoWizard discovered on January 20, 2012 at the earliest, the date Special T responded to discovery, that as of September 23, 2011, Special T has resumed its infringement of SnoWizard's patent and intended to continue to do so, all of which was after the pleading amendment deadline and the date SnoWizard filed its original

---

[45] Rec. Doc. 533.

[46] Rec. Doc. 533-1 at p. 8.

[47] Rec. Doc. 387.

[48] Rec. Doc. 533-1 at p. 9.

[49] *Id.*

counterclaim on August 29, 2011."[50]   Therefore, SnoWizard maintains that the Court should permit the supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d).[51]

SnoWizard submits that while the Court has discretion in determining whether it will permit a supplemental pleading, the United States Court of Appeals for the Fifth Circuit has explained that leave to file a supplemental pleading "should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action."[52]   SnoWizard argues that permitting the supplemental counterclaim would cause no undue delay, but would, in fact, promote the efficient disposition of the entire controversy.   SnoWizard maintains that its proposed supplemental counterclaim deals with infringement by Special T of the same patent that SnoWizard alleged Southern Snow and Raggs were infringing.[53]   Therefore, the pending motions and discovery "would apply equally to SnoWizard's proposed supplemental counterclaim for patent infringement," because the only difference between the original and supplemental counterclaims is that the transactions set forth in the supplemental counterclaim happened after the date of the filing of the original counterclaims and the pleading amendment deadline.[54]   SnoWizard also contends that the denial of leave to file its supplemental counterclaim would cause "much more" undue delay and

---

[50] *Id.* at pp. 9-10.

[51] *Id.* at pp. 8-9.  Federal Rule of Civil Procedure 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after he date of the pleading to be supplemented."

[52] Rec. Doc. 533-1 at p. 9 (quoting *Henderson v. Stewart*, No. 95-40937, 1996 WL 167212, at *2 (5th Cir. Mar. 13, 1996)).

[53] *Id.* at p. 10.

[54] *Id.*

inconvenience in the proceedings because SnoWizard would be forced "to file a separate action for patent infringement against Special T and its principals, which could possibly end up being consolidated with these cases anyway."[55]

Additionally, SnoWizard avers that permitting the supplemental counterclaim to be filed would not "unduly prejudice…Special T—who admits it knowingly chose to resume infringement of SnoWizard's patent only after the pleading amendment deadline and the filing of the original counterclaim on August 29, 2012—or any of the other parties in these consolidated cases."[56]   Again, SnoWizard asserts that more prejudice to Special T and SnoWizard would likely result if it had to institute another action.

SnoWizard also explains that it has not acted in bad faith or with any dilatory motive. Rather, SnoWizard argues that it acted reasonably by moving to supplement its counterclaim "only after discovery confirmed that although Special T may have in fact ceased infringing SnoWizard's patent after May 29, 2011 'in reliance' on the patent as alleged in its complaints, nevertheless it knowingly and willfully resumed its infringement on September 23, 2011, shortly after the pleading amendment deadline."[57]

Finally, SnoWizard asserts that the supplemental counterclaim is not designed to cure any pleading deficiencies in SnoWizard's original counterclaims.   Instead, it arises solely out of SnoWizard's discovery that Special T resumed its infringement of SnoWizard's patent.[58]

---

[55] *Id.*

[56] *Id.* at p. 11.

[57] *Id.*

[58] *Id.*

**B.  Opposition to SnoWizard's Motion for Review**

Respondents argue that the fact that Special T distributes and resells Southern Snow brand ice-shaving machines, which allegedly infringe SnoWizard's patent, has been known to SnoWizard since the lawsuit began because it was clearly stated in the original and amended complaint.[59]  The original complaint, filed on June 24, 2011,[60] and the amended complaint, filed on August 27, 2011,[61] both stated as follows:

(1) Special T Ice Co, Inc., is a distributor, also called a reseller, of snowball flavor concentrates and ice-shaving machines, and is additionally a seller of ice and supplies.  Special T Ice does not distribute SnoWizard products.  Special T Ice is a distributor of Southern Snow, Snow Ingredients, and Parasol products.[62]

(2) Southern Snow Mfg. Co., Inc., is related to Simeon and Snow Ingredients through common ownership, and is a manufacturer and purveyor of ice-shaving machines, selling at wholesale and retail and as private labeling, and is a competitor of SnoWizard.  Southern Snow sells at wholesale to Raggs and Special T Ice, and at retail to Plum Street Snoballs.[63]

(3) Plaintiff Special T Ice, a distributor of Southern Snow brand, but not of SnoWizard ice-shaving machines, suffered injury to its business and property, and damages, including but not limited to lost sales to potential customers in reliance on SnoWizard's fraudulent assertions of patent rights.[64]

In addition to the allegations set forth in the pleadings, Respondents have also claimed that Special T's website prominently features a picture of the Southern Snow brand ice-shaving

---

[59] Rec. Doc. 535 at p. 1.  Respondents incorporate by reference the arguments set forth in the brief submitted to Magistrate Judge Shushan on March 13, 2012, in opposition to SnoWizard's original Motion for Leave to File Supplemental Counterclaim.  *See* Rec. Doc. 531.

[60] Civ. Action. No. 11-1499, Rec. Doc. 1.

[61] Rec. Doc. 412.

[62] Civ. Action No. 11-1499, Rec. Doc. 1 at ¶ 33; Rec. Doc. 412 at ¶ 68.

[63] Civ. Action No. 11-1499, Rec. Doc. 1 at ¶ 33; Rec. Doc. 412 at ¶ 71.

[64] Civ. Action No. 11-1499, Rec. Doc. 1 at ¶ 137; Rec. Doc. 412 at ¶ 156.

machine during "all relevant times."[65]   Thus, the evidence available before the amendments deadline establishes that Special T was in the business of purchasing and reselling Southern Snow brand ice-shaving machines.

According to Respondents, the information regarding the "September-2011 sales were a specific answer to a specific discovery request, and they do not in any way show a starting, re-starting, or resumption of any kind of infringing sales."[66]   In addition to what was alleged in the complaint and amended complaint, Respondents argue that SnoWizard also received in discovery information related to Special T's purchase for re-sale of Southern Snow brand ice-shaving machines in 2009, 2010, and 2011, which SnoWizard ignores in its attempt to supplement its counterclaim by alleging that Special T only began infringing SnoWizard's patent again after the pleading amendment deadline had passed. [67]

Respondents contend that because SnoWizard had knowledge of Special T's alleged infringement well before the deadline for amending pleadings set forth in the Scheduling Order and mistakenly failed to include Special T in the original counterclaim, SnoWizard should not be permitted to make this late amendment "disguised as a supplement to its Counterclaim."[68] Respondents further elaborate that SnoWizard's motion should be denied on the basis that "even if SnoWizard did not read the Complaint or look at the website, there is still an unexplained and unexcused delay of over 6 weeks between the [January 20th] discovery responses and the [March

---

[65] Rec. Doc. 535 at p. 1.

[66] *Id.* at p. 2.

[67] Rec. Doc. 531 at p. 4.

[68] *Id.* at p. 5.

6th] filing of this motion trying to add Special T Ice and the Guidrys."[69]   Finally, Respondents maintain that permitting the supplemental counterclaim would prejudice Special T, the Guidrys, and the other defendants-in-counterclaim.[70]

### C.  SnoWizard's Reply in Support of the Motion for Review

First, SnoWizard notes that Respondents' opposition makes "no credible showing" that permitting the supplemental counterclaim would cause "any undue delay, inconvenience, or prejudice to any party, or that SnoWizard has acted in bad faith or with dilatory motive, or that the supplemental counterclaim is not germane to the original claims in the main demand or to the original counterclaims."

Second, SnoWizard reiterates that its supplemental counterclaim is based on acts of patent infringement that occurred "on September 23, 2011 at the earliest, or on January 20, 2012 when SnoWizard discovered them at the latest—both subsequent to the pleading amendment deadline and the filing of SnoWizard's original counterclaim.[71]   Therefore, SnoWizard contends that the Court should "freely grant" it leave to file its supplemental counterclaim pursuant to Federal Rules of Civil Procedure 13(e) and 15(d) based on Special T's conduct subsequent August 29, 2011.

---

[69] Rec. Doc. 531 at p. 4.

[70] Rec. Doc. 535 at p. 3.

[71] Rec. Doc. 538 at p. 4.

13

## IV.  Law and Analysis

### A.  *Standard of Review*

In the resolution of non-dispositive disputes, a magistrate judge is afforded broad discretion.[72]  If a party objects to the magistrate judge's ruling on a non-dispositive issue, the district court is to consider the party's objections and "shall modify or set aside any part of the order that is clearly erroneous or is contrary to law."[73]  The district court should not undertake a *de novo* review of the magistrate judge's decision,[74] and should affirm the decision of the magistrate judge unless the court "is left with a definite and firm conviction that a mistake has been committed."[75]

### B.  *Amendment of Pleadings*

Amendment of pleadings is generally governed by Federal Rule of Civil Procedure 15, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Leave to amend is not automatic, and the district court "may refuse for reasons of undue delay or prejudice to the opposing party."[76]  However, once a scheduling order has been entered, it is

---

[72] *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

[73] Fed. R. Civ. P. 72(a).

[74] *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. Unit A June 1981).

[75] *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

[76] *Wealden Corp. v. Schwey*, 482 F.2d 550, 552 (5th Cir. 1973).  *See also U.S. ex rel Hebert v. Dizney*, 295 Fed. Appx. 717, 721 (5th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (stating that leave to amend may be denied for undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment).

instead Federal Rule of Civil Procedure 16(b) that governs.[77]   The Rule provides that "[a] schedule may be modified only for good cause and with the judge's consent."[78]   Four factors are relevant to a determination of good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[79]   Once a party demonstrates good cause, the more liberal standard of Rule 15(a) applies.[80]

## C.  Analysis

In adopting the Respondent's reasons, the magistrate judge implicitly found that SnoWizard's proposed supplemental counterclaim is, in fact, an amendment to their counterclaim, and therefore, leave should have been requested prior to the August 29, 2011 deadline set by the Scheduling Order.[81]   The magistrate judge also found that SnoWizard unduly delayed in seeking leave to amend, because the basis of the amendment was known to SnoWizard after the complaint and amended complaint were filed.[82]   Additionally, the

---

[77] *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").

[78] Fed. R. Civ. P. 16(b).

[79] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 536).

[80] *Id.* at 546.

[81] *See* Rec. Doc. 531 at p. 3. Magistrate Judge Shushan adopted the "reasons presented by the plaintiff, Special T Ice Co. (Rec. [D]oc. 531)."  Rec. Doc. 532.

[82] Rec. Doc. 531 at pp. 2-4.

magistrate judge agreed with Respondents that Special T, Jason and Theresa Guidry, and the existing defendants-in-counterclaim would all be prejudiced by the amendment.[83]

SnoWizard's proposed supplemental counterclaim alleges infringement of SnoWizard's 871 patent by Special T and its principals, Jason and Theresa Guidry.  All three parties were not originally named in the counterclaim which also asserts infringement on the basis of the 871 patent.  SnoWizard did not originally name these parties in its counterclaim, which asserts infringement of the same patent by Southern Snow, Raggs, and their principals and conspirators.

SnoWizard styles its amendment as a supplemental pleading pursuant to Rule 15(e), which explains that after-acquired counterclaims may be added to the lawsuit through a supplemental pleading, to avoid the amendment deadline set forth in the Scheduling Order and justify SnoWizard's delay in seeking leave to amend.  The Court agrees with the magistrate judge and is equally not persuaded by SnoWizard's argument that this is an after acquired counterclaim.  Moreover, this Court cannot say that it is left with a firm and definite conviction that the magistrate judge made a mistake.  The allegations in the complaint clearly indicate that Special T was purchasing for resale the Southern Snow ice-shaving machines.  Although the evidence indicates that Special T made some purchases of Southern Snow machines after the pleading amendment deadline, in September of 2011, SnoWizard has provided no evidence as to why it "believed Special T had ceased its infringement."  The available evidence and the pleadings indicate that Special T has been engaging in the same conduct of purchasing Southern Snow brand ice-shaving machines for resale since May 2009, and thereby allegedly infringing SnoWizard's patent.  SnoWizard may not rely on events in an ongoing pattern of conduct dated after the amendment pleading deadline set by the Scheduling Order, and thereby portray the

---

[83] *Id.* at p. 3.

conduct in its proposed pleading as an after acquired counterclaim.  Therefore, the magistrate judge's conclusion that SnoWizard's proposed amendment is an amended counterclaim is not clearly erroneous.

Considering that the evidence that Special T was purchasing and selling Southern Snow brand ice-shaving machines was available to SnoWizard after the complaint and amended complaint were filed, SnoWizard's delay of more than six months from the filing of the Complaint and six weeks after the additional discovery on January 20 was considerable.  The Court finds that the magistrate judge's determination that leave to amend should be denied on the basis of undue delay and prejudice was not clearly erroneous.

When a party seeks leave to file a motion that requires amendment of a deadline set forth in the scheduling order, Rule 16(b) requires the movant to show good cause.  The good cause standard requires "the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[84]  If SnoWizard could establish good cause, the Court would apply the "more liberal standard of Rule 15(a)"[85] that leave to amend should be "freely given when justice so requires."[86]  Having determined that SnoWizard cannot meet even the more liberal standard of Rule 15(a), the Court merely notes that SnoWizard has also failed to demonstrate good cause for failing to seek leave within the deadline set forth by the Scheduling Order.

## IV.  Conclusion

---

[84] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S&W Enters.*, 315 F.3d at 535).

[85] *Id.*

[86] Fed. R. Civ. P. 15(a).

For the reasons set forth above,

**IT IS HEREBY ORDERED** that SnoWizard's Objections to Order of the Magistrate Judge Denying Leave to File Supplemental Counterclaim[87] is **DENIED** and that Magistrate Judge Shushan's Order,[88] which denied SnoWizard's Contested Motion for Leave to File SnoWizard, Inc.'s Supplemental Counterclaim for Patent Infringement,[89] is **AFFIRMED**.

**NEW ORLEANS, LOUISIANA**, this _31st_ day of December, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[87] Rec. Doc. 533.

[88] Rec. Doc. 532.

[89] Rec. Doc. 530.

18