**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SOUTHERN SNOW MANUFACTURING CO., INC., et. al.** | **CIVIL ACTION** |
| **VERSUS** | **NO.**  **06-9170** |
| | **09-3394** |
| | **10-0791** |
| | **11-1499** |
| **SNOWIZARD HOLDINGS, INC., et. al.** | **SECTION: "G" (1)** |

**ORDER AND REASONS**

Before the Court is Plum Street Snowballs, Theodore Eisenmann, Raggs Supply, LP, Special T Ice Co., Inc., Van's Snowballs, Parasol Flavors, LLC, Southern Snow Manufacturing Co., Inc., Simeon, Inc., Snow Ingredients, Inc., Banister & Co., Inc., Milton "Bubby" Wendling, Doty Mangagment, LLC, Julie K. Doty, and Ron Robinson's (hereinafter, collectively "Plaintiffs") Motion *In Limine* to Preclude Expert Testimony on Matters Not Addressed in Report.[1]  Therein, Plaintiffs request that the Court preclude SnoWizard, Inc.'s ("SnoWizard") patent expert from testifying at trial about matters outside the scope of the expert report.  Having considered the motion *in limine*, the memorandum in support, the response, the record, the expert report, and the applicable law, the Court will deny the motion as premature.

**I.  Background**

Plaintiffs have asserted the following patent claims against SnoWizard: (1) false marking of the entire ice-shaving machine as "patented;" (2) invalidity and unenforceability of SnoWizard's U.S. Patent No. 7,543,459 for inequitable conduct before the United States Patent

---

[1] Rec. Doc. 578.

and Trademark Office ("USPTO"); and (3) invalidity and unenforceability of SnoWizard's U.S. Patent No. 7,536,871 (hereinafter, the "871 patent") for inequitable conduct before the USPTO and due to the 1-year on-sale bar of 35 U.S.C. §102(b).[2]   SnoWizard has asserted counterclaims against Plaintiffs for infringement of the 871 patent.[3]

      The 871 patent issued to SnoWizard relates to a cam assembly for an ice-shaving machine.[4]   From 2006-2011, Southern Snow manufactured and used one version of the cam assembly (hereinafter, "SS-1"), but in September of 2011, Southern Snow claims to have developed a new design for the cam assembly, which began going into machines in 2012 (hereinafter, "SS-2").[5]   SnoWizard claims that both versions of Southern Snow's cam assembly, SS-1 and SS-2, infringe the 871 patent.

      In preparation for trial, SnoWizard hired Heather M. Barnes to testify as an expert in the field of patent law in this matter.[6]   In connection with Ms. Barnes' expected testimony, she prepared a report analyzing whether "Southern Snow's cam assembly designed in September 2011 [SS-2] infringes the '871 Patent."[7]   The report does not purport to express any opinion on the applicability of the on-sale bar of 35 U.S.C. ¶ 102(b) to the 871 patent or whether SS-1 infringes the 871 patent.

---

[2] Rec. Doc. 578-1 at p. 1.

[3] Rec. Doc. 584 at p. 1.

[4] Rec. Doc. 579-1 at pp. 4-5. *See also id.* at Ex. A-1, Column 3 at lns. 63-67, Column 4 at lns. 1-35.

[5] *See* Rec. Doc. 578-1 at pp. 1-2; Rec. Doc. 584 at pp. 1-2; Rec. Doc. 585 at p. 2 (Figure 1).

[6] Rec. Doc. 578-2 at p. 1.

[7] *Id.* at p. 7.

On November 6, 2012, Plaintiffs filed the instant Motion *In Limine* to Preclude Expert Testimony on Matters Not Addressed in the Report,[8] and SnoWizard timely filed its opposition.[9]

## II.  Parties' Arguments

Plaintiffs contend that SnoWizard "is going to wish that it could use its Expert" to argue (1) that SS-1, the cam assembly used from 2006-2011, infringes the 871 patent; and (2) that the invoices, quotations, and contracts Plaintiffs entered into the record do not trigger the on-sale bar, thereby invalidating the 871 patent.[10]   In anticipation that SnoWizard will rely on Ms. Barnes' testimony to make the aforementioned arguments at trial, Plaintiffs note that the expert report does not "say anything at all about the 2006-2011 [cam assembly]" and "says nothing whatsoever about any law or any facts regarding on-sale bar under 35 USC §102(b)."[11]   Because the expert report does not address the on-sale bar or SS-1, Plaintiffs ask the Court exclude the expert from testifying at trial "about any patent infringement related to [SS-1]"and "anything related to the invalidity of the patent under the on-sale bar of 35 USC §102(b)."[12]

SnoWizard maintains that it does not intend, nor will it need, to introduce expert testimony on matters not covered in the report.  SnoWizard alleges that there is "no issue of fact as to whether Southern Snow Cam Assembly SS-1 infringes the '871 patent," because SS-1 is "identical to the cam assembly described and claimed in the [871] patent."[13]  Furthermore,

---

[8] Rec. Doc. 578.

[9] Rec. Doc. 584.

[10] Rec. Doc. 578-1 at pp. 3, 4.

[11] *Id.*

[12] *Id.* at p. 5.

[13] Rec. Doc. 584 at p. 2.

SnoWizard alleges that "Plaintiffs have essentially admitted that Southern Snow Cam Assembly SS-1 includes each and every feature of the claimed invention."[14]  Therefore, SnoWizard argues that expert testimony is not warranted with respect to infringement of the 871 patent by SS-1.

Likewise, SnoWizard avers that expert testimony regarding the on-sale bar is not warranted because Plaintiffs have the burden to prove by clear and convincing evidence that there was a definite sale or offer to sell of the claimed invention more than one year before the patent application.[15]  SnoWizard maintains that it has "no intention of presenting expert testimony as to the on-sale bar,"[16] but will instead rely on "substantial testimonial and documentary evidence" at trial that clearly shows that the claimed invention was neither on sale nor in public use more than one year prior to filing of the patent application.[17]  Thus, SnoWizard urges the Court to deny the motion *in limine* because SnoWizard does not intend to introduce expert testimony on matters not included in the expert report.

### III.  Law and Analysis

Federal Rule of Evidence 702 allows "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if": (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and

---

[14] *Id.* (citing Rec. Doc. 579-8).

[15] *Id.* at p. 3 (citing *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1326 (Fed. Cir. 2004) (The party seeking to invalidate patent claims must do so by clear and convincing evidence.); *Cordis Corp. v. Medtronic Ave., Inc.*, 339 F.3d 1352, 1364 (Fed. Cir. 2003); *Ferag AG v. Quipp, Inc.*, 45 F.3d 1562, 1566 (Fed. Cir. 1995) (The party asserting the on-sale bar must demonstrate by clear and convincing evidence that there was a definite sale or offer to sell more than one year before the patent application.)).

[16] *Id.* at p. 2.

[17] *Id.* at p. 4.

methods reliably to the facts of the case.[18]   Prior to the testimony of such an expert at trial, Federal Rule of Civil Procedure 26(a)(2) requires the disclosure of the expert's identity and the preparation of an written report—prepared and signed by the expert—containing "a complete statement of all opinions the witness will express and the basis and reasons for them."[19]   District courts have the discretion to exclude expert reports or expert testimony when a party does not comply with the disclosure requirements of Rule 26(a)(2) in preparing an expert report and introducing expert testimony.[20]

Here, the Court finds that there is no basis upon which to grant a motion *in limine*.   At this time, SnoWizard has complied perfectly with Rule 26 in preparing and submitting the report of Heather Barnes, which expresses her expert opinion on the matters on which she plans to testify at trial.   It is SnoWizard's position that expert testimony will not be relied on at trial, and in fact is not warranted, to establish infringement of the 871 patent by SS-1 or to defend against Plaintiffs' allegations that the on-sale bar renders the 871 patent invalid.

However, "[r]ulings on a motion *in limine* are by definition preliminary and are subject to change as the case unfolds."[21]   Upon the appropriate objection, exclusion of expert testimony may be warranted as trial unfolds if SnoWizard attempts to introduce testimony outside the scope of the expert report.

---

[18] *See* Fed. R. Evid. 702 (a)-(d).

[19] Fed. R. Civ. P. 26(a)(2)(B)(i).

[20] *Harmon v. Georgia Gulf Lake Charles, L.L.C.*, 476 F. App'x 31, 36-37 (5th Cir. 2012) (holding that district court did not abuse its discretion in determining that exclusion of expert's testimony was appropriate sanction for plaintiffs' failure to comply with rule governing expert reports); *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1367 n. 4 (Fed. Cir. 2008) (Exclusion and forfeiture are appropriate consequences for attempts to proffer expert testimony without compliance with Rule 26).

[21] *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003).  *See also Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1338 (Fed. Cir. 2007) ("Generally speaking, *in limine* rulings are preliminary in character because they determine the admissibility of evidence before the context of trial has actually developed.")

**IV.  Conclusion**

At this time, Plaintiffs' motion *in limine* is premature because nothing in the record or in SnoWizard's response to the motion suggests that SnoWizard intends to introduce any testimony outside the scope of the expert report.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion *In Limine* to Preclude Expert Testimony on Matters Not Addressed in Report[22] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this  14th day of January, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[22] Rec. Doc. 578.